IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD MARK TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-095 SLR |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, ) | |
| DR. TAMMY KASTRE, FIRST ) | |
| CORRECTIONAL MEDICAL, ) | |
| DR. SITTA GOMBEH-ALIE, ) | |
| DR. MOHAMMAD NIAZ, DR. SURESH ) | |
| TRIVEDI, DR. STANLEY HOFFMAN, ) | |
| DR. KEITH IVENS, PRISON HEALTH ) | |
| SERVICES INC., STATE OF ) | |
| DELAWARE, and NURSE ROBERT ) | |
| HAMPTON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiff Richard Mark Turner, an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on February 23, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 10) Plaintiff filed his complaint on February 10, 2006, and the next week filed an amended complaint. (D.I. 2, 9) The complaints are identical with the exception of additional damages contained in the amended complaint. Accordingly, the court proceeds to review and screen the complaint and amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, defendants Correctional

Medical Services, Inc., First Correctional Medical, Dr. Suresh Trivedi, Dr. Stanley Hoffman, Dr. Keith Ivens, Prison Health Services, Inc., and Nurse Robert Hampton are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as the claims against them are either barred by res judicata, malicious or fail to state a claim upon which relief may be granted. The claim seeking monetary damages against the State of Delaware is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as it is immune from such relief.

## I.   THE COMPLAINT

This is the second lawsuit plaintiff has filed seeking recovery for alleged constitutional violations regarding his medical care and treatment. Currently pending in this court is Civil Case No. 03-48-SLR, a case that alleges various defendants were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution. In the present case, plaintiff states that, "many of the issues which I am filing [sic] this additional suit concern and are subsequences [sic] of issues dealt with in my original suit and thus I would ask that this suit be a bridge to the date I filed my original suit". (D.I. 9)

Named as defendants in the current suit are Correctional Medical Services, Inc. ("CMS"), Dr. Tammy Kastre ("Dr. Kastre"), First Correctional Medical ("FCM"), Dr. Sitta Gombeh-Alie ("Dr.

2

Alie"), Dr. Mohammad Niaz ("Dr. Niaz"), Dr. Suresh Trivedi ("Dr. Trivedi"), Dr. Stanley Hoffman ("Dr. Hoffman"), Dr. Keith Ivens ("Ivens"), Prison Health Services, Inc. ("PHS"), the State of Delaware, Nurse Robert Hampton ("Hampton"), Stanley Taylor ("Taylor"), and Paul Howard ("Howard").

In general, plaintiff alleges that he has sustained permanent injury as a result of the action or inaction of the named defendants due to misdiagnosis of a serious staff infection, Methicillin-Resistant Staphylococcus Aureus ("MRSA"), when defendants failed to provide appropriate medical testing and treatment. Plaintiff alleges that he was infected with MRSA in June of 2002, but it was not diagnosed by a culture until June of 2005.

Plaintiff acknowledges that the current complaint is a continuation of his 2003 case, and seeks additional damages for his "newly discovered" medical condition. Plaintiff alleges that "many of the defendants' charges should be intensified and the 'statute of limitations' tolled as although numerous cultures were ordered and requested back in 2002 it was not until July of 2005 that the recurring infection was finally cultured and found to be MRSA causing severe (but not even know the extent internally) damage left untreated for over 3 years and undiagnosed". (D.I. 9, para. IV. 11) He seeks immediate medical release because he will "undoubtedly need a liver transplant" and

3

"probable knee surgery". (D.I. 9, V. 1)

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no

4

set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Res Judicata

As plaintiff acknowledges, defendants Dr. Trivedi, Dr. Hoffman, PHS, and Hampton, were named as defendants in Civil Case No. 03-48-SLR (D.I. 9, paras. III. 9, 11; paras. IV. 6, 7, 9, 11). Plaintiff fails to mention that FCM was also named as a defendant in 03-48-SLR. As previously mentioned, plaintiff indicates that the current case is merely a continuation of 03-48-SLR.

This court may dismiss, sua sponte, claims barred by res judicata or claim preclusion. See King v. East Lampeter Township, No. 02-2122, 69 Fed.Appx. 94 (3d Cir. July 2, 2003) (appellate court affirmed district court's sua sponte dismissal of complaint on grounds of res judicata and collateral estoppel); Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1992). "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002).

Plaintiff is barred under the doctrine of res judicata or

issue preclusion to relitigate his claims against PHS, FCM, Drs. Trivedi and Huffman, and Nurse Hampton. In 03-48-SLR, the claim against PHS was dismissed as barred by the two year limitation period and later, summary judgment was granted in favor of FCM, Dr. Trivedi, Dr. Huffman, and Hampton on the medical needs claim. Turner v. Correctional Medical Services, Civ. No. 03-48-SLR, D.I. 79, 80, 110, 116 (D.Del). In granting summary judgment in favor of FCM, Dr. Trivedi, Dr. Huffman and Hampton, the court found that the medical care provided plaintiff was not violative of the Eighth or Fourteenth Amendments. Id. at D.I. 110, p. 7. It further stated that the documents on file demonstrated a consistent course of treatment for plaintiff's problems, and nothing in the record suggested these defendants acted with deliberate indifference to plaintiff's medical needs. Id.

Plaintiff may not relitigate the claims against defendants PHS, FCM, Drs. Trivedi and Huffman, and Nurse Hampton. The claims against these defendants are barred under the doctrines of res judicata or claim preclusion. Accordingly, PHS, FCM, Drs. Trivedi and Huffman, and Nurse Hampton are dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), as the claims against them are barred by res judicata and for failure to state a claim upon which relief may be granted.

**B.    Maliciousness**

Dismissal is also appropriate for defendants CMS, FCM, Dr. Trivedi, Dr. Hoffman, Dr. Ivens, PHS, and Hampton on the basis that the amended complaint is considered malicious as that term is defined by 28 U.S.C. § 1915.  A complaint is malicious when it "duplicates allegations of another [ ]federal lawsuit by the same plaintiff."  Pittman v. Moore, 980 F.2d 994, 995 (5th Cir.1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D.La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); McGill v. Juanita Kraft Postal Service, No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

As evidenced by plaintiff's own allegations, the current case is merely a continuation of another case pending before this court.  Plaintiff provides no real additional allegations.  Rather, he rehashes previous allegations and attempts to validate his allegations of deliberate indifference to a serious medical need in 03-48-SLR, by pointing to the recent July 2005 diagnosis of MSRA.  Plaintiff admits he filed the current case to obtain the relief of a medical release in the event he requires a liver

transplant and/or knee replacement.  In essence, this current case merely seeks additional damages for plaintiff's continuing injuries that, as alleged by plaintiff, stem from the actions of the defendants.

After reviewing the complaint in Civil Case No. 03-48-SLR and the amended complaint in the present case, the court concludes that as to those allegations against defendants CMS, FCM, Dr. Trivedi, Dr. Hoffman, Dr. Ivens, PHS, and Hampton, the amended complaint is malicious within the meaning of § 1915(e)(2)(B) and § 1915((b)(1).  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), defendants CMS, FCM, Dr. Trivedi, Dr. Hoffman, Dr. Ivens, PHS, and Hampton are dismissed without prejudice.

### C.  Eleventh Amendment Immunity

Also named as a defendant is the State of Delaware. Plaintiff seeks from the State of Delaware nominal, punitive, compensatory and hedonic damages, as well as injunctive relief in the form of "immediate medical release."  (D.I. 9, para V. 10).

"Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant."  Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment.  See Ospina v. Department of Corr., 749

8

F.Supp. 572, 579 (D.Del. 1990). The Eleventh Amendment shields states from suits by individuals absent their consent. <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 54 (1996). The Eleventh Amendment, however, permits suits for prospective injunctive relief against state officials acting in violation of federal law. <u>Ex parte Young</u>, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." <u>Frew v. Hawkins</u>, 540 U.S. 431, 437 (2004) (internal citations omitted). "Federal courts may not award retrospective relief, for instance money damages or its equivalent, if the State invokes its immunity." <u>Id</u>. (citations omitted).

Based upon the foregoing, plaintiff's claim for compensatory damages against the State has no arguable basis in law or in fact and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1).

**IV. DISCOVERY MOTIONS**

Plaintiff filed interrogatories to be answered by a personal injury litigation party. (D.I. 5) He also filed a motion for "complete discovery" from defendants. (D.I. 6) At this stage of the litigation, the motions are premature inasmuch as the defendants have yet to be served with a copy of the complaint.

Accordingly, the motions for discovery (D.I. 5, 6) are denied without prejudice as premature. Plaintiff is given leave

9

to file new discovery requests once defendants have been served.

## V.   APPOINTMENT OF COUNSEL

Plaintiff also filed two motions for appointment of counsel. (D.I. 4, 14) The first motion (D.I. 4), filed on February 10, 2006, seeks appointed counsel on the bases that plaintiff is indigent, unable to acquire competent counsel, a layperson and unskilled in the law, and has a psychiatric condition. The second motion (D.I. 14) was filed in the current case, as well as in 03-048-SLR, discussed herein above. Plaintiff states that he has contacted a Pennsylvania attorney regarding representation, and asks the court to give the attorney "'ad hoc status' to practice in Delaware" so that he may appear in both of plaintiff's cases. Id.

A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to seek representation by counsel for plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under

certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

As previously discussed, this case is in its initial stages and service has not yet been effected. It is this court's practice to dismiss without prejudice motions for appointment of counsel filed prior to service. Moreover, should counsel be retained by plaintiff, it is up to retained counsel, not plaintiff, to file motions for relief to practice before this court. Accordingly, the motions for appointment of counsel (D.I. 4, 14) are denied without prejudice, with leave to refile following service of the complaint.

**VI. CONCLUSION**

NOW THEREFORE, at Wilmington this 1st day of May, 2006, IT IS HEREBY ORDERED that:

1. Correctional Medical Services, Inc., First Correctional Medical, Dr. Suresh Trivedi, Dr. Stanley Hoffman, Dr. Keith Ivens, Prison Health Services, Inc., and Nurse Robert Hampton are dismissed without prejudice, as defendants, pursuant to 28 U.S.C. § 1915 and § 1915A as the claims against the defendants are either barred by res judicata, claims malicious, or fail to state a claim upon which relief may be granted.

2. The claim seeking monetary damages from the State of Delaware is dismissed as it is immune from such relief.

3. The court has identified a cognizable Eighth Amendment

medical needs claim against defendants Dr. Tammy Kastre, Dr. Sitta Gombeh-Alie, Dr. Mohammad Niaz, the State of Delaware (for prospective injunctive relief), Stanley Taylor, and Paul Howard. Plaintiff is allowed to PROCEED against these defendants.

4.  The discovery motions (D.I. 5, 6) are DENIED without prejudice, with leave to refile following service upon the defendants

5.  The motions for appointment of counsel (D.I. 4, 14) are DENIED without prejudice, with leave to refile following service upon the defendants.

IT IS FURTHER ORDERED that:

1.  The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2.  Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **the remaining defendants, Dr. Tammy Kastre, Dr. Sitta Gombeh-Alie, Dr. Mohammad Niaz, the State of Delaware, Stanley Taylor,** and **Paul Howard**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has provided the court with one copy of the complaint and amended complaint (D.I. 2, 9) for service upon the remaining defendants. Plaintiff is notified that the United States Marshal will not serve the complaint and**

12

amended complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, the amended complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the

complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                                   /s/ [signature]
                                    UNITED STATES DISTRICT JUDGE