IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD MARK TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-095 SLR |
| | ) |
| DR. TAMMY KASTRE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Richard Mark Turner, formerly an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on February 23, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 10) The original complaint was screened and a service order entered. To date, service has not taken place.

Plaintiff filed a motion to correct misinterpretation of listing of defendants and relief sought and a motion to withdraw original complaint and submit a new complaint. (D.I. 20, 21) The motion to withdraw original complaint and submit a new complaint (D.I. 21) is granted. The motion to correct misinterpretation of listing of defendants and relief sought (D.I. 20) is denied as moot. Additionally, plaintiff has satisfied the filing prerequisites of 28 U.S.C. § 1915A, and the court has identified cognizable claims within the meaning of 28 U.S.C. § 1915A(b).

NOW THEREFORE, at Wilmington this 19th day of July, 2006, IT IS ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. The motion to correct misinterpretation of listing of defendants and relief sought (D.I. 20) is DENIED as moot.

3. The motion to withdraw original complaint and submit a new complaint (D.I. 21) is GRANTED. The case will proceed on the newly submitted complaint. The named defendants are Correctional Medical Services, First Correctional Medical, Dr. Sitta Gombeh-Alie, Dr. Tammy Kastre, Dr. Mohammed Niaz, Mr. Paul Howard, and Mr. Stanley Taylor.

4. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **each** defendant, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). Plaintiff provided the court with one copy of the complaint (D.I. 21) for service upon each defendant. **Plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each defendant and the attorney general**

2

**within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

5. Upon receipt of the form(s) required by paragraph 4 above, the United States Marshal shall forthwith serve a copy of the newly submitted complaint (D.I. 21), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

6. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

7. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a

3


memorandum of points and authorities and any supporting affidavits.

8. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

9. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place.** An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

10. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

                                          */s/ Sue L. Robinson*
                                    UNITED STATES DISTRICT JUDGE