IN THE UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

RICHARD MARK TURNER )
(PLAINTIFF) )
)
V. ) C.A. No. 06-095-SLR
)
CORRECTIONAL MEDICAL )
SERVICES INC. et. al. )
(DEFENDANTS) )

FILED
MAY -7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RESPONSE TO ORDER TO SHOW CAUSE PER Fed. R. Civ. P. 4(m)
MOTION TO "STAY" C.A. No. 06-095-SLR

BD scanned

COMES NOW THE PLAINTIFF AND DAMAGED PARTY RICHARD 'MARK' TURNER HUMBLY AND RESPECTFULLY BEFORE YOUR MOST HONORABLE CHIEF U.S. DISTRICT COURT JUDGE SUE L. ROBINSON IN RESPONSE TO YOUR HONOR'S ORDER DATED APRIL 19th 2007, IN WHICH YOUR HONOR HAS INSTRUCTED ME TO SHOW CAUSE AS TO WHY I HAVE FAILED TO SERVE PROCESS UPON CORRECTIONAL MEDICAL SERVICES AND DR. TAMMY KASTRE PURSUANT TO Fed. Civ. P. 4(m).

YOUR HONOR IF MEMORY SERVES ME CORRECTLY BOTH C.M.S. AND DR. KASTRE WERE SERVED U.S. MARSHALL 285 FORMS. I BELIEVE THAT I SENT DR. KASTRE'S 285 FORM TO THE F.C.M. HOME OFFICE IN TUCSON, ARIZONA AS I WAS UNDER THE IMPRESSION THAT DR. KASTRE IS THE OWNER OF F.C.M. AND I EITHER SENT C.M.S.' 285 FORM TO THEIR DISTRICT OFFICE ON MC KEE ROAD IN DOVER OR TO ATTORNEY KEVIN CONNORS. I DON'T HAVE THE RETURNED FORMS WITH ME NOW.

ALSO YOUR HONOR IF I AM NOT MISTAKEN I SENT AT LEAST (9) NINE COPIES OF THE ORIGINAL COMPLAINT TO THE COURT CLERK. (2) TWO COPIES (ONE THE ORIGINAL AND ONE A PHOTOCOPY) TO YOUR

HONOR AND ONE COPY FOR EACH DEFENDANT ALTHOUGH AGAIN YOUR HONOR I MAY BE MISTAKEN HOWEVER AFTER THE ORIGINAL (7) SEVEN U.S. MARSHALL 285 FORMS HAD BEEN SERVED THE COURT NOTIFIED ME OF ONLY (2) TWO DELINQUENCIES BUT THEY WERE LACKING CORRECT ADDRESSES OF DR. ALIE AND DR. NIAZ OF WHICH THE COURT WAS KIND ENOUGH TO PROVIDE ME WITH (2) TWO MORE U.S. MARSHALL FORMS AND I EVENTUALLY OBTAINED THEIR PROPER ADDRESSES AND THEY WERE PROPERLY SERVED.

YOUR HONOR, IF I DID INDEED SEND (9) NINE COPIES OF THE COMPLAINT TO THE U.S. DISTRICT COURT CLERK (BECAUSE I DO REMEMBER HAVING MADE NUMEROUS COPIES) AND IF SO I MUST HAVE ASSUMED THAT THE EXTRA COPIES WHICH I SENT WOULD BE DISTRIBUTED TO THE DEFENDANTS, WHICH MAY HAVE BEEN MY ERROR YOUR HONOR AND I APOLOGIZE, HOWEVER I WOULD PLEASE BRING TO YOUR HONOR'S ATTENTION THE MANY OBSTACLES AND CHALLENGES THAT THE PLAINTIFF HAS FACED SINCE HAVING FILED THE CIVIL SUIT NO. 06-095-SLR AND HIS SUBSEQUENT RELEASE FROM D.C.C..

YOUR HONOR THE THIRD CIRCUIT HAS NOTED THAT THE GOOD CAUSE STANDARD IS AT LEAST AS STRINGENT AS THE "EXCUSABLE NEGLECT" STANDARD UNDER Rule 6(b).. DOMINIC V. HESS OIL V.I. CORP., 841 F.2d 513, 517 (3d Cir. 1988); BRAXTON V. UNITED STATES, 817 F.2d 238, 241 (3d. Cir. 1987) (QUOTING WINTERS V. TELEDYNE MOVIBLE OFFSHORE INC., 776 F.2d 1304, 1306 (5th Cir. 1985)). ACCORDINGLY, THE PARTY SEEKING TO SHOW EXCUSABLE NEGLECT MUST DEMONSTRATE THAT IT MADE A GOOD FAITH EFFORT TO COMPLY WITH THE RULE AS WELL AS PROVIDE SOME REASONABLE JUSTIFICATION FOR IT'S NON COMPLIANCE. DOMINIC, 841 F.2d at 517 (QUOTING WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1165 (1987)). FURTHER THE THIRD CIRCUIT HAS ENUNCI-

ATED A NUMBER OF FACTORS TO APPLY IN DETERMINING WHETHER A PARTY'S NEGLECT IS EXCUSABLE, INCLUDING THE FOLLOWING: (1) WHETHER THE NEGLECT RESULTS FROM PROFESSIONAL INCOMPETENCE, (2) WHETHER THE EXCUSE OFFERED IS OF THE TYPE EASILY MANUFACTURED AND NOT VERIFIABLE BY THE COURT, (3) WHETHER THE TARDINESS RESULTS FROM AN ATTORNEY'S FAILURE TO PROVIDE FOR A READILY FORESEEABLE CONSEQUENCE, (4) WHETHER THE NEGLECT RESULTS FROM A COMPLETE LACK OF DILIGENCE, OR (5) WHETHER COUNSEL MADE SUBSTANTIAL GOOD FAITH EFFORTS TOWARD COMPLIANCE. DOMINIC, 841 F.2d at 517; CONSOLIDATED FREIGHTWAYS CORP. V. LARSON, 827 F.2d 916, 919 (3d Cir. 1987).

YOUR HONOR IN DEFENSE OF MY UNTIMELINESS (IF IN FACT I TRULY WAS NEGLECTFUL AND THIS IS NOT MORE PLOYS BY THE DEFENDANTS) I WOULD FIRST POINT OUT THAT I AM CURRENTLY INCARCERATED AT THE CENTRE CO. CORR. FACILITY IN BELLEFONTE, PA. AND HAVE BEEN INCARCERATED HERE FOR THE PAST THREE (3) MONTHS. I HAVE HAD NO ACCESS TO MY LEGAL DOCUMENTS AND EVIDENCE WITH REGARD TO C.A. NO. 06-095-SLR WHICH ARE ALL PRESENTLY LOCKED AWAY IN STORAGE IN DAGSBORO DE. AND THE ONLY DOCUMENTS I BROUGHT WITH ME WHEN I CAME UP TO PA. WERE DOCUMENTS CONCERNING C.A. NO. 03-048-SLR.

AS YOUR HONOR KNOWS THROUGH MY MANY CORRESPONDENCES IN WHICH I WAS TRYING TO EXPLAIN MY SITUATION TO YOUR HONOR WHILE STILL IN DELAWARE, AND TRYING TO REACH SETTLEMENT WITH MR. CONNOR'S (C.M.S. COUNSEL), AFTER HAVING A TOTAL HIP REPLACEMENT AND ARTHROSCOPIC KNEE SURGERY AND WITH MY INABILITY TO WORK AND SECURE A PERMENENT RESIDENCE I LIVED MUCH OF THE TIME OUT OF MY TRUCK SO I HAD NO PERMENENT ADDRESS TO RECEIVE MAIL AT AND THE LAST DOCUMENTS WHICH I AM AWARE OF RECEIVING PERTAINING TO C.A. 06-095-SLR WERE THE FINAL (2) TWO U.S. MAR-

SHALL 285 FORMS THAT I SENT TO DR. NIAZ AND DR. ALIE FROM THE HOME THAT I WAS LIVING AT IN RISING SUN, MD., AND I HAVE MOVED NUMEROUS TIMES SINCE THEN WITHOUT MY MAIL CATCHING UP WITH ME WHILE BEING STRUNG ALONG BY MR. CONNOR'S WHILE WAITING ON AN OUT OF COURT SETTLEMENT IN C.A. 03-048-SLR MUCH OF THE TIME I WAS PENNILESS AND LIVING OUT OF MY TRUCK WHICH I WAS VERY PROUD TO HAVE WORKED HARD ENOUGH BEFORE MY SURGERIES TO ALLOW MY BANK TO FINANCE THE TRUCK WHICH HAS SINCE BEEN IMPOUNDED AND SOLD AT AUCTION.

SO YOUR HONOR I HAVE NOT RECEIVED ANY PAPERWORK BACK FROM ANY OF THE (7) SEVEN DEFENDANTS NAMED IN C.A. 06-095-SLR AS I HAVE BEEN SO TRANSIT NOT ALLOWING ME TO RECEIVE MY MAIL IN NORMAL FASHION WHILE AT THE SAME TIME TRYING TO RECOVER FROM THESE SURGERIES THAT I BE GAINFULLY EMPLOYED, ONCE AGAIN.

YOUR HONOR BEING INCARCERATED IN PENNSYLVANIA PRESENTLY MAKES IT PHYSICALLY IMPOSSIBLE TO PURSUE THIS CASE UNTIL I AM RETURNED TO DELAWARE WHERE MY LEGAL DOCUMENTS ARE LOCKED IN STORAGE.

AS YOUR HONOR KNOWS, I HAVING BEEN A PRO SE LITIGANT, HAVE TRIED TO BE RESPECTFUL TO THE COURT AND PUNCTUAL IN FILING MOTIONS. HOWEVER MY RECENT (AND RECENT PAST) CIRCUMSTANCES AND HARDSHIPS HAVE GREATLY INHIBITED MY ABILITY TO PROSECUTE TO THE FULLEST, AND PRESENT MY CASE AGAINST THE DEFENDANTS IN IT'S GREATEST LIGHT BEING WITHOUT THE DOCUMENTS AND EVIDENCE ON WHICH I BUILT THIS CASE.

SO "IN THE INTEREST OF JUSTICE" YOUR HONOR I WOULD HUMBLY AND RESPECTFULLY FORGIVE ANY TECHNICAL WRONGS WHICH I HAVE COMMITTED (ASK YOU TO) PLEASE "STAY" THIS CASE INDEFINITELY UNTIL I

AM ABLE TO RETURN TO DELAWARE AND RETRIEVE MY LEGAL DOCUMENTS AND EVIDENCE OF WHICH I BASED CASE C.A. NO. 06-095-SLR ON.

TO PROCEED NOW YOUR HONOR WITHOUT THESE DOCUMENTS WOULD PUT THE PLAINTIFF AT A GREAT DISADVANTAGE SO "IN THE INTEREST OF JUSTICE" BEING SERVED I WOULD HUMBLY AND RESPECTFULLY ASK YOUR HONOR TO PLEASE "STAY" CASE NO. 06-095-SLR UNTIL I CAN BE RETURNED TO DELAWARE AND RETRIEVE MY DOCUMENTS AND THEN AFFORDED THE TIME TO RECTIFY ANY TECHNICAL MISTAKES THAT I MAY HAVE MADE DUE TO THE PRESENT CIRCUMSTANCES IN MY LIFE, ALSO YOUR HONOR TO PROCEED AT THIS TIME WOULD PUT ME AT A GREAT DISADVANTAGE AND HAVE A VERY "CHILLING EFFECT" ON MY ABILITY TO PROSECUTE TO THE FULLEST EXTENT AND PUT MY BEST FOOT FORWARD.

IF YOUR HONOR IS GRACIOUS ENOUGH TO "STAY" THIS CASE AND THEN ALLOW ME TO RECTIFY ANY DEFICIENCIES UP TO THIS POINT AS I CERTAINLY HAVE MADE A "GOOD FAITH" EFFORT TO ABIDE BY THE RULES OF THE COURT DESPITE MY CHALLENGING CIRCUMSTANCES, I WILL COMPLY AS SOON AS POSSIBLE.

THE PLAINTIFF CANNOT SEE ANY INCONVENIENCE TO THE DEFENDANTS AS WHILE ON "STAY" I DON'T BELIEVE THEY WOULD BE LIABLE FOR ANY ATTORNEY'S FEES AND I HOPE THAT IF YOUR HONOR WERE TO "STAY" THIS CASE THAT IT WOULD NOT CAUSE TOO MUCH OF AN INCONVENIENCE FOR THE COURT AS WELL.

IF THE DEFICIENCY IS NOT HAVING SERVED C.M.S. AND DR. KASTRE U.S. MARSHALL 285 FORMS BECAUSE THEY WERE NOT ABLE TO BE CONTACTED AT THE ADDRESSES I SENT THEM TO, IF THE COURT WOULD BE SO KIND AS TO SEND ME (2) TWO U.S. MARSHALL 285 FORMS I WILL DO ALL IN MY POWER TO FIND ADDRESSES AT WHICH DR. KASTRE AND C.M.S. CAN BE PROPERLY SERVED, AS SOON AS HUMANLY POSSIBLE.

IF AN "INDEFINITE STAY" UNTIL I'M RETURNED TO DELAWARE YOUR HONOR IS NOT PERMISSABLE, THEN I WOULD HUMBLY AND RESPECT-

FULLY ASK THAT YOUR HONOR PLEASE GRANT ME AT LEAST A (90) NINETY DAY EXTENSION AS IT WOULD CERTAINLY BE A HUGE MISCARRIAGE OF JUSTICE IF THE DEFENDANTS' WERE TO AVOID ANSWERING TO THESE VERY SERIOUS CHARGES DUE TO A LEGAL TECHNICALITY OR BECAUSE I'M PRESENTLY INCARCERATED IN ANOTHER STATE AND IT IS PHYSICALLY IMPOSSIBLE FOR ME TO OBTAIN MY EVIDENCE WHICH I BUILT THIS CASE ON AT THIS TIME.

DR. KASTRE WAS "DELIBERATELY INDIFFERENT" WHEN SHE, NOT BEING AN "INFECTIOUS DISEASE SPECIALIST" DENIED "INFECTIOUS DISEASE SPECIALIST" RAMESH VEMULAPALLI'S ORDER THAT I BE GIVEN A LIVER BIOPSY DELAYING MY TREATMENT BY NEARLY A YEAR WHILE MY LIVER CIRHOSIS PROGRESSED.

C.M.S., WHILE FULLY KNOWING THAT A CULTURE HAD SHOWN THAT I HAD METHACILLIN-RESISTENT STAPHYLOCOCUS AUREAS IGNORE 8 SICKCALLS (1 PER WEEK FOR 2 MONTHS) AND (2) MEDICAL GRIEVANCES YET REFUSED TO PUT ME ON SICKCALL FOR 2 MONTHS KNOWING M.R.S.A. COULD BE FATAL AND IT WAS ONLY BY PRAYER AND CHANCE THAT I FINALLY GOT TREATED AFTER RUNNING INTO THE ASST. ADMINISTRATOR FOR C.M.S. ON THE COMPOUND AND SHOWING HER THESE GROSS LESIONS ON MY BODY SHE HAD ME SEEN IMMEDIATELY.

THESE ARE VERY SERIOUS CHARGES YOUR HONOR SO "IN THE INTEREST OF JUSTICE" BEING SERVED I BELIEVE THAT I HAVE SHOWN GOOD CAUSE FOR YOUR HONOR TO GRANT ME A "STAY" IN C.A. NO. 06-095-SLR AND ALSO ALLOW ME TO THEN RECTIFY ANY TECHNICAL ERRORS I HAVE MADE WHILE MY LIFE HAS BEEN SO UNSETTLED, UNDER Fed. Rules Civ. Proc. Rule 4(m) 28 U.S.C.A.

I WOULD ALSO KINDLY ASK THAT THE COURT WOULD BE SO KIND AS TO SEND ME A CURRENT DOCKET SHEET PERTAINING TO C.A. NO. 06-095-SLR.

THANK YOU VERY MUCH YOUR HONOR FOR YOUR TIME AND CONSIDERATION AND MAY GOD CONTINUE TO BLESS YOU AND THOSE WHOM YOU LOVE.

MOST RESPECTFULLY,

SIGNED: *Richard Mark Turner*    RICHARD 'MARK' TURNER

DATED: *April 29, 2007*



Richard Mark Turner 07-1108
Centre Co. Corr. Facility
700 Rochelle Ave. Rd.
Bellefonte, Pa 16823

Chief Judge Sue L. Robinson
United States District Court
U.S. Courthouse
c/o U.S. District Court Clerk
844 N. King St., Lockbox 18
Wilmington, De 19801