IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER ,                    :
                                         :
              Plaintiff,                 :        C.A. No. 06-095 SLR
                                         :
v.                                       :
                                         :        JURY TRIAL DEMANDED
CORRECTIONAL MEDICAL SERVICES, :
 et al.,                                 :
                                         :
              Defendants.                :

DEFENDANT CORRECTIONAL MEDICAL SERVICES'
MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)

Pursuant to Fed.R.Civ.P. 60(b), Defendant Correctional Medical Services

("CMS") hereby moves for relief from the judgment and orders of this Court entered July

27, 2007 granting default judgment against, *inter alia*, CMS.  In support of its Motion,

CMS states as follows:

1.       On February 10, 2006, while incarcerated, Plaintiff filed the above-captioned

action.  (D.I. 2).  An Amended Complaint was filed February 17, 2006 (D.I. 9).

Following review of the Plaintiff's filings to date, including review of the Complaint and

Amended Complaint pursuant to 28 U.S.C. § 1915,  this Court entered its Memorandum

Order on May 3, 2006 denying Plaintiff's motions as premature, and terminating certain

named individuals as defendants to the action, including CMS.  (D.I. 16)  Plaintiff moved

to amend his pleadings, and on July 20, 2006, this Court entered its Order granting

amendments which included naming CMS as a party defendant.  (D.I. 27)

2.       As of September 26, 2006, Plaintiff was no longer incarcerated. (D.I. 38).

Plaintiff cannot rely on his incarceration as an excuse for his failure to effect service

during this time.

3.      On April 23, 2007, the Court ordered Plaintiff to show cause why the action

should not be dismissed based on Plaintiff's failure to serve process as of that date. (D.I.

51)  On May 8, 2007, service was purportedly made upon CMS through Scott Altman, a

CMS employee[1], and returned on May 9, 2007. (D.I. 53).  On June 20, 2007, this Court

entered its Order to Show Cause requiring Plaintiff to either move for entry of default

judgment against, *inter alia*, CMS, or face dismissal as to those defendants. (D.I. 57).  On

July 5, 2007, Plaintiff moved for entry of default as to CMS and other defendants based

on failure timely to answer or otherwise appear.  (D.I. 58)  No Notice of the pendency of

this motion was served on CMS, despite Plaintiff's familiarity with litigation against that

corporate entity during the four year pendency of his other suit.  On July 19, 2007, the

Court granted Plaintiff's motion (D.I. 61); default judgment was entered against CMS

and other defendants on July 27, 2007. (D.I. 62).

4.      The above-captioned action is not the first legal action filed by the Plaintiff

against this defendant.  The Court is well aware of C.A. No. 03-048 SLR, which has been

the source of numerous filings by the Plaintiff.

5.      The protocol for processing of legal documents served upon CMS in its Dover

office is as follows:  once service is accepted, the documents are transmitted to CMS's

legal department, which is located in St. Louis, Missouri. (See Affidavit of Susan Usery[2],

Exhibit "A")  From there, the legal department sends the documents to the offices of

Western Litigation Inc. ("WLI") in Houston, Texas. *Id.*  WLI is the company that handles

---

[1] Mr. Altman is not a director or officer of CMS and is not authorized by CMS to accept
service.  No record of service on CMS's registered agent exists.
[2] "Usery Aff."

legal oversight of claims against CMS. *Id.* Once WLI receives the documents, they are either filed or, in the event of a new case, assigned to counsel for defense. *Id.*

6.      Nearly contemporaneous with the Orders entered by this Court from April through July, and with the papers being filed by the Plaintiff during that period, this Court was also hearing matters pending in the Plaintiff's other case against CMS, C.A. No. 03-048, in the form of numerous motions and orders, including summary judgment (C.A. No. 03-048 D.I. 270-293).

7.      CMS's records show that the documents served on CMS in its Dover office on May 8, 2007, were sent to St. Louis and received via overnight delivery on May 9, 2007. (Usery Aff., Exhibit A). Those same documents were sent to WLI that same day. *Id.* It is not known precisely what happened to them when received, but when CMS learned of this suit, and the entry of default judgment, on August 8, 2007, a search was done to trace the documents. They were found in the WLI file for Mr. Turner's earlier-filed suit, C.A. No. 03-048 SLR. (Exhibit A).   The person at WLI who may have been responsible, Ms. Usery's assistant, is no longer employed by CMS.

*Argument*

8.      Fed.R.Civ.P. 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken[3].

---

[3] Although not addressed at length here, Rule 60(b) (4) allows the Court to vacate a judgment where that judgment is "void".  Here, the judgment may not be effective as

*Id.*

9.          A decision to reopen a default judgment under Rule 60(b) rests in the sound

discretion of the trial court. *Reynolds v. Reynolds,* 595 A.2d 385, 389 (Del.1991).   In this

circuit, a district court ruling on a motion to set aside a default judgment under Rule

60(b)(1) must consider the following three factors: (1) whether the plaintiff will be

prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the

default was the result of the defendant's culpable conduct. *Hritz v. Woma Corp.,* 732 F.2d

1178, 1181 (3d Cir.1984); *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192,

195 (3d Cir.1984); *Gross v. Stereo Component Systems, Inc.,* 700 F.2d 120, 122 (3d

Cir.1983); *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 656 (3d Cir.1982); *Farnese v.

Bagnasco,* 687 F.2d 761, 764 (3d Cir.1982). Because Plaintiff will not be prejudiced,

because CMS has a meritorious defense, and because the default was not the result of

CMS's "culpable conduct", this Motion should be granted and CMS allowed to defend

this case on the merits.

10.          First, Plaintiff will not be prejudiced.  Default was entered less than three

weeks prior to the date of this Motion.  Numerous other defendants still remain in the

case and the same issues are still alive.  Plaintiff will be required to litigate those

remaining claims, and conduct essentially the same discovery.  In addition, even in the

event that the Court declines to grant this motion, prior to a determination of damages,

extensive discovery will still have to be undertaken to provide the parties with a

---

Plaintiff took more than 120 days to effect service, thus rendering the question moot as
technically, without proper service, CMS should not have been a party to proceedings at
that point.  Only because it had not been timely served was CMS unable to raise this issue
in a timely fashion.

reasonable opportunity to prosecute or defend their claims. The plaintiff will not be prejudiced by vacation of this judgment; he will merely be required to support the same burden of proof that he signed on for when he initiated this action, and the same burden of proof he faces against the remaining defendants.

11.    CMS has meritorious defenses to Plaintiff's claims.  First, as stated herein at footnote 3, the Court cleared Plaintiff's Amended Complaint against CMS on July 20, 2006. (D.I. 27).  The Plaintiff's Amended Complaint against CMS was deemed filed on that same day. (D.I. 28)  Plaintiff failed to effect service upon CMS until May 8, 2007; service was returned May 9, 2007. (D.I. 53), a span of 293 days.  Pursuant to Fed.R.Civ.P. 4(m):

> If service of the summons and complaint is not made upon
> a defendant within 120 days after the filing of the
> complaint, the court, upon motion or on its own initiative
> after notice to the plaintiff, shall dismiss the action without
> prejudice as to that defendant or direct that service be
> effected within a specified time; provided that if the
> plaintiff shows good cause for the failure, the court shall
> extend the time for service for an appropriate period.

*Id.*

This section contemplates an extension of time for good cause shown, however, Plaintiff never made such a showing nor did he even petition the Court within the time (120 days) set forth by the Rule, and such an extension should not have been granted, even constructively.

12.    In addition, it does not appear that a summons was served along with the Complaint served upon CMS on May 8, 2007. (See Exhibit A to Usery Aff.).  Rule 4(c)(1) provides:

> (1) A summons shall be served together with a copy of the
> complaint. The plaintiff is responsible for service of a

> summons and complaint within the time allowed under
> subdivision (m) and shall furnish the person effecting
> service with the necessary copies of the summons and
> complaint.

*Id.*

Accordingly, service was not timely made and process was improper, either or both of which could lead to dismissal of the Complaint. CMS believes the lack of a summons contributed to the problems here.

13.    In addition to the defenses stated above, the allegations of this Complaint comprise many of the same allegations and seem to continue from the same set of facts as set forth in Plaintiff's other action against this defendant, C.A. No. 03-048 SLR. Most importantly, Plaintiff is requesting damages here that seem identical in many respects to elements of the damages sought in C.A. No. 03-048 SLR (*See* D.I. 2; C.A. No. 03-048 SLR D.I. 279). Plaintiff cannot file two suits to recover for one set of damages, and so either this suit must be dismissed, or plaintiff's damages claimed in one suit of the other must be limited to avoid cross-over .

14.    Plaintiff alleges constitutional violations in the instant suit. CMS can defend those allegations on the grounds that it provided adequate medical care for the Plaintiff. Given the very brief amount of time that CMS has been aware of these specific allegations (less than ten days), it is difficult to be more specific regarding precise defenses. Taking the time to further investigate would cause CMS to run the risk that the Court felt it was not pursuing the instant remedy in a timely fashion

15.    As stated above, it appears that CMS's failure to respond was the result of inadvertence. It appears that the person at WLI who received the papers on May 9, 2007, looked at the caption, which provided: 1) the same parties; 2) in the same court; 3) in the

same state; 4) before the same judge, and simply filed it with the rest of the papers in C.A. No. 03-348 SLR. It does not appear that a summons was included with the papers, which may have alerted this person that the papers constituted a new lawsuit by the same plaintiff against the same defendant in the same court in the same state before the same judge. There was no effort to deceive or misdirect, rather an honest mistake by a receptionist, secretary or administrative assistant. In any event, the mistake was made by someone at WLI, not at CMS, and therefore, if "culpable conduct", was not the "culpable conduct" of the defendant here, CMS.

16.     CMS became aware of this suit on or about August 8, 2007 when its former counsel, Kevin Connors was speaking with Jeffrey Martin, Esquire about the possibility of Mr. Martin entering an appearance on behalf of Mr. Turner in C.A. No. 03-048 SLR. During that conversation, Mr. Martin mentioned this suit and the entry of default judgment. CMS immediately began to investigate the situation. Once it was learned what had occurred, this Motion was filed within 36 hours.

WHEREFORE, for the foregoing reasons, defendant Correctional Medical Services respectfully requests entry of an order in the form attached hereto vacating the entry of default judgment against it and allowing the matter to proceed on the merits.

BALICK & BALICK, LLC


_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant CMS

Date:  August 17, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER ,          :
                                       :
          Plaintiff,           :     C.A. No. 06-095 SLR
                                       :
v.                                :
                                       :     JURY TRIAL DEMANDED
CORRECTIONAL MEDICAL SERVICES, :
 et al.,                           :
                                       :
          Defendants.         :

ORDER

AND NOW, this _____ day of _____, 2007, the Court

having reviewed and considered Defendant CMS's Motion for Relief from Judgment

Pursuant to Rule 60(b), and all opposition thereto, it is hereby ordered that the Motion is

GRANTED.  The entry of default judgment as to Defendant CMS (D.I. 62) is hereby

vacated and the matter will proceed on the merits.  CMS is to file a responsive pleading

within 20 days of the entry of this Order.


_____
Chief Judge Sue L. Robinson

# EXHIBIT A
# TO THE MOTION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER ,                    :
                                         :
            Plaintiff,                   :         C.A. No. 06-095 SLR
                                         :
v.                                       :
                                         :         JURY TRIAL DEMANDED
CORRECTIONAL MEDICAL SERVICES, :
  et al.,                                :
                                         :
            Defendants.                  :

**AFFIDAVIT OF SUSAN USERY IN SUPPORT OF
MOTION TO VACATE DEFAULT JUDGMENT**

STATE OF TEXAS            )
                          )
COUNTY OF HARRIS          )

Susan Usery, first being sworn, deposes and avers as follows:

1.    I am over 18 years of age and competent to make this affidavit.
2.    I am employed by Western Litigation, Inc. ("WLI") and authorized by it to make the statements herein.
3.    WLI has been engaged by Correctional Medical Services, Inc. ("CMS") to oversee claims made against CMS.
4.    When CMS is served, in Delaware, the normal practice is for the service papers to be forwarded to CMS's main office, which the sends them to WLI for assignment to counsel.
5.    Attached hereto as Exhibit "A" are the papers served on CMS in Dover, Delaware on May 8, 2007.
6.    The papers attached hereto as Exhibit A were sent to WLI on May 9, 2007.
7.    Through mistake and inadvertence, instead of being forwarded for assignment to counsel, these papers were placed in a file containing papers filed by Mr. Turner in another suit against CMS in this same Court, presided over by this same judge, C.A. No. 03-048 SLR.
8.    Neither CMS nor WLI were notified of Plaintiff's Motion for Default Judgment
9.    The first knowledge WLI had of this suit was when an attorney who had been communicating with Mr. Turner about representing him in C.A. No.

RECEIVED
AUG 16 2007
BY: -------------------

03-048, spoke to CMS's former counsel and mentioned the entry of default judgment in this case, C.A. No. 06-095 SLR.

10.    WLI first learned of the suit, the motion and the entry of default judgment, on August 8, 2007.

11.    Further the affiant sayeth not.

_____

Susan Usery (Texas Bar #18880110)

This document is acknowledged before me, the undersigned authority, on the 8th day of August, 2007.

_____

Notary Public in and for the State of Texas

_____

My Commission Expires

SHAWN R. DICKERSON
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JUNE 3, 2008

# EXHIBIT A
# TO THE AFFIDAVIT

%AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of   Delaware

|   |   |
|---|---|
| Plaintiff | NOTICE, CONSENT, AND ORDER OF REFERENCE— |
| V. | EXERCISE OF JURISDICTION BY A UNITED STATES |
|   | MAGISTRATE JUDGE |
|   | Case Number: 06-95-SLR |
| Defendant |   |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
|   |   |   |
|   |   |   |
|   |   |   |
|   |   |   |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

| | |
|---|---|
| Date | United States District Judge |

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

RECEIVED

MAY - 9 2007

%AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jur

# UNITED STATES

Dis

Plaintiff
V.

Defendant

## NOTICE OF AVAILABILITY OF A UN TO EXERCISE

In accordance with the provisions of 28 U.S.C. §636 magistrate judge of this district court is available to conduct any and to order the entry of a final judgment. Exercise of this juri parties voluntarily consent.

You may, without adverse substantive consequences, wi from being exercised by a magistrate judge. If any party withhel consent will not be communicated to any magistrate judge or to

An appeal from a judgment entered by a magistrate judg this judicial circuit in the same manner as an appeal from any ot

## CONSENT TO THE EXERCISE OF JURISDICTIO

In accordance with provisions of 28 U.S.C. §636(c) and States magistrate judge conduct any and all proceedings in this c conduct all post-judgment proceedings.

Party Represented

## ORDER OF R

IT IS ORDERED that this case be referred to:
United States Magistrate Judge, to conduct all proceedings and o §636(c) and Fed.R.Civ.P. 73.

Date

NOTE: RETURN THIS FORM TO THE CLERK OF THE COU ON THIS FORM TO THE EXERCISE OF JURISDICTI

ORIGINAL COPY FOR
THE COURT

ORIGINAL
(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD 'MARK' TURNER AND ESTATE W/

(1) POWER OF ATTORNEY TO RICHARD BURTON TURNER

(Name of Plaintiff)        (Inmate Number)
# 00363670  S-1  A-3
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK RD.
SMYRNA, DELAWARE 19977
(Complete Address with zip code)

RECEIVED

MAY - 9 2007

(2)_____

(Name of Plaintiff)        (Inmate Number)

06-95 (SLR)

(Case Number)
( to be assigned by U.S. District Court)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

CIVIL COMPLAINT

(1) CORRECTIONAL MEDICAL SERVICES INC. (CMS)

(2) FIRST CORRECTIONAL MEDICAL (F.C.M.)

(3) DOCTOR SITTA GOMBEH-ALIE
(Names of Defendants)

•  • Jury Trial Requested

FILED

JUN - 9 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

I.    PREVIOUS LAWSUITS

A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
      including year, as well as the name of the judicial officer to whom it was assigned:

      TURNER V. C.M.S. et. al.    C.A. # 03-048-SLR

      THE HONORABLE JUDGE SUE L. ROBINSON JUDGE OF THE U.S.

      DISTRICT COURT FOR THE DISTRICT OF DELAWARE,

      FILED AND SENT OUT BY ME FROM D.C.C. ON OCTOBER 1, 2002.

      DOCKETED AS RECEIVED BY U.S. DISTRICT COURT ON OCT. 11, 2002.

      DOCKETED AS ENTERED BY U.S. DISTRICT COURT ON JANUARY 1, 2003.

# "DEFENDANTS"

1. CORRECTIONAL MEDICAL SERVICES INC. (C.M.S.)

2. FIRST CORRECTIONAL MEDICAL    (F.C.M.)

3. DOCTOR SITTA GOMBEH-ALIE

4. DOCTOR TAMMY KASTRE

5. DOCTOR MOHAMMED NIAZ

6. MR. PAUL HOWARD (DELAWARE DEPARTMENT OF CORRECTIONS BUREAU CHIEF) IN HIS PERSONAL (INDIVIDUAL) AND PROFESSIONAL CAPACITY.

7. MR. STANLEY TAYLOR (DELAWARE DEPARTMENT OF CORRECTIONS COMMISSIONER OF CORRECTIONS) IN HIS PERSONAL (INDIVIDUAL) AND PROFESSIONAL CAPACITY.

II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?  • •Yes  • •No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?  • •Yes  • •No

C.    If your answer to "B" is Yes:

1. What steps did you take? I HAVE FILED NUMEROUS MEDICAL AND INSTITUTIONAL GRIEVANCES, APPEALED GRIEVANCE DENIALS, WRITTEN LETTERS TO MEDICAL PERSONELL AND ADMINISTRATORS AS WELL AS D.C.C. ADMINISTRATIVE PERSONELL.

2. What was the result? MOST OF MY MEDICAL (AND INST.) GRIEVANCES WERE DE- NIED ON TECHNICALITIES DESPITE HAVING TO DO WITH VERY SERIOUS MEDICAL ISSUES. SOME GRIEVANCES WERE NEVER HEARD, SOME NOT ADDRESSED FOR OVER A YEAR WHEN MOST, APPEALS WITH SUPPORTING DOCUMENTATION DENIED, GRIEVANCES WITHDRAWN WITHOUT MY KNOWLEDGE OR CONSENT DENYING MY RIGHT TO EXHAUST IN-HOUSE REMEDIES IN VIOLATION OF MY CONSTITUTIONAL RIGHT TO DUE PROCESS TO THE COURT SYSTEM BY DENYING MY
D.    If your answer to "B" is No, explain why not: RIGHT TO APPEAL, GRIEVANCE DECISIONS.

III.    DEFENDANTS (in order listed on the caption)

(1) Name of first defendant: CORRECTIONAL MEDICAL SERVICES INC. (C.M.S.)

Employed as MEDICAL PROVIDER          at DELAWARE CORRECTIONAL CENTER

Mailing address with zip code: REPRESENTED BY ATTORNEY KEVIN J. CONNORS OF; MARSHALL, DENNEHEY, WARNER, COLEMAN, AND GOGGIN   1220 N. MARKET ST, SUITE 500
P.O. BOX 130, WILMINGTON, DE., 19899

(2) Name of second defendant: FIRST CORRECTIONAL MEDICAL   (F.C.M.)

Employed as MEDICAL PROVIDER          at DELAWARE CORRECTIONAL CENTER
F.C.M., 12795 WILDLIFE AVE. P.O. BOX 69370, TUCSON, ARIZ, 85737-0015
Mailing address with zip code: REPRESENTED BY ATTORNEY STEVEN F. MONES OF;

BIGGS AND BATTAGLIA, 921 N. ORANGE ST. P.O. BOX 1489 WILMINGTON, DE. 19899

(3) Name of third defendant: DOCTOR SITTA GOMBEH-ALIE
F.C.M. MEDICAL DIRECTOR AND THEN A
Employed as C.M.S. DOCTOR WHO WAS FIRED at DELAWARE CORRECTIONAL CENTER
NO KNOWN ADDRESS FOR DR. ALIE BUT SUIT BEING BROUGHT WHILE F.C.M.
Mailing address with zip code: EMPLOYEE REPRESENTED BY ATTORNEY STEVEN F. MONES OF;

BIGGS AND BATTAGLIA, 921 N. ORANGE ST. P.O. BOX 1489, WILMINGTON, DE. 19899
(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

III. DEFENDANTS ( IN ORDER LISTED ON THE CAPTION)

(4.) NAME OF FOURTH DEFENDANT : DOCTOR TAMMY KASTRE

EMPLOYED AS EX-MEDICAL PROVIDER     AT DELAWARE CORRECTIONAL CENTER
                               FIRST CORRECTIONAL MEDICAL SERVICES
                               12795 WILDLIFE AVE. P.O. BOX 69370
MAILING ADDRESS WITH ZIP CODE : TUCSON, ARIZ., 85737-0015
REPRESENTED BY STEVEN F. MONES OF BIGGS AND BATTAGLIA 921 N. ORANGE ST.
P.O. BOX 1489 WILMINGTON, DE. 19899


(5.) NAME OF FIFTH DEFENDANT : DOCTOR MOHAMMED NIAZ
     EX- F.C.M. INFECTIOUS DISEASE SPECIALIST

EMPLOYED AS CURRENT C.M.S. INF. DIS. SPEC.  AT DELAWARE CORRECTIONAL CENTER
NO KNOWN ADDRESS FOR DR. MUHAMMED NIAZ BUT HE IS THE CURRENT C.M.S.
INFECTIOUS DISEASE SPECIALIST BUT IN FILING SUIT AGAINST HIM PRIMARILY
MAILING ADDRESS WITH ZIP CODE : WHEN HE WAS UNDER THE EMPLOY OF F.C.M.
REPRESENTED BY STEVEN F. MONES OF BIGGS AND BATTAGLIA 921 N. ORANGE ST.
P.O. BOX 1489 WILMINGTON, DE. 19899


(6.) NAME OF DEFENDANT : MR. PAUL HOWARD (PERSONAL AND PROFESSIONAL CAPACITY)
     DELAWARE DEPT. OF CORRECTIONS
     EMPLOYED AS BUREAU CHIEF       AT DE. DEPT. OF CORRECTIONS

MAILING ADDRESS WITH ZIP CODE : REPRESENTED BY OPHELIA M. WATERS (DAG)
DEPT. OF JUSTICE, STATE OF DELAWARE, 820 N. FRENCH ST., 8TH FLOOR
CARVEL OFFICE BUILDING, WILMINGTON, DE. 19801


(7.) NAME OF DEFENDANT : MR. STANLEY TAYLOR (PERSONAL AND PROFESSIONAL CAPACITY)
     DELAWARE DEPT. OF CORRECTIONS
     EMPLOYED AS COMMISSIONER OF CORRECTIONS AT DE. DEPT. OF CORRECTIONS

MAILING ADDRESS WITH ZIP CODE : REPRESENTED BY OPHELIA M. WATERS (DAG)
DEPT. OF JUSTICE, STATE OF DELAWARE, 820 N. FRENCH ST. 8TH FLOOR
CARVEL OFFICE BUILDING, WILMINGTON, DE. 19801

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1.  "CORRECTIONAL MEDICAL SERVICES INC. (C.M.S.)" SINCE RETURN-
    ING AS THE MEDICAL PROVIDER HERE AT THE DE. CORR. CENTER ON
    JULY 1st 2005 C.M.S. HAS SHOWN "DELIBERATE INDIFFERENCE" TOWARD
    ME IN THE FOLLOWING WAYS;
        I HAD JUST RECEIVED A CULTURE BACK SHOWING THAT I HAD AN
    SERIOUS INFECTION CALLED METHICILLIN RESISTANT STAPHYLOCOC-
    CUS AUREAS (M.R.S.A.). ON JULY 28-29th I HAD A GRIEVANCE HEARING
    IN FRONT OF C.M.S. ADMIN. CHRIS MALANEY, ASST. ADMIN. DONNA PLANTE,
    NURSE MATTINGLY, DCJ REP NIKITA ROBINS AND D.OC. CPL. MERSON. THIS
    GRIEVANCE WAS ABOUT THE NEED FOR A LIVER BIOPSY ORDERED BY DR. NIAZ
    IN JUNE, THE NEED TO SEE A G.I. SPECIALIST WHICH HAD BEEN ORDERED
    SINCE DEC. OF 2003, THE NEED TO SEE A NUTRITIONIST AND MOST URGENTLY
    TO GET TREATMENT FOR THE M.R.S.A. WHICH HAD GOTTEN SERIOUS IT
    TURNED INTO SCALDED SKIN SYNDROME WHICH NONE OF THEIR DOCTORS
    COULD DIAGNOSE. I ALSO HAD LARGE GREEN PUS FILLED FESTERED SORES
    WHICH I SHOWED THEM THAT DAY AND THEY TOLD ME TO PUT IN A SICKCALL
    AS THIS NEEDED TREATED IMMEDIATELY SO I DID THAT NIGHT 6-29-05.
    FILED A GRIEVANCE 7-3-05, SICKCALLS 7-11-05, 7-19-05, 7-38-05,
    8-13-05, ANOTHER GRIEVANCE WHEN I HADN'T BEEN PUT ON THE SICKCALL
    LIST YET AND THE INFECTION HAD GOTTEN BEHIND MY AND HURT BADLY,
    FILED ANOTHER SICKCALL 9-3-05, 9-17-05 AND HAD ALSO SEEN ASST. ADMIN.
    DONNA PLANTE TWICE EXPLAINING I'D BEEN YET TO BE PUT ON THE SICKCALL
    AND SHOWING HER HOW BAD THE INFECTED SORES WERE SPREADING YET I STILL
    AFTER NEARLY 2 1/2 MONTHS HAD YET TO BE ADDED TO THE SICKCALL LIST TO GET
    TREATED. ON 10-14-05 THAT MORNING I PRAYED GOD WOULD MAKE A WAY FOR ME
    TO BE SEEN AND ON THE WAY TO LUNCH I SAW C.M.S. EMPLOYEE CHRISTINE KEMP
    AND WHEN I SHOWED HER THE SORES SHE TOLD ME TO GO TO THE INFIRMARY RIGHT
    AFTER LUNCH.
        THE INTAKE NURSE TOLD ADMIN. CHRIS MALANEY THAT N.P. ILHOMA HAD
    SAID THE CULTURE WAS NEGATIVE. I TOLD ADMIN. MALANEY I HAD SEEN THE
    CULTURE RESULTS IN JULY (WHEN ALTHOUGH DR. ALIE HAD THE CULTURE

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.  THE PLAINTIFF IS SEEKING THE FOLLOWING TYPES OF DAMAGES AGAINST
    ALL OF THE BELOW NAMED DEFENDANTS; NOMINAL DAMAGES, PUNITIVE
    DAMAGES, COMPENSATORY DAMAGES, HEDONIC DAMAGES, ACTUAL DAM-
    AGES, CONTINUING DAMAGES, FUTURE DAMAGES, PROSPECTIVE DAM-
    AGES, SPECULATIVE DAMAGES, SUBSTANTIAL DAMAGES, BODILY INJURY,
    INJURY IN FACT, IRREPAIRABLE INJURY, PERMINANT INJURY,
    ADEQUATE COMPENSATION, LOSS OF EARNING CAPACITY, PAIN AND
    SUFFERING AND INJUNCTORY RELIEF (AGAINST MR. TAYLOR ONLY)
    WHERE APPLICABLE AND DIVIDED AS YOUR HONOR SEES JUST AGAINST
    THE FOLLOWING DEFENDANTS IN THE AMOUNTS OF;

3

<u>IV.</u> STATEMENT OF CLAIM   (PAGE 2 OF STATEMENT OF CLAIM)

ALL OF THE INCIDENCES SPOKEN OF HERE IN THIS CLAIM OCCURRED AFTER THE DATE OF FEBRUARY 2004 SO AS TO NOT BE IN CONFLICT IN ANY WAY WITH MY PRIOR CIVIL SUIT C.A. NO. 03-048-SLR.

SOME OF THE DEFENDANTS' ARE THE SAME HOWEVER THESE ARE ALL NEW ALLEGATIONS AGAINST SAID DEFENDANTS NOT INCLUDED IN C.A. NO. 03-048-SLR AND TRANSPIRED SUBSEQUENT TO FEBRUARY OF 2004.

1. "C.M.S." (CONT.) RIGHT IN FRONT OF HER WHICH I SAW SHOWED M.R.S.A. BUT WHICH AFTER PLACING ME ON THE ANTI-TUBERCULAN RIFAMPIN AND BACTRIM WHICH NEARLY ERRADICATED IT DR. ALIE THEN TOLD ME THAT THESE HUGE FESTERED SORES WERE NOT M.R.S.A. BUT SPIDER BITES AND REFUSED ME ANYMORE ANTIBIOTICS LETTING IT COME BACK ON ME) SO I KNEW IT WAS M.R.SA. AND CHRIS MALANEY THE ADMIN. CALLED FOR MY FILE AND I SHOWED HER THE CULTURE WAS POSITIVE AND SHE WAS QUITE DISGUSTED AND SENT ME BACK TO SEE N.P. IIHOMA IMMEDIATELY (AS DR. ALIE HAD JUST BEEN FIRED AND THEY HAD NO M.D.) WHO THEN TRIED TO GIVE ME AN ANTIBIOTIC OINTMENT, I HAD TO EXPLAIN TO HER THAT THIS WAS BLOODBORN AND A TOPICAL ANTIBIOTIC OINTMENT WOULD NOT WORK AND SHOW HER WHICH ANTIBIOTICS MY M.R.S.A. WOULD BE SENSITIVE TO. AMAZING!

THAT DAY SHE ORDERED TETRACYCLINE (10-14-05) 1 CAP 3 TIMES A DAY FOR 14 DAYS BUT I DIDN'T GET IT UNTIL 10-21-05 AND THEN ONLY 10 DAYS WORTH. (THIS WAS 2 MONTHS AND 3 WEEKS FROM THE GRIEVANCE HEARING WHERE I WAS TOLD TO PUT IN A SICKCALL AND I'D BE TREATED IMMEDIATELY AND EVEN THEN IT WAS NOT BY CONVENTIONAU METHOD OF THEM PUTTING ME ON THE SICKCALL LIST TO BE TREATED BUT RATHER DIVINE INTERVENTION WHEN I SAW CHRISTINE KEMP ON THE COMPOUND ON 10-14-05.

THIS 10 DAYS OF ANTIBIOTICS DID NOT COMPLETELY ERRADICATE THE INFECTION AND ONCE AGAIN MY SICKCALLS WERE IGNORED UNTIL I HAD FULL FLEDGED BREAKOUTS AGAIN AND THIS CYCLE CONTINUED AS I GOT NO FOLLOW-UP TREATMENT FOR THIS POTENTIALLY LIFE-THREAT-ENING INFECTION UNTIL DR. JOHN DUAST WAS HIRED AND WAS FAMILIAR WITH M.R.S.A. AND AN ANTIBIOTIC HE KNEW TO BE EFFECTIVE ON M.R.S.A. AND WHICH MY CULTURE SHOWED ME TO BE SENSITIVE TO CALLED CLINDAMYCIN STARTING FEB. 14th 2006 AND IT ERRADICATED IT COMPLETELY AND ALTHOUGH I'LL HAVE M.R.S.A. THE REST OF MY LIFE I'VE HAD NO OUTBREAKS SINCE.

AT THAT GRIEVANCE HEARING ON 7-29-05 I WAS PROMISED THAT A LIVER BIOPSY WOULD BE DONE, IT HASN'T ALTHOUGH DR. NIAZ FIRST ORDERED IT IN MAY OR JUNE OF 2005 AND THEN AGAIN AROUND DECEMBER OF 2005. I WAS SENT TO A G.I. SPEC. IN MAY OF 2006 BUT THAT WAS CON-CERNING INTERNAL BLEEDING I WAS EXPERIENCING DURING MY PEGINTRON TREATMENT (WHICH WENT FROM MARCH 21, 2004 ~ MAY 31, 2006) BUT WHICH STOPPED OVER A YEAR AGO. THE G.I. SPEC. DID ORDER A COLONOSCOPY AS PRECAUTIONARY AS I HAD A FISTULA SURGERY IN 2000 AND AN ENDOSCOPY AS I'M STILL HAVING TROUBLE SWALLOWING FROM WHEN MY LEG WAS INFECTED AND BLOOD POISONING WENT TO MY HEART CAUSING ME TO THROW UP NONSTOP VIOLENTLY FOR ABOUT 10 MINUTES, AND ALTHOUGH BOTH THESE TESTS WERE ALREADY ORDERED BY A C.I. SPEC. IN DEC. OF 2003 THEY'VE STILL NOT BEEN DONE AND IT WAS NOT UNTIL MY SENTENCING JUDGE SENT A LETTER SAYING HE WAS CONSIDERING A SENTENCE REDUCTION DUE TO INADEQUATE MEDICAL CARE I SAW THE G.I. BUT HE COULD NOT TALK TO ME ABOUT MY LIVER OR A BIOPSY AS THATS NOT WHAT C.M.S. ORDER WAS FOR. I ALSO HAVE YET TO SEE THE NUTRITIONIST C.M.S. PROMISED I'D SEE IN JULY OF 2005. AND MY MEDS. HAVE REPEATEDLY BEEN LEFT TO RUN OUT SINCE C.M.S.'S RETURN JULY 1, 2005.

## IV. STATEMENT OF CLAIM    (PAGE 3 OF STATEMENT OF CLAIM)

2. "FIRST CORRECTIONAL MEDICAL (F.C.M.)"- ON MARCH 21, 2004 I BEGAN THE PEGIN-TRON (A FORM OF INJECTABLE CHEMOTHERAPY)/REBETOL COMBINATION THERAPY FOR THE TREATMENT OF HEPATITIS-C CAUSED LIVER FIBROSIS UNDER THE CARE OF F.C.M. MEDI-CAL PERSONNEL. THIS TREATMENT IS EXTREMELY CHALLENGING NOT ONLY PHYSICALLY BUT MENTALLY, EMOTIONALLY AND PSYCHOLOGICALLY AS WELL AS THE DRUG MANUFACTURER SCHERING-PLOUGH CORP. OF KENILWORTH, N.J. WARNS THAT REBETOL (RIBAVIRIN CAP-SULES TAKEN IN CONJUNCTION WITH THE PEGINTRON INJECTIONS) IS GENOTOXIC AND MUT-AGENIC AND SHOULD BE CONSIDERED A POTENTIAL CARCINOGEN AND WARNS OF POTENTIALLY FA-TAL SIDE-EFFECTS IF NOT TREATED PROPERLY AND PROMPTLY. TO BE BRIEF:
F.C.M. PERSONNEL WERE NOT KNOWLEDGEABLE ENOUGH ABOUT THE DYNAMICS OF THIS TREAT-MENT NOR DID THEY HAVE THE RECOMMENDED CERTIFICATION AND TRAINING TO DO SO.
DURING THE COURSE OF TREATMENT (NORMALLY 48 WEEKS BUT I DID 61 WEEKS DUE TO SHOTS WHICH WERE FORGOTTEN TO BE ORDERED BY AN F.C.M. NURSE LATER FIRED FOR GIVING AN INMATE MARIJUANA) 6 OF MY ONCE A WEEK SHOTS WERE GIVEN LATE (THE TREATMENTS SUCCESS HINGES ON KEEPING THE PEGINTRON CONSTANT IN ONES' SYSTEM FOR THE ENTIRE 48 WEEKS) AND THEY RAN OUT OF RIBAVIRIN 4 TIMES. SIX MONTHS INTO THE TREATMENT MY VIRAL LOAD CAME BACK NON-DETECT-ABLE ON 9-1-04. TWO LATE SHOT IN DEC. OF 2004 CAUSED MY VIRAL LOAD TO RESURFACE IN A TEST DONE 1-7-05 AND TO TRY TO MAKE UP FOR THE MISSED SHOTS THEY TRIED EXTENDING TREATMENT 3 MONTHS BUT THE TREATMENT STILL ENDED NON-SUCCESSFUL. THEIR MISSED SHOTS RUINING IT.
I WAS DENIED ANTIBIOTICS FOR CONTINUAL OUTBREAKS OF THE VERY SERIOUS M.R.S.A. INFECTION I WAS DENIED RED AND WHITE BLOOD CELL ENHANCERS PUTTING MY LIFE IN GREAT DANGER FOR, HEART ATTACK. DENIED SLEEP MEDS FOR THE PEGINTRON RELATED INSOMNIA WHICH THE DRUG, MAN. WARNS COULD LEAD TO SUICIDE IDEATION IF NOT TREATED PROMPTLY. I WENT 30-40-50 HOURS AT A TIME WITHOUT SLEEP. I WAS ALSO DENIED NUTRITIONAL SUPPLEMENTS ALTHOUGH I LOST 19 POUNDS THE FIRST 10 DAYS OF TREATMENT AND A TOTAL OF 43½ POUNDS BRINGING ME NEAR DEATH AS MY W.B.C., R.B.C. AND HEMOGLOBIN LEVELS STAYED WELL BELOW RANGE FROM THE 2ND WEEK OF TREATMENT ON. AND THE DOCTORS REFUSED TO ADHERE TO THE ADMINISTERING DIRECTIONS IN AN EFFORT TO CUT COST. THIS WAS MY 2ND MISMANAGED FAILED TREATMENT LEAVING MY VIRAL LOAD SO HIGH (7,570,000 6 MONTHS AFTER TREATMENT IN DEC. OF 2005) THAT THIS TREATMENT IS NO LONGER AN OPTION FOR ME.

3 "DR. SITTA GOMBEH-ALIE F.C.M. MEDICAL DIRECTOR"- BEGAN MY TREATMENT WITH NO KNOW-LEDGE OF THE DYNAMICS OF OR THE SERIOUSNESS OF THE SIDE-EFFECTS OF THE TREATMENT AND THEN WHEN I EXPOSED HER LACK OF KNOWLEDGE TO HER COLLEAGUES SHE BECAME VERY MALICIOUS TOWARD ME PUTTING MY LIFE IN DANGER DENYING ME NUTRITIONAL SUPPLEMENTS UNTIL I'D LOST 43½ POUNDS AND SLEEP MEDS CAUSING ME TO GO 30-40-50 HOURS WITHOUT SLEEP UNTIL SHE WAS FORCED TO GIVE THEM TO ME. REFUSED TO ADHERE TO DRUG MAN.'S DIRECTIONS COMPROMISING THE SUCCESS MAKING ME TAKE THE RIBAVIRIN ON AN EMPTY STOMACH EVEN AFTER I SHOWED HER WRITTEN MEDICAL EXPERT OPINION SHE JEOPARDIZED MY LIFE AND COMPROMISED THE TREATMENT'S SUCCESS TO BE VINICTIVE TO ME AND WAS LATER FIRED FOR HER MISTREATMENT OF PATIENTS. TO BE BRIEF...
I WAS ALSO GIVEN 17 STRAIGHT OVERDOSE CHEMO SHOTS UNDER DR. ALIES' CARE.

4. "DOCTOR TAMMY KASTRE F.C.M. OWNER"- KNEW FROM PERSONAL LETTERS FROM ME WHAT WAS BEING DONE TO ME AND THE "DELIBERATELY INDIFFERENT" WAY WITH MALICIOUS AFORETHOUGHT AT TIMES THAT MY TREATMENT WAS BEING ADMINISTERED BY HER DOCTORS YET REFUSED TO INTERVENE AND DR. KASTRE HERSELF DENIED REFERRALS BY DOCTORS TO G.I SPEC'S, LIVER BIOPSIES, ETC...

## IV. STATEMENT OF CLAIM   (PAGE 4 OF STATEMENT OF CLAIM)

5. "DOCTOR MUHAMMED NIAZ, F.C.M. AND C.M.S. INFECTIOUS DISEASE SPECIALIST" DURING MY COURSE OF TREATMENT (61 WEEKS INSTEAD OF 48 WEEKS OF CHEMO DUE TO "DELIBERATE INDIFFERENCE") DR. NIAZ REFUSED TO TREAT MY REPEATED INFECTIONS WITH ANTIBIOTICS PUTTING MY LIFE IN GREAT DANGER AS THE INFECTION TURNED OUT TO BE M.R.S.A. AND EVEN THOUGH MY W.B.C. WAS CONTINUALLY BELOW RANGE HE CONTINUALLY DENIED MY REQUESTS FOR W.B.C. ENHANCERS WHICH WOULD HELP FIGHT OFF THE CONTINUAL INFECTION AS TOO EXPENSIVE. HE ALSO DENIED R.B.C. ENHANCERS ALTHOUGH MY R.B.C. COUNT AND HEMOGLOBIN COUNT WERE ALSO CONTINUALLY WHICH EXPERTS WARN CAN PRECIPITATE HEART ATTACK AS TOO EXPENSIVE AS WELL. AND PROBABLY WORST OF ALL DR. NIAZ COULD NOT DIAGNOSE THE SCALDED SKIN SYNDROME WHICH OCCURS WHEN M.R.S.A. BECOMES VERY SERIOUS AND ITS' RECOMMENDED THAT IF M.R.S.A. GETS THAT SERIOUS ONE SHOULD BE HOSPITALIZED AND PUT ON ANTIBIOTICS IMMEDIATELY AND DR. NIAZ GAVE ME SOME ANTI-FUNGUAL CREAM REFUSING ANTIBIOTICS AND NUMEROUS REQUESTS TO CULTURE THE INFECTION WHICH ALSO GOT IN MY EYES AND WAS LEFT TO DESTROY MY LEG AND MY HIP. HE ALSO REFUSED TO EXAMINE KIDNEY PAIN AND ITS' ONLY BY THE GRACE OF GOD I AM ALIVE TODAY AS I HAD TO TELL THIS MAN WHAT MY CHEMO DOSAGE SHOULD BE, WHEN TO ORDER MANDATORY SHOTS ETC. BUT TO BE BRIEF...

6. "MR. PAUL HOWARD DE. DEPT. OF CORRECTIONS' BUREAU CHIEF" EARLY ON IN MY PEGINTRON/ REBETOL COMBINATION THERAPY WHEN I BEGAN TO SEE HOW IRRESPONSIBLY AND "DELIBERATELY INDIFFERENT" IT WAS BEING ADMINISTERED I FILED NUMEROUS GRIEVANCES ABOUT LATE SHOTS, RUNNING OUT OF THE RIBAVIRIN AND THE LACK OF QUALIFICATIONS OF THOSE ORDERING AND ADMINISTERING IT. THESE WERE DENIED SO I APPEALED THESE DECISIONS TO MR. HOWARD EARLY ON BEFORE THE SUCCESS OF THE TREATMENT HAD BEEN COMPROMISED PROVIDING EXTENSIVE WRITTEN MEDICAL EXPERT OPINION TO SHOW THE VALIDITY OF MY ALLEGATIONS AND WARN IF THE IRRESPONSIBILITY CONTINUED MORE MISSED SHOTS COULD COMPROMISE THE TREATMENTS' SUCCESS. MR. HOWARD DENIED MY APPEAL ALLOWING F.C.M. TO UNDERSTAND THAT THEY COULD CONTINUE TO HAPHAZARDLY ADMINISTER MY TREATMENT WITH NO CONSEQUENCES AND NOT LONG AFTER HIS DENIAL OF MY GRIEVANCE APPEAL TWO MORE VERY LATE SHOTS IN DEC. OF 2005 CAUSED MY VIRAL LOAD (WHICH HAD AT 6 MONTHS OF TREATMENT CAME BACK NON-DETECTABLE) TO RESURFACE AND NOT EVEN EXTENDED TREATMENT BROUGHT IT BACK TO NON-DETECTABLE (<50) AND IN DEC. OF 2006, SIX MONTHS AFTER TREATMENTS END IT WAS 7,570,000. Id. HAD MR. HOWARD UPHELD MY GRIEVANCE SENDING A MESSAGE THAT WOULD CAUSE THEM TO BECOME RESPONSIBLE AND THEREON ORDER MY SHOTS ON TIME THERE IS NO REASON THAT SINCE NON-DETECTABLE AT 6 MONTHS THIS TREATMENT SHOULD NOT HAVE BEEN SUCCESSFUL. MR. HOWARD UPHELD A SUBSEQUENT GRIEVANCE APPEAL CONCERNING LATE SHOTS AND MEDS BUT UNFORTUNATELY THE IRREVERSIBLE DAMAGE HAD ALREADY BEEN DONE. HE HAS ALSO MORE RECENTLY DENIED MY GRIEVANCE APPEALS REQUESTING A LIVER BIOPSY FIRST ORDERED BY A LIVER SPECIALIST THEN TWICE MORE IN THE PAST YEAR BY THE INFECTIOUS DISEASE SPECIALIST, (OTHER DENIALS AS WELL WHICH RIGHTLY SHOULD HAVE BEEN UPHELD BUT THE GRIEVANCE SYSTEM HERE REFUSES TO DO JUSTICE) MOST RECENTLY CAPT. MICHAEL MC CREANOR (UPON LEARNING I WAS IN LITIGATION) HALFWAY THROUGH A I.I MEDICAL GRIEVANCE HEARING TOLD ME TO "GET OUT" AFTER 2 OF 4 GRIEVANCES HAD BEEN HEARD AND THEN WITHOUT MY KNOWLEDGE OR CONSENT WITHDREW MY GRIEV-Id. AS OF 5-12-06 MY VIRAL LOAD IS 29,153,660.

ASKING YOUR HONORS' FORGIVENESS FOR ADDING THIS EXTRA SHEET ENTAILING STATEMENT OF CLAIM.

## IV. STATEMENT OF CLAIM   (PAGE 5 OF STATEMENT OF CLAIM)

ANCES DENYING MY RIGHT TO DUE PROCESS BY REFUSING TO ALLOW ME TO APPEAL AND EXHAUST MY IN HOUSE REMEDIES BEFORE BEING ABLE TO LITIGATE SO I DREW UP MY OWN GRIEVANCE APPEAL FORMS AND SENT THEM TO MR. HOWARD TO SHOW HIM HOW MY CIVIL RIGHTS WERE BEING VIOLATED (AS CAPT. MC. CREANOR BULLIES MEN INTO SIGNING OFF OR FACE RETALIATION DURING HIS 4-12 SHIFT WHICH I'VE EXPERIENCED) BUT WHEN I TOLD CPL. MERSON (GRIEVANCE ASST.) I'D MADE MY OWN AND SENT THEM TO MR. HOWARD SHE SAID HE'LL JUST SEND THEM BACK TO ME IN ESSENCE SAYING HE WOULD JUST PUT HIS RUBBER STAMP OF APPROVAL ON THEIR UNJUST BEHAVIOR.

7. "MR. STANLEY TAYLOR DE. DEPT. OF CORR'S COMMISSIONER OF CORRECTIONS" — AS THE COMM. OF CORR. OF DE, PRISONS MR. TAYLOR IS ULTIMATELY RESPONSIBLE FOR THE SAFE AND SMOOTH RUNNING OF PRISONS AND ALSO ASSURING PRISONERS' CIVIL AND CONSTITUTIONAL RIGHTS ARE NOT VIOLATED AND HE IS RESPONSIBLE WHEN MADE AWARE OF REPEATED CIVIL RIGHTS VIOLATIONS WITHIN THE SYSTEM TO ACT TO CORRECT THESE DEFICIENCIES. IN SEPT. AND OCT. THE (DELAWARE) NEWS JOURNAL FEATURED NIGHTLY ARTICLES CONCERNING THE ILL TREATMENT OF INMATES WITH VERY SERIOUS MEDICAL PROBLEMS BUT INSTEAD OF REALIZING AND ADMITTING THERE WAS A CONTINUAL PATTERN OF MISTREATMENT HE CHOSE RATHER TO DENY THERE WAS A PROBLEM CAUSING THE TREATMENT TO BECOME WORSE AS THOSE DOING THE WRONG WERE LED TO BELIEVE HIS INACTION WAS A LICENSE TO CONTINUE THEIR ATROCITIES AND NEVER BE HELD RESPONSIBLE.

AS. THE COMM. OF CORR'S MR. TAYLOR (AND PERSONALLY AS A HUMAN BEING WHO WHEN HE KNOWS A FELONY IS BEING COMMITTED BUT REFUSES TO ACT (MISPRISION OF A FELONY) HE IS AS RESPONSIBLE AS THOSE COMMITTING THE ACT) IS RESPONSIBLE FOR THE "DELIBERATELY INDIFFERENT" (WITH "MALICIOUS AFORETHOUGHT" AT TIMES) MEDICAL CARE WHICH I HAVE RECEIVED SINCE INCARCERATED HERE AT THE DE. CORR. CENTER CAUSING ME "WANTON AND UNNECESSARY INFLICTION OF PAIN AND SUFFERING" "PERMENANT PHYSICAL IMPAIRMENT AND DISABILITY", "SEVERE UNNECESSARY MENTAL AND EMOTIONAL ANGUISH" "REPUGNANT TO MANKIND" AND "EVOLVING ALL STANDARDS OF DECENCY IN ANY CIVILIZATION" BECAUSE HE REFUSED TO BE RESPONSIBLE TO MAKE SURE MY CONSTITUTIONALLY PROTECTED CIVIL RIGHTS WERE NOT VIOLATED WHILE INCARCERATED AND A WARD OF HIS CARE, IN VIOLATION OF MY EIGHTH AMMENDMENT RIGHT.

WHILE HERE MY 14th AMMENDMENT RIGHT TO DUE PROCESS HAS ALSO BEEN VIOLATED NUMEROUS TIMES AS MAIL AND PACKAGES I HAVE SENT OUT TO GOVERNMENTAL OFFICIALS SUCH AS U.S.A.G. JON ASHCROFT (WHEN IN OFFICE) U.S.A.G. BRADLEY J. SCHLOZMAN, U.S.A.A.G. WAN J. KIM, U.S. ATTY COLM CONNOLLY AND LETTERS AND PACKAGES TO ATTORNEYS, DRUG COMPANIES ETC. HAVE NOT REACHED THEIR DESTINATIONS ALTHOUGH I WAS CHARGED FOR THESE PACKAGES, LEGAL MAIL SENT TO ME HAS BEEN OPENED OUTSIDE OF MY PRESENCE AND NOT LOGGED, NOT RECEIVED (AS I FOUND OUT BY PHONE), OUTGOING LEGAL MAIL HAS BEEN REFUSED TO BE LOGGED AND CERTIFIED MAIL TRACKING RECEIPTS I PAID FOR NOT RETURNED TO ME, I'VE BEEN DOUBLE CHARGED (AND EVEN CHARGES FRAUDULENTLY CHANGED) FOR LEGAL MAIL IN AN ATTEMPT TO DISCOURAGE MY EFFORTS, CERTAIN LAW LIBRARY CLERKS HAVE DICTATED TO ME WHAT I CAN AND CANNOT USE AS EVIDENCE AGAINST THEIR EMPLOYERS AND THE COPIES OPENED HERE IN THE BLDG. AND PERUSED BY THE GUARDS BEFORE GIVING THEM TO ME VIOLATING ATTY./CLIENT CONFIDENTIALITY. MR. TAYLOR IS ULTIMATELY RESPONSIBLE FOR THESE ACTIONS.

(PAGE 2 OF RELIEF)

<u>V. RELIEF</u>

1. AS TO DEFENDANT CORRECTIONAL MEDICAL SERVICES INC. (C.M.S.) FOR "DELIBERATELY INDIFFERENT" ACTS COMMITTED AFTER FEB. OF 2004 PLAINTIFF SEEKS DAMAGES IN THE AMOUNT OF $1,000,000.00, (ONE MILLION DOLLARS) DIVIDED IN APPROPRIATE DAMAGES AS THE COURT (OR JURY) SEES JUST.

2. AS TO DEFENDANT FIRST CORRECTIONAL MEDICAL (F.C.M.) FOR "DELIBERATELY INDIFFERENT" ACTS (AT TIMES WITH "MALICIOUS AFORETHOUGHT") COMMITTED AFTER FEBRUARY OF 2004 PLAINTIFF SEEKS DAMAGES IN THE AMOUNT OF $1,000,000.00 (ONE MILLION DOLLARS) DIVIDED IN APPROPRIATE DAMAGES AS THE COURT (OR JURY) SEES JUST.

3. AS TO DEFENDANT DR. SITTA-GOMBEH ALIE FOR "DELIBERATELY INDIFFERENT" ACTS COMMITTED AFTER FEBRUARY 2004 PLAINTIFF SEEKS DAMAGES IN THE AMOUNT OF $1,000,000.00 (ONE MILLION DOLLARS) DIVIDED IN APPROPRIATE DAMAGES AS THE COURT (OR JURY) SEES JUST.

4. AS TO THE DEFENDANT DR. TAMMY KASTRE FOR "DELIBERATELY INDIFFERENT" ACTS COMMITTED AFTER FEBRUARY OF 2004 PLAINTIFF SEEKS DAMAGES IN THE AMOUNT OF $1,000,000.00 (ONE MILLION DOLLARS) DIVIDED IN APPROPRIATE DAMAGES AS THE COURT (OR JURY) SEES JUST.

5. AS TO DEFENDANT DR. MOHAMMED NIAZ FOR "DELIBERATELY INDIFFERENT" ACTS COMMITTED AFTER FEBRUARY OF 2004 PLAINTIFF SEEKS DAMAGES IN THE AMOUNT OF $1,000,000.00 (ONE MILLION DOLLARS) DIVIDED IN APPROPRIATE DAMAGES AS THE COURT (OR JURY) SEES JUST.

6. AS TO DEFENDANT MR. PAUL HOWARD, BUREAU CHIEF OF THE DELAWARE DEPT. OF CORRECTIONS PLAINTIFF SEEKS TO SUE MR. HOWARD IN HIS PERSONAL (INDIVIDUAL) AND PROFESSIONAL CAPACITIES FOR DAMAGES IN THE AMOUNT OF $2,000,000.00 (TWO MILLION DOLLARS) FOR 8TH AND 14TH AMMENDMENT VIOLATIONS DIVIDED IN APPROPRIATE DAMAGES AS THE COURT (OR JURY) SEES JUST.

7. AS TO DEFENDANT MR. STANLEY TAYLOR, COMMISSIONER OF CORRECTIONS OF THE STATE OF DELAWARE PLAINTIFF SEEKS TO SUE MR. TAYLOR IN HIS PERSONAL (INDIVIDUAL) AND PROFESSIONAL CAPACITIES FOR VIOLATIONS OF HIS 8TH AND 14TH AMMENDMENT CONSTITUTIONAL RIGHTS IN THE FORM OF A "PERPETUAL INJUNCTION" ONLY WITH REGARD TO DEFENDANT STANLEY TAYLOR WHERE DISPOSAL OF THE SUIT IS CONCERNED) BUT PERPETUAL TO THE OFFICE OF THE COMMISSIONER OF CORRECTION OF THE STATE OF DELAWARE PERPETUALLY BUT NOT INVOLVING DISMISSAL OF ANY OF THE OTHER ABOVE NAMED DEFENDANTS' IN THIS SUIT.
    THIS PERPETUAL INJUNCTION WOULD INCLUDE THE FOLLOWING CONCERNS:
1.) A MORE HANDS ON RELATIONSHIP BETWEEN THE COMM. OF CORR'S OFFICE AND THE

( PAGE 3 OF RELIEF )

## I. RELIEF

WARDENS IN THE DE. CORR. SYSTEM.

2) ACCOUNTABILITY BY THE WARDEN AND DEPUTY WARDENS' WITH REGARD TO IS-
SUES BROUGHT TO THEIR ATTENTION BY INMATE'S LETTERS BY WRITTEN REPLY.

3) A COMPLETE REWORKING OF THE PRESENT GRIEVANCE SYSTEM SETTING NEW
GUIDELINES FOR TIME FRAMES FOR WHICH GRIEVANCES MUST BE ANSWERED BY,
WHICH ARE IN REASON AND THE ENFORCEMENT OF ISSUES FOR WHICH GRIEVAN-
CES HAVE BEEN UPHELD, AND THE ASSURANCE OF PROTECTION FROM RETALIA-
TORY BEHAVIOR WHEN GRIEVANCES ARE FILED AGAINST STAFF AND ADMINIS-
TRATION OFFICIALS FOR WRONGFUL ACTIONS.

4) AN INDEPENDENT WORKER TO OVERSEE THE WORKINGS OF THE MAILROOM
AND HOLD MAILROOM WORKERS ACCOUNTABLE TO SEE THAT INMATE MAIL IS IN
FACT DELIVERED (EVEN IF IT INVOLVES CORRUPT ACTION VIOLATIONS BY STAFF
OR THE ADMIN. OFFICIALS) TO THE U.S.P.S. AND IF MAIL IS SENT OUT CERTIFIED
THAT THE POSTAL TRACKING NO. AND COST RECEIPT ARE IN FACT RETURNED TO THE
INMATE AND RECEIPT OF RECEIVERSHIP CARD WHEN APPLICABLE. ALSO A SYSTEM
TO LOG PRE-POSTAGED LEGAL MAIL TO SHOW IT HAS BEEN SENT OUT AND A SYSTEM
DEVELOPED IN THE BUILDINGS WHERE THE CHAIN OF COMMAND BETWEEN INMATE
AND THE U.S.P.S. IS NOT BROKEN AS IN OUR BLDG, A MAILBAG HANGS IN THE HALLWAY
WHERE STAFF AND INMATES HAVE OPPORTUNITY TO STEAL OR DESTROY MAIL, ALSO
CLOSER SCRUTINY ON INCOMING LEGAL MAIL SO THAT IT MUST BE LOGGED AND SIGNED
FOR AND OPENED IN THE PRESENCE OF THE INMATE AND A POSTED WEEKLY SHEET IN
EACH BLDG. SHOWING ALL LEGAL MAIL THAT'S ARRIVED SO THE I/M WILL KNOW IF HE GOT IT.

5) MOST IMPORTANTLY A MUCH MORE ON HANDS APPROACH BY THE ADMINISTRATION
WHERE THE MEDICAL TREATMENT OF INMATES IS INVOLVED AND IF AN INMATE IS BE-
ING DENIED TREATMENT AND WRITES TO AN ADMINISTRATION OFFICIAL THAT OFFICIAL
MUST FOLLOW UP AND CONTACT THE INMATE TO SHOW THE PROBLEM HAS BEEN RESOLVED,
AND LINES OF COMMUNICATION NOT CLOSED UNTIL RESOLUTION HAS BEEN ARRIVED UPON,
AND WHEN EMERGENCY MEDICAL GRIEVANCES ARE FILED WITH THE WARDEN THAT HE
ACTUALLY RESPONDS TO THEM WITH URGENCY, AS HUMAN LIFE MAY HANG IN THE BALANCE.

6) A POSTING IN THE BLDG'S. IN PLAIN VIEW A LISTING OF ALL HOUSING RULES, DISCIPLINARY
ACTION PROCEDURES AND NEW GRIEVANCE GUIDELINES.

7) THE LAW LIBRARY NOT OVERSTEPPING ITS' AUTHORITY AND DICTATING WHAT CAN AND
CANNOT BE INTRODUCED AS EVIDENCE BEFORE THEY'LL COPY IT IF YOU HAVE A LEGITI-
MATE OPEN CASE.

8) AND IF THESE ISSUES ARE ADDRESSED AND A SYSTEM OF FAIR PLAY AND JUSTICE
ARE INCORPORATED HERE THAT PROTECT THE CONSTITUTIONALLY GUARANTEED
CIVIL RIGHTS OF THE INMATE POPULATION HERE THEN AND ONLY THEN WOULD THE
PLAINTIFF ASK FOR HIS IMMEDIATE UNCONDITIONAL RELEASE (AS I ONLY HAVE
8-9 MONTHS OF LEVEL I TIME REMAINING) AS THE TWO FAILED MISADMINISTERED
LIVER TREATMENTS THE PLAINTIFF HAS ENDURED HAVE CAUSED A PARADOXICAL
WORSENING OF HIS LIVER DISEASE AS ONE YEAR AGO HIS VIRAL LOAD WAS 55, SIX MONTHS
AGO 7,570,000, TODAY 19,153,660 ONE YEAR AFTER TREATMENT SO TO HAVE PLAINTIFF
MAY NEED A LIVER TRANSPLANT VERY SOON WHICH HE CANNOT RECEIVE WHILE INCARCERATED.
PLAINTIFF WOULD THEN DROP CIVIL ACTION AGAINST MR. TAYLOR AND RESPECT HIM FOR DOING WHAT IS
JUST AND RIGHT.

PLAINTIFF CLAIMS THAT THE DEFENDANTS "DELIBERATELY INDIFFERENT" TREATMENT OF HIS VERY "SERIOUS MEDICAL PROBLEMS" CAUSED THE PLAINTIFF EXTREME "WANTON AND UNNECESSARY PHYSICAL PAIN AND SUFFERING" ALONG WITH "SEVERE" MENTAL AND EMOTIONAL PAIN AND ANGUISH" TRAUM- ATIZING THE PLAINTIFF AND CAUSING THE NEED FOR PSYCHOTRO- PIC MEDICATION TO TREAT THE EMOTIONAL PROBLEMS CREATED BY THE DEFENDANTS CALLOUS AND LIFE THREATENING TREAT- MENT OF DEFENDANTS SERIOUS MEDICAL PROBLEMS AND CAUSING THE DEFENDANT "PERMENANT AND IRREPAIRABLE PHYSICAL INFIRMITY" AND "QUITE POSSIBLY A DEATH SENTENCE" DEPENDENT UPON THE PROGRESSION OF PLAINTIFFS' LIVER FIBRO- SIS AND ALSO POSSIBLY THROUGH M.R.S.A. INFECTION.
    DUE TO LACK OF TIMELY TREATMENT PLAINTIFF NOW NEEDS A HIP REPLACEMENT AND KNEE SURGERY AND AT SOMETIME (POSSIBLY TOMORROW) A LIVER TRANSPLANT AS WITH PLAINTIFFS' 19,153,660 VIRAL LOAD PEGINTRON TREATMENT IS NO LONGER A VIABLE OP- TION. PLAINTIFFS' TREATMENT BY DEFENDANTS HAS BEEN SO "DELIB- ERATELY INDIFFERENT" AS TO BE "REPUGNANT TO THE CONSCIENCE OF MANKIND" EVOLVING ALL STANDARDS OF DECENCY" IN ANY SOCIETY IN VIO- LATION OF MY 8th AMMENDMENDMENT RIGHT TO BE "FREE FROM CRUEL AND UNUSUAL PUNISHMENT AND THEY ALSO VIOLATED MY 14th AM- MENDMENT RIGHT TO DUE PROCESS OF LAW IN TRYING TO COVER UP THEIR CRUEL AND UNUSUAL PUNISHMENT.

I declare under penalty of perjury that the foregoing is true and correct.


Signed this ___5th___ day of ___JUNE_____, 2006 .


_Richard Mark Turner_
          (Signature of Plaintiff 1)


_____
          (Signature of Plaintiff 2)


_____
          (Signature of Plaintiff 3)


4

AO 240 (Rev. 10/03)
DELAWARE (Rev. 4/05)

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

RICHARD MARK TURNER AND ESTATE
_____
Plaintiff

V.

_____
Defendant(s)

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

CASE NUMBER:

I, RICHARD 'MARK' TURNER _____ declare that I am the (check appropriate box)

X Petitioner/Plaintiff/Movant      • Other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915, I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?     X Yes     • No     (If "No" go to Question 2)

    If "YES" state the place of your incarceration  DE. CORR. CENTER  SMYRNA, DE.  ____

    Inmate Identification Number (Required): # 00363670 _____

    Are you employed at the institution? YES   Do you receive any payment from the institution? YES

    _Attach a ledger sheet from the institution of your incarceration showing at least the past six months'_
    _transactions._

2.  Are you currently employed?     X Yes     • No

    a.  If the answer is "YES" state the amount of your take-home salary or wages and pay period a and give the name and address of your employer. 38.40 PER MONTH

    b.  If the answer is "NO" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3.  In the past 12 twelve months have you received any money from any of the following sources?

    | | | Yes | No |
    |---|---|---|---|
    | a. | Business, profession or other self-employment | • Yes | X No |
    | b. | Rent payments, interest or dividends | • Yes | X No |
    | c. | Pensions, annuities or life insurance payments | • Yes | X No |
    | d. | Disability or workers compensation payments | • Yes | X No |
    | e. | Gifts or inheritances | • Yes | X No |
    | f. | Any other sources | X Yes | • No |

    If the answer to any of the above is "YES" describe each source of money and state the amount received _AND_ what you expect you will continue to receive.
    I RECEIVE @ $30.50 A MONTH FROM FRIENDS AND FAMILY

AO 240 Reverse (Rev. 10/03)
DELAWARE (Rev. 4/05)

4.    Do you have any cash or checking or savings accounts?         • • Yes      ·✗· No

If "Yes" state the total amount  $_____

5.    Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other
      valuable property?
                                                                    • • Yes      ·✗· No

If "Yes" describe the property and state its value.

6.    List the persons who are dependent on you for support, state your relationship to each person and
      indicate how much you contribute to their support, OR state NONE if applicable.

            NONE

I declare under penalty of perjury that the above information is true and correct.

___6-5-06___                    ___Richard Mark Furner___
    DATE                         SIGNATURE OF APPLICANT

NOTE TO PRISONER:  A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit
stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional
officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.
If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified
statement of each account.

# DELAWARE CORRECTIONAL CENTER
## SUPPORT SERVICES OFFICE
### MEMORANDUM

TO: _Richard Mark Turner_ SBI#: _3703670_

FROM: *Stacy Shane, Support Services Secretary*

RE: _6 Months Account Statement_

DATE: _January 12, 2006_

---

*Attached are copies of your inmate account statement for the months of* _July 1, 2005_ to _December 31, 2005_

*The following indicates the average daily balances.*

| MONTH | AVERAGE DAILY BALANCE |
|-------|----------------------|
| July | 37.57 |
| Aug | 435 |
| Sept | 22.31 |
| Oct | 17.34 |
| Nov | 7.10 |
| Dec | 33.19 |

*Average daily balances/6 months:* _20.37_

Attachments
CC: File

Stacy Shane
1/12/06

Mike L
1/13/06
Notary public

# Individual Statement

## For Month of July 2005

Date Printed: 1/12/2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | |
|---|---|---|---|---|---|
| 00363670 | Turner | Richard | M | M | Beg Mth Balance: $0.00 |
| Current Location: S1 | | Comments: | | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Wage-1099 | 7/1/2005 | $38.40 | $0.00 | $0.00 | $38.40 | 126654 | | S-1 5/24-6/23 | |
| Canteen | 7/6/2005 | ($6.66) | $0.00 | $0.00 | $31.74 | 128255 | | | |
| Pay-To | 7/7/2005 | ($8.00) | $0.00 | $0.00 | $23.74 | 129575 | | | |
| Visit | 7/11/2005 | $60.00 | $0.00 | $0.00 | $83.74 | 130269 | | DST/POSTAGE | UNK |
| Canteen | 7/19/2005 | ($51.96) | $0.00 | $0.00 | $31.78 | 133324 | 03473317032093 | | |
| Pay-To | 7/21/2005 | ($7.81) | $0.00 | $0.00 | $23.97 | 134900 | | DST/POSTAGE | |
| Pay-To | 7/21/2005 | ($7.90) | $0.00 | $0.00 | $16.07 | 134942 | | DST/POSTAGE | |
| Pay-To | 7/21/2005 | ($8.00) | $0.00 | $0.00 | $8.07 | 134964 | | DST/POSTAGE | |
| Pay-To | 7/21/2005 | ($8.00) | $0.00 | $0.00 | $0.07 | 134963 | | DST/POSTAGE | |
| Mail | 7/22/2005 | $40.00 | $0.00 | $0.00 | $40.07 | 135118 | 8887035824 | | R B TURNER |
| Pay-To | 7/22/2005 | ($3.85) | $0.00 | $0.00 | $36.22 | 135283 | | DST/POSTAGE | |
| Canteen | 7/25/2005 | ($35.69) | $0.00 | $0.00 | $0.53 | 135978 | | | |

Ending Mth Balance: $0.53

Total Amount Currently on Medical Hold: $0.00

Total Amount Currently on Non-Medical Hold: $0.00

# Individual Statement
## For Month of August 2005

Date Printed: 1/12/2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | | Beg Mth Balance | $0.53 |
|---|---|---|---|---|---|---|---|
| 00363670 | Turner | Richard | M | | | | |

Current Location: S1      Comments:

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Wage-1099 | 8/1/2005 | $38.40 | $0.00 | $0.00 | $38.93 | 137906 | | S-1 6/24-7/23 | |
| Pay-To | 8/1/2005 | ($4.00) | $0.00 | $0.00 | $34.93 | 138268 | | PROJECT AWARE | |
| Canteen | 8/2/2005 | ($34.92) | $0.00 | $0.00 | $0.01 | 139297 | | | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($38.80) | $0.01 | 140513 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($8.80) | $0.01 | 140514 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($13.55) | $0.01 | 140515 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($13.55) | $0.01 | 140516 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($15.10) | $0.01 | 140517 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($3.95) | $0.01 | 140518 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($3.95) | $0.01 | 140519 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($14.05) | $0.01 | 140788 | | DST/POSTAGE | |
| Pay-To | 8/4/2005 | $0.00 | $0.00 | ($11.40) | $0.01 | 140789 | | DST/POSTAGE | |
| Legal | 8/5/2005 | $0.00 | $0.00 | ($13.97) | $0.01 | 141289 | | 7/2005 | |
| Pay-To | 8/5/2005 | ($0.01) | $0.00 | ($8.79) | $0.00 | 141438 | | DST/POSTAGE | |
| Mail | 8/18/2005 | $100.00 | $0.00 | $0.00 | $100.00 | 146515 | 0123644349 | | UNKNOWN |
| Pay-To | 8/19/2005 | ($8.79) | $0.00 | $0.00 | $91.21 | 147328 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($8.89) | $0.00 | $0.00 | $82.32 | 147329 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($13.55) | $0.00 | $0.00 | $68.77 | 147330 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($13.55) | $0.00 | $0.00 | $55.22 | 147331 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($15.10) | $0.00 | $0.00 | $40.12 | 147332 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($3.95) | $0.00 | $0.00 | $36.17 | 147333 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($3.95) | $0.00 | $0.00 | $32.22 | 147334 | | DST/POSTAGE | |
| Legal | 8/19/2005 | ($6.77) | $0.00 | ($7.20) | $25.45 | 147398 | | 7/2005 | |
| Pay-To | 8/19/2005 | ($14.05) | $0.00 | $0.00 | $11.40 | 147391 | | DST/POSTAGE | |
| Pay-To | 8/19/2005 | ($11.40) | $0.00 | $0.00 | $0.00 | 147392 | | DST/POSTAGE | |

Ending Mth Balance: $0.00

Total Amount Currently on Medical Hold:   $0.00

Total Amount Currently on Non-Medical Hold:   $0.00

# Individual Statement

## For Month of September 2005

Date Printed: 1/12/2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance |
|---|---|---|---|---|---|
| 00363670 | Turner | Richard | M | | $0.00 |

Current Location: S1

Comments:

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Wage-1099 | 9/1/2005 | $38.40 | $0.00 | $0.00 | $38.40 | 152489 | | | |
| Pay-To | 9/6/2005 | $0.00 | $0.00 | $0.00 | $38.40 | 153115 | | S BLDG 7/24-B/23 | |
| Canteen | 9/6/2005 | ($14.76) | $0.00 | $0.00 | $23.84 | 153756 | | | |
| Canteen | 9/8/2005 | ($15.28) | $0.00 | $0.00 | $8.36 | 154997 | | | |
| Legal | 9/9/2005 | ($7.20) | $0.00 | $0.00 | $1.18 | 155889 | | 7/2005 | |
| Canteen | 9/13/2005 | ($0.90) | $0.00 | $0.00 | $0.26 | 157018 | | | |
| Mail | 9/14/2005 | $40.00 | $0.00 | $0.00 | $40.26 | 157858 | 8889214950 | | R B TURNER |
| Supplies-MailP | 9/15/2005 | $0.00 | $0.00 | ($7.35) | $40.26 | 158520 | | POSTAGE | |
| Supplies-MailP | 9/15/2005 | $0.00 | $0.00 | ($7.90) | $40.26 | 158621 | | POSTAGE | |
| Canteen | 9/20/2005 | ($24.91) | $0.00 | $0.00 | $15.35 | 159817 | | | |
| Canteen | 9/20/2005 | $0.90 | $0.00 | $0.00 | $16.25 | 159831 | | REFUND | |
| Canteen | 9/27/2005 | ($0.90) | $0.00 | $0.00 | $15.35 | 162509 | | | |

Ending Mth Balance: $15.35

Total Amount Currently on Medical Hold: $0.00

Total Amount Currently on Non-Medical Hold: $0.00

**Individual Statement**

Date Printed: 1/12/2006

Page 1 of 1

## For Month of October 2005

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $15.35 |
|---|---|---|---|---|---|---|
| 00363670 | Turner | Richard | M | | | |
| Current Location: | S1 | | Comments: | | | |

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Wage-1099 | 10/3/2005 | $38.40 | $0.00 | $0.00 | $53.75 | 164761 | | S BLDG 624-9/23 | |
| Canteen | 10/4/2005 | ($38.41) | $0.00 | $0.00 | $15.34 | 165863 | | | |
| Supplies-MailP | 10/6/2005 | ($7.90) | $0.00 | $0.00 | $7.44 | 168166 | | POSTAGE | |
| Supplies-MailP | 10/6/2005 | ($7.35) | $0.00 | $0.00 | $0.09 | 168165 | | POSTAGE | |
| Mail | 10/25/2005 | $60.00 | $0.00 | $0.00 | $60.09 | 175341 | 8463109768 | | A. TURNER |

Ending Mth Balance: $60.09

Total Amount Currently on Medical Hold: $0.00

Total Amount Currently on Non-Medical Hold: $0.00

# Individual Statement

## For Month of November 2005

Date Printed: 1/12/2006

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $60.09 |
|---|---|---|---|---|---|---|
| 00363670 | Turner | Richard | M | | | |

Current Location: S1

Comments:

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|---|---|---|---|---|---|---|---|---|---|
| Wage-1099 | 11/1/2005 | $38.40 | $0.00 | $0.00 | $98.49 | 177295 | | | |
| Canteen | 11/1/2005 | ($74.46) | $0.00 | $0.00 | $24.03 | 178336 | | | |
| Canteen | 11/8/2005 | ($23.80) | $0.00 | $0.00 | $0.23 | 181295 | | | |
| Canteen | 11/29/2005 | ($0.20) | $0.00 | $0.00 | $0.03 | 189044 | | | |
| Mail | 11/30/2005 | $40.00 | $0.00 | $0.00 | $40.03 | 189865 | 9342073801 | S BLDG 9/24-10/23 | RB TURNER |

Ending Mth Balance:  $40.03

Total Amount Currently on Medical Hold:  $0.00

Total Amount Currently on Non-Medical Held:  $0.00

**Individual Statement**

Date Printed: 1/12/2006

**For Month of December 2005**

Page 1 of 1

| SBI | Last Name | First Name | MI | Suffix | Beg Mth Balance: | $40.03 |
|-----|-----------|------------|-----|--------|------------------|--------|
| 00361670 | Turner | Richard | M | | | |

Current Location:   S1

Comments:

| Trans Type | Date | Deposit or Withdrawal Amount | Medical Hold | Non-Medical Hold | Balance | Trans # | MO # or Ck # | PayTo | SourceName |
|-----------|------|------------------------------|--------------|------------------|---------|---------|--------------|-------|------------|
| Wage-1099 | 12/1/2005 | $38.40 | $0.00 | $0.00 | $78.43 | 190796 | | S BLDG 10/24-11/23/0 | |
| Canteen | 12/6/2005 | ($74.98) | $0.00 | $0.00 | $3.45 | 192099 | | | |
| Canteen | 12/13/2005 | ($3.31) | $0.00 | $0.00 | $0.14 | 194485 | | | |
| Mail | 12/19/2005 | $60.00 | $0.00 | $0.00 | $60.14 | 196743 | 072508072828 | | A. JOHNSON |
| Mail | 12/27/2005 | $25.00 | $0.00 | $0.00 | $85.14 | 199450 | 54922113752 | | BURRIS |
| Canteen | 12/27/2005 | ($59.03) | $0.00 | $0.00 | $26.11 | 199609 | | | |

Ending Mth Balance:    $26.11

Total Amount Currently on Medical Hold:    $0.00

Total Amount Currently on Non-Medical Hold: $0.00



26

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER,　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　)　　Civil No. 06-95-SLR
　　　　　　　　　　　　　　　)
DR. TAMMY KASTRE, et al.,　　)
　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　 )

ORDER

WHEREAS, plaintiff, Richard Mark Turner, was a prisoner
incarcerated at the Delaware Correctional Center, Smyrna,
Delaware at the time he filed his complaint under 42 U.S.C. §
1983, along with an application to proceed in forma pauperis
pursuant to 28 U.S.C. § 1915;

WHEREAS, on February 23, 2006, this court entered an order
granting leave to proceed in forma pauperis, requiring plaintiff
to pay the $250.00 filing fee as determined by statute, requiring
plaintiff to pay an initial partial filing fee of $21.88, and
requiring plaintiff to complete and return an authorization form
(D.I. 10);

WHEREAS, plaintiff filed the authorization form as required
by the court (D.I. 11);

WHEREAS, to date plaintiff has not paid the initial partial
filing fee of $21.88;

WHEREAS, on June 28, 2006, the court received plaintiff's

change of address indicating that he is no longer incarcerated
(D.I. 25);

WHEREAS, under the Prison Litigation Reform Act, release
does not eliminate the obligation of payment of a filing fee that
could and should have been met from the trust account while
imprisonment continued. Robbins v. Switzer, 104 F.3d 895, 899
(7th Cir. 1997); see also Draver v. Attorney General, Nos. 03-
2517, 03-2518, 81 Fed.Appx. 429 (3d. Cir. 2003).

THEREFORE, at Wilmington this _19th_ day of _July_, 2006,
IT IS HEREBY ORDERED that within thirty days from the date of
this order, plaintiff shall either pay the filing fee ($250) **or**
submit a new standard form application to proceed without
prepayment of fees and affidavit so the court may determine
whether he is still eligible to proceed in forma pauperis.

**NOTE: Failure to timely comply with this order shall result
in dismissal of this case without prejudice.**

_____
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER,          )
                              )
        Plaintiff,            )
                              )
    v.                        )   Civil Action No. 06-095 SLR
                              )
DR. TAMMY KASTRE, et al.,     )
                              )
        Defendants.           )

## ORDER

Plaintiff Richard Mark Turner, formerly an inmate at the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on February 23, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 10) The original complaint was screened and a service order entered. To date, service has not taken place.

Plaintiff filed a motion to correct misinterpretation of listing of defendants and relief sought and a motion to withdraw original complaint and submit a new complaint. (D.I. 20, 21) The motion to withdraw original complaint and submit a new complaint (D.I. 21) is granted. The motion to correct misinterpretation of listing of defendants and relief sought (D.I. 20) is denied as moot. Additionally, plaintiff has satisfied the filing prerequisites of 28 U.S.C. § 1915A, and the court has identified cognizable claims within the meaning of 28 U.S.C. § 1915A(b).

IN THE UNITED STAT

FOR THE DISTRIC

RICHARD MARK TURNER,          )
                              )
        Plaintiff,            )
                              )
    v.                        )
                              )
DR. TAMMY KASTRE, et al.,     )
                              )
        Defendants.           )

ORD

Plaintiff Richard Mark Turne

Delaware Correctional Center ("DC

action pursuant to 42 U.S.C. § 19

February 23, 2006, was granted in

to 28 U.S.C. § 1915. (D.I. 10)

screened and a service order ente

taken place.

Plaintiff filed a motion to

listing of defendants and relief

original complaint and submit a n

The motion to withdraw original c

complaint (D.I. 21) is granted.

misinterpretation of listing of d

(D.I. 20) is denied as moot. Add

satisfied the filing prerequisite

court has identified cognizable c

U.S.C. § 1915A(b).

NOW THEREFORE, at Wilmington this 19th day of July, 2006, IT IS ORDERED that:

1.    The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2.    The motion to correct misinterpretation of listing of defendants and relief sought (D.I. 20) is DENIED as moot.

3.    The motion to withdraw original complaint and submit a new complaint (D.I. 21) is GRANTED.  The case will proceed on the newly submitted complaint.  The named defendants are Correctional Medical Services, First Correctional Medical, Dr. Sitta Gombeh-Alie, Dr. Tammy Kastre, Dr. Mohammed Niaz, Mr. Paul Howard, and Mr. Stanley Taylor.

4.    Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **each** defendant, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c).  Plaintiff provided the court with one copy of the complaint (D.I. 21) for service upon each defendant. **Plaintiff is notified that the United States Marshal will not serve the  complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court.  Failure to provide the "U.S. Marshal 285" forms for each defendant and the attorney general**

2

within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

5.    Upon receipt of the form(s) required by paragraph 4 above, the United States Marshal shall forthwith serve a copy of the newly submitted complaint (D.I. 21), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

6.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

7.    Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a

3

memorandum of points and authorities and any supporting affidavits.

8.    No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

9.    **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

10.    **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***


_____
UNITED STATES DISTRICT JUDGE

4



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER,                    )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  ) Civ. No. 06-095 SLR
                                        )
CORRECTIONAL MEDICAL SERVICES,          )
DR. TAMMY KASTRE,                       )
FIRST CORRECTIONAL MEDICAL,             )
DR. SITTA GOMBEH-ALIE,                  )      **RECEIVED**
DR. MOHAMMAD NIAZ,                      )
DR. SURESH TRIVEDI,                     )      MAY - 9 2007
DR. STANLEY HOFFMAN,                    )
DR. KEITH IVENS,                        )
PRISON HEALTH SERVICES INC.,            )
STATE OF DELAWARE, and                  )
NURSE ROBERT HAMPTON,                   )
                                        )
            Defendants.                 )

O R D E R

        1.  The plaintiff Richard Mark Turner, SBI #363670, a

<u>pro se</u> litigant who is presently incarcerated, has filed this

action pursuant to 42 U.S.C. § 1983 and has requested leave to

proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.

        2.  Consistent with 28 U.S.C. § 1915(a)(1) and (2), the

plaintiff has submitted: (1) an affidavit stating that he has no

assets with which to prepay the filing fee; and (2) a certified

copy of his prison trust fund account statement for the six-month

period immediately preceding the filing of the above-referenced

complaint.  Based on the plaintiff's submissions, his request to

proceed <u>in forma pauperis</u> is granted.

3.  Notwithstanding the above, pursuant to 28 U.S.C. §
1915(b)(1), the plaintiff shall be assessed the filing fee of
$250.00 and shall be required to pay an initial partial filing
fee of 20 percent (20%) of the greater of his average monthly
deposit or average monthly balance in the trust fund account.

4.  In evaluating the plaintiff's account information,
the Court has determined that the plaintiff has an average
account balance of $20.52 for the six months preceding the filing
of the complaint.  The plaintiff's average monthly deposit is
$109.38 for the six months preceding the filing of the complaint.
Accordingly, the plaintiff is required to pay an initial partial
filing fee of $21.88, this amount being 20 percent (20%) of
$109.38, the greater of his average monthly deposit and average
daily balance in the trust fund account for the six months
preceding the filing of the complaint.  **Therefore, the plaintiff
shall, within thirty days from the date this order is sent,
complete and return the attached authorization form allowing the
agency having custody of him to forward the $21.88 initial
partial filing fee and subsequent payments to the Clerk of the
Court.  FAILURE OF THE PLAINTIFF TO RETURN THE AUTHORIZATION FORM
WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN
DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.  NOTWITHSTANDING ANY
PAYMENT MADE OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE
COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS**

2

TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS
MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH
RELIEF.

     5.  Upon receipt of this order and the authorization
form, the Warden or other appropriate official at the Delaware
Correctional Center, or at any prison at which the plaintiff is
or may be incarcerated, shall be required to deduct the $21.88
initial partial filing fee from the plaintiff's trust account,
when such funds become available, and forward that amount to the
Clerk of the Court.  Thereafter, absent further order of the
Court, each time that the balance in plaintiff's trust account
exceeds $10.00, the Warden or other appropriate official at
Delaware Correctional Center, or at any prison at which the
plaintiff is or may be incarcerated, shall be required to make
monthly payments of 20 percent (20%) of the preceding month's
income credited to the plaintiff's trust account and forward that
amount to the Clerk of the Court.

     6.  Pursuant to 28 U.S.C. § 1915(g), if the plaintiff
has had three or more actions dismissed by the Court on the
grounds that they were frivolous, malicious, or failed to state a
claim upon which relief may be granted, the Court shall deny the
plaintiff leave to proceed in forma pauperis in all future suits
filed without prepayment of the filing fee, unless the Court
determines that the plaintiff is under imminent danger of serious

3

physical injury.

DATED: 2/23/06

                                          _____
                                          United States District Judge

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER,                )
                                    )
          Plaintiff,                )
                                    )
     v.                             ) Civ. No.06-095 SLR
                                    )
CORRECTIONAL MEDICAL SERVICES,      )
DR. TAMMY KASTRE,                   )
FIRST CORRECTIONAL MEDICAL,         )
DR. SITTA GOMBEH-ALIE,              )
DR. MOHAMMAD NIAZ,                  )
DR. SURESH TRIVEDI,                 )
DR. STANLEY HOFFMAN,                )
DR. KEITH IVENS,                    )
PRISON HEALTH SERVICES INC.,        )
STATE OF DELAWARE, and              )
NURSE ROBERT HAMPTON,               )
                                    )
                                    )
          Defendants.               )

RECEIVED

MAY - 9 2007

**AUTHORIZATION**

I, Richard Mark Turner, SBI #363670 request and authorize
the agency holding me in custody to disburse to the Clerk of the
Court the initial partial filing fee of $21.88 and the subsequent
payments pursuant to 28 U.S.C. § 1915(b) and required by the
Court's order dated February 23, 2006.

This authorization is furnished to the Clerk of Court in
connection with the filing of a civil action, and I understand
that the filing fee for the complaint is $250.00.  I also
understand that the entire filing fee may be deducted from my
trust account regardless of the outcome of my civil action.  This

authorization shall apply to any other agency into whose custody
I may be transferred.

Date: _____, 2006.


                                    _____
                                    Signature of Plaintiff

2

(16)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER,                )
                                    )
            Plaintiff,              )
                                    )
        v.                          ) Civil Action No. 06-095 SLR
                                    )
CORRECTIONAL MEDICAL SERVICES,      )
DR. TAMMY KASTRE, FIRST             )
CORRECTIONAL MEDICAL,               )
DR. SITTA GOMBEH-ALIE,              )
DR. MOHAMMAD NIAZ, DR. SURESH       )
TRIVEDI, DR. STANLEY HOFFMAN,       )
DR. KEITH IVENS, PRISON HEALTH      )
SERVICES INC., STATE OF             )
DELAWARE, and NURSE ROBERT          )
HAMPTON,                            )
                                    )
            Defendants.             )

RECEIVED

MAY - 9 2007

## MEMORANDUM ORDER

Plaintiff Richard Mark Turner, an inmate at the Delaware

Correctional Center ("DCC"), filed this civil rights action

pursuant to 42 U.S.C. § 1983. He appears pro se and on February

23, 2006, was granted in forma pauperis status pursuant to 28

U.S.C. § 1915. (D.I. 10) Plaintiff filed his complaint on

February 10, 2006, and the next week filed an amended complaint.

(D.I. 2, 9) The complaints are identical with the exception of

additional damages contained in the amended complaint.

Accordingly, the court proceeds to review and screen the

complaint and amended complaint pursuant to 28 U.S.C. § 1915 and

§ 1915A.

For the reasons discussed below, defendants Correctional

IN THE UNITED STATES

FOR THE DISTRICT

RICHARD MARK TURNER,                )
                                    )
            Plaintiff,              )
                                    )
        v.                          )
                                    )
CORRECTIONAL MEDICAL SERVICES,      )
DR. TAMMY KASTRE, FIRST             )
CORRECTIONAL MEDICAL,               )
DR. SITTA GOMBEH-ALIE,              )
DR. MOHAMMAD NIAZ, DR. SURESH       )
TRIVEDI, DR. STANLEY HOFFMAN,       )
DR. KEITH IVENS, PRISON HEALTH      )
SERVICES INC., STATE OF             )
DELAWARE, and NURSE ROBERT          )
HAMPTON,                            )
                                    )
            Defendants.             )

MEMORANDU

Plaintiff Richard Mark Turne

Correctional Center ("DCC"), file

pursuant to 42 U.S.C. § 1983. He

23, 2006, was granted in forma pa

U.S.C. § 1915. (D.I. 10) Plaint

February 10, 2006, and the next w

(D.I. 2, 9) The complaints are i

additional damages contained in

Accordingly, the court proceeds t

complaint and amended complaint p

§ 1915A.

For the reasons discussed be

Medical Services, Inc., First Correctional Medical, Dr. Suresh Trivedi, Dr. Stanley Hoffman, Dr. Keith Ivens, Prison Health Services, Inc., and Nurse Robert Hampton are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as the claims against them are either barred by res judicata, malicious or fail to state a claim upon which relief may be granted.  The claim seeking monetary damages against the State of Delaware is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as it is immune from such relief.

I.    THE COMPLAINT

     This is the second lawsuit plaintiff has filed seeking recovery for alleged constitutional violations regarding his medical care and treatment.  Currently pending in this court is Civil Case No. 03-48-SLR, a case that alleges various defendants were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.  In the present case, plaintiff states that, "many of the issues which I am filing [sic] this additional suit concern and are subsequences [sic] of issues dealt with in my original suit and thus I would ask that this suit be a bridge to the date I filed my original suit".  (D.I. 9)

     Named as defendants in the current suit are Correctional Medical Services, Inc. ("CMS"), Dr. Tammy Kastre ("Dr. Kastre"), First Correctional Medical ("FCM"), Dr. Sitta Gombeh-Alie ("Dr.

2

Alie"), Dr. Mohammad Niaz ("Dr. Niaz"), Dr. Suresh Trivedi ("Dr. Trivedi"), Dr. Stanley Hoffman ("Dr. Hoffman"), Dr. Keith Ivens ("Ivens"), Prison Health Services, Inc. ("PHS"), the State of Delaware, Nurse Robert Hampton ("Hampton"), Stanley Taylor ("Taylor"), and Paul Howard ("Howard").

In general, plaintiff alleges that he has sustained permanent injury as a result of the action or inaction of the named defendants due to misdiagnosis of a serious staff infection, Methicillin-Resistant Staphylococcus Aureus ("MRSA"), when defendants failed to provide appropriate medical testing and treatment. Plaintiff alleges that he was infected with MRSA in June of 2002, but it was not diagnosed by a culture until June of 2005.

Plaintiff acknowledges that the current complaint is a continuation of his 2003 case, and seeks additional damages for his "newly discovered" medical condition. Plaintiff alleges that "many of the defendants' charges should be intensified and the 'statute of limitations' tolled as although numerous cultures were ordered and requested back in 2002 it was not until July of 2005 that the recurring infection was finally cultured and found to be MRSA causing severe (but not even know the extent internally) damage left untreated for over 3 years and undiagnosed". (D.I. 9, para. IV. 11) He seeks immediate medical release because he will "undoubtedly need a liver transplant" and

3

"probable knee surgery". (D.I. 9, V. 1)

II. **STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no

4

set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A.    Res Judicata

As plaintiff acknowledges, defendants Dr. Trivedi, Dr. Hoffman, PHS, and Hampton, were named as defendants in Civil Case No. 03-48-SLR (D.I. 9, paras. III. 9, 11; paras. IV. 6, 7, 9, 11). Plaintiff fails to mention that FCM was also named as a defendant in 03-48-SLR. As previously mentioned, plaintiff indicates that the current case is merely a continuation of 03-48-SLR.

This court may dismiss, sua sponte, claims barred by res judicata or claim preclusion. See King v. East Lampeter Township, No. 02-2122, 69 Fed.Appx. 94 (3d Cir. July 2, 2003) (appellate court affirmed district court's sua sponte dismissal of complaint on grounds of res judicata and collateral estoppel); Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1992). "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002).

Plaintiff is barred under the doctrine of res judicata or

5

issue preclusion to relitigate his claims against PHS, FCM, Drs. Trivedi and Huffman, and Nurse Hampton. In 03-48-SLR, the claim against PHS was dismissed as barred by the two year limitation period and later, summary judgment was granted in favor of FCM, Dr. Trivedi, Dr. Huffman, and Hampton on the medical needs claim. <u>Turner v. Correctional Medical Services</u>, Civ. No. 03-48-SLR, D.I. 79, 80, 110, 116 (D.Del). In granting summary judgment in favor of FCM, Dr. Trivedi, Dr. Huffman and Hampton, the court found that the medical care provided plaintiff was not violative of the Eighth or Fourteenth Amendments. <u>Id</u>. at D.I. 110, p. 7. It further stated that the documents on file demonstrated a consistent course of treatment for plaintiff's problems, and nothing in the record suggested these defendants acted with deliberate indifference to plaintiff's medical needs. <u>Id</u>.

Plaintiff may not relitigate the claims against defendants PHS, FCM, Drs. Trivedi and Huffman, and Nurse Hampton. The claims against these defendants are barred under the doctrines of res judicata or claim preclusion. Accordingly, PHS, FCM, Drs. Trivedi and Huffman, and Nurse Hampton are dismissed as defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), as the claims against them are barred by res judicata and for failure to state a claim upon which relief may be granted.

6

B.    **Maliciousness**

Dismissal is also appropriate for defendants CMS, FCM, Dr. Trivedi, Dr. Hoffman, Dr. Ivens, PHS, and Hampton on the basis that the amended complaint is considered malicious as that term is defined by 28 U.S.C. § 1915. A complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir.1993); see also Banks v. Gillie, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D.La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); McGill v. Juanita Kraft Postal Service, No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

As evidenced by plaintiff's own allegations, the current case is merely a continuation of another case pending before this court. Plaintiff provides no real additional allegations. Rather, he rehashes previous allegations and attempts to validate his allegations of deliberate indifference to a serious medical need in 03-48-SLR, by pointing to the recent July 2005 diagnosis of MSRA. Plaintiff admits he filed the current case to obtain the relief of a medical release in the event he requires a liver

7

transplant and/or knee replacement. In essence, this current case merely seeks additional damages for plaintiff's continuing injuries that, as alleged by plaintiff, stem from the actions of the defendants.

After reviewing the complaint in Civil Case No. 03-48-SLR and the amended complaint in the present case, the court concludes that as to those allegations against defendants CMS, FCM, Dr. Trivedi, Dr. Hoffman, Dr. Ivens, PHS, and Hampton, the amended complaint is malicious within the meaning of § 1915(e)(2)(B) and § 1915((b)(1). Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), defendants CMS, FCM, Dr. Trivedi, Dr. Hoffman, Dr. Ivens, PHS, and Hampton are dismissed without prejudice.

### C.    Eleventh Amendment Immunity

Also named as a defendant is the State of Delaware. Plaintiff seeks from the State of Delaware nominal, punitive, compensatory and hedonic damages, as well as injunctive relief in the form of "immediate medical release." (D.I. 9, para V. 10).

"Absent a state's consent, the eleventh amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Department of Corr., 749

8

F.Supp. 572, 579 (D.Del. 1990). The Eleventh Amendment shields states from suits by individuals absent their consent. <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 54 (1996). The Eleventh Amendment, however, permits suits for prospective injunctive relief against state officials acting in violation of federal law. <u>Ex parte Young</u>, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." <u>Frew v. Hawkins</u>, 540 U.S. 431, 437 (2004) (internal citations omitted). "Federal courts may not award retrospective relief, for instance money damages or its equivalent, if the State invokes its immunity." <u>Id</u>. (citations omitted).

Based upon the foregoing, plaintiff's claim for compensatory damages against the State has no arguable basis in law or in fact and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1).

## IV. DISCOVERY MOTIONS

Plaintiff filed interrogatories to be answered by a personal injury litigation party. (D.I. 5) He also filed a motion for "complete discovery" from defendants. (D.I. 6) At this stage of the litigation, the motions are premature inasmuch as the defendants have yet to be served with a copy of the complaint.

Accordingly, the motions for discovery (D.I. 5, 6) are denied without prejudice as premature. Plaintiff is given leave

9

to file new discovery requests once defendants have been served.

V.   APPOINTMENT OF COUNSEL

     Plaintiff also filed two motions for appointment of counsel.
(D.I. 4, 14)  The first motion (D.I. 4), filed on February 10,
2006, seeks appointed counsel on the bases that plaintiff is
indigent, unable to acquire competent counsel, a layperson and
unskilled in the law, and has a psychiatric condition.  The
second motion (D.I. 14) was filed in the current case, as well as
in 03-048-SLR, discussed herein above.  Plaintiff states that he
has contacted a Pennsylvania attorney regarding representation,
and asks the court to give the attorney "'ad hoc status' to
practice in Delaware" so that he may appear in both of
plaintiff's cases.  Id.

     A pro se litigant proceeding in forma pauperis has no
constitutional or statutory right to appointed counsel.  See Ray
Robinson, 640 F.2d 474, 477 (3d Cir. 1981).  It is within this
court's discretion to seek representation by counsel for
plaintiff "upon a showing of special circumstances indicating the
likelihood of substantial prejudice to [plaintiff] resulting from
[plaintiff's] probable inability without such assistance to
present the facts and legal issues to the court in a complex but
arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22,
26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d
Cir. 1993)(representation by counsel may be appropriate under

10

certain circumstances, after a finding that a plaintiff's claim
has arguable merit in fact and law).

As previously discussed, this case is in its initial stages
and service has not yet been effected.  It is this court's
practice to dismiss without prejudice motions for appointment of
counsel filed prior to service.  Moreover, should counsel be
retained by plaintiff, it is up to retained counsel, not
plaintiff, to file motions for relief to practice before this
court.  Accordingly, the motions for appointment of counsel (D.I.
4, 14) are denied without prejudice, with leave to refile
following service of the complaint.

VI.  CONCLUSION

NOW THEREFORE, at Wilmington this _1st_ day of May, 2006, IT
IS HEREBY ORDERED that:

1.   Correctional Medical Services, Inc., First Correctional
Medical, Dr. Suresh Trivedi, Dr. Stanley Hoffman, Dr. Keith
Ivens, Prison Health Services, Inc., and Nurse Robert Hampton are
dismissed without prejudice, as defendants, pursuant to 28 U.S.C.
§ 1915 and § 1915A as the claims against the defendants are
either barred by res judicata, claims malicious, or fail to state
a claim upon which relief may be granted.

2.   The claim seeking monetary damages from the State of
Delaware is dismissed as it is immune from such relief.

3.   The court has identified a cognizable Eighth Amendment

11

medical needs claim against defendants Dr. Tammy Kastre, Dr.
Sitta Gombeh-Alie, Dr. Mohammad Niaz, the State of Delaware (for
prospective injunctive relief), Stanley Taylor, and Paul Howard.
Plaintiff is allowed to PROCEED against these defendants.

    4.   The discovery motions (D.I. 5, 6) are DENIED without
prejudice, with leave to refile following service upon the
defendants

    5.   The motions for appointment of counsel (D.I. 4, 14) are
DENIED without prejudice, with leave to refile following service
upon the defendants.

    IT IS FURTHER ORDERED that:

    1.   The clerk of the court shall cause a copy of this order
to be mailed to plaintiff.

    2.   Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2),
plaintiff shall complete and return to the clerk of the court an
original "U.S. Marshal-285" form for the remaining defendants,
Dr. Tammy Kastre, Dr. Sitta Gombeh-Alie, Dr. Mohammad Niaz, the
State of Delaware, Stanley Taylor, and Paul Howard, as well as
for the Attorney General of the State of Delaware, 820 N. FRENCH
STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN.
tit. 10 § 3103(c). Plaintiff has provided the court with one
copy of the complaint and amended complaint (D.I. 2, 9) for
service upon the remaining defendants. Plaintiff is notified
that the United States Marshal will not serve the complaint and

12

amended complaint until all "U.S. Marshal 285" forms have been
received by the clerk of the court. Failure to provide the "U.S.
Marshal 285" forms for the remaining defendant(s) and the
attorney general within 120 days from the date of this order may
result in the complaint being dismissed or defendant(s) being
dismissed pursuant to Federal Rule of Civil Procedure 4(m).

3.  Upon receipt of the form(s) required by paragraph 2
above, the United States Marshal shall forthwith serve a copy of
the complaint, the amended complaint, this order, a "Notice of
Lawsuit" form, the filing fee order(s), and a "Return of Waiver"
form upon the defendant(s) identified in the 285 forms.

4.  Within **thirty (30) days** from the date that the "Notice
of Lawsuit" and "Return of Waiver" forms are sent, if an executed
"Waiver of Service of Summons" form has not been received from a
defendant, the United States Marshal shall personally serve said
defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said
defendant(s) shall be required to bear the cost related to such
service, unless good cause is shown for failure to sign and
return the waiver.

5.  Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who,
before being served with process timely returns a waiver as
requested, is required to answer or otherwise respond to the
complaint within **sixty (60) days** from the date upon which the

13

complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place.** An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_Sue L. Robinson_
UNITED STATES DISTRICT JUDGE

14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER,          )
                             )
            Plaintiff,        )
                             )
    v.                        )   Civ. No. 06-95-SLR
                             )
DR. TAMMY KASTRE, et al.,     )
                             )
            Defendants.       )

RECEIVED

MAY - 9 2007

O R D E R

At Wilmington this _14_ day of June 2006.

On May 18, 2006, plaintiff Richard Mark Turner, an inmate at
Delaware Correctional Center, filed a "motion to correct
misinterpertation [sic] of listing of defendants and relief
sought from said defendants from service." (D.I. 17) The court
construes the filing as a motion to voluntarily dismiss the State
of Delaware pursuant to Fed. R. Civ. P. 41(a).

In the same filing plaintiff advises the court that the
damages he seeks "were to be divided at the court's discretion
between Mr. Taylor and Mr. Howard according to their
involvement." The court construes this request as a motion to
amend the ad damnum clause of complaint. The motions are
granted.

IT IS THEREBY ORDERED as follows:

1.   The motion to voluntarily dismiss (D.I. 17) the State
of Delaware pursuant to Fed. R. Civ. P. 41(a) is GRANTED, and the
State of Delaware is DISMISSED as a party defendant.

2.    The motion to amend (D.I. 17) the ad damnum clause of the complaint is GRANTED.   The ad damnum clause of the complaint is amended to reflect that the damages plaintiff seeks are to be divided between Mr. Taylor and Mr. Howard according to their involvement.

UNITED STATES DISTRICT JUDGE

2

(2)

ORIGINAL

ORIGINAL COPY FOR
THE COURT.

RECEIVED

MAY - 9 2007

IN AND FOR THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

RICHARD MARK TURNER
(PLAINTIFF)

v.

CORRECTIONAL MEDICAL SERVICES INC. et al
(DEFENDANTS)

C.A. NO. 06-095-SLR

FILED

JUN -9 2006

BY U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MOTION TO WITHDRAW ORIGINAL COMPLAINT
SERVICE AND RESUBMIT ENCLOSED COMPLAINT

UPON RECEIPT OF YOUR HONORS' ORDER DATED MAY 22nd 2006
PLAINTIFF WAS ABLE TO UNDERSTAND THE MISTAKES WHICH HE MADE
HINGING UPON THE FACT THAT ANY ALLEGATIONS MADE BEFORE FEB.
OF 2004 COULD ONLY BE INCLUDED ON MY FIRST CIVIL SUIT C.A. NO.
03-048-SLR AND ALLEGATIONS AFTER FEB. OF 2004 ONLY COULD BE
ADDRESSED IN SUBSEQUENT SUIT 06-095-SLR WHICH UPON RECEIPT
OF YOUR MEMORANDUM ORDER I DID NOT UNDERSTAND AND IT ALLOWED
DEFENDANTS' TO BE DISMISSED WITHOUT PREJUDICE TO RENEW.

UPON CAREFUL THOUGHT PLAINTIFF REALIZED THAT IT WOULD BE
MUCH EASIER FOR THE PLAINTIFF AS WELL AS THE COURT TO SIMPLY RE-
WRITE THE ENTIRE COMPLAINT SAVING THE ADDED WORK FOR BOTH THE
COURT AND PLAINTIFF THAT ONE DEFENDANT AFTER ANOTHER WOULD
HAVE TO BE BROUGHT BACK IN. SO COMES NOW THE PLAINTIFF HUMBLY
AND RESPECTFULLY ASKING YOUR HONOR TO WITHDRAW BEFORE SERVICE
(AS I HAVE YET TO SERVICE ANY OF THE DEFENDANTS' THAT YOUR HONOR
GAVE ME PERMISSION TO SERVE) THE ORIGINAL COMPLAINT I SENT IN AND
ACCEPT THE NEWLY REDRAWN COMPLAINT.

I UNDERSTAND FROM YOUR MEMORANDUM YOUR HONOR THAT YOU
WILL (IF YOU CHOOSE TO ALLOW ME TO RESUBMIT THIS ) HAVE TO RESCREEN
THIS PURSUANT TO 28 U.S.C. §1915(e)(2) AND § 1915(a).

I APOLOGIZE TO YOUR HONOR FOR ANY INCONVENIENCE THIS MAY HAVE
CAUSED BUT IT WILL UNDOUBTEDLY IN THE LONG RUN CREATE LESS PAPER WORK
AND CAUSE YOU TO MAKE LESS RULINGS.

THANK YOU GOD BLESS YOU AND HAVE A WONDERFUL DAY.

MOST RESPECTFULLY
RICHARD MARK TURNER
#00363670 SI A-J
D.C.C.
1181 PADDOCK RD.
SMYRNA, DE, 19977

SIGNED: Richard Mark Turner
DATED: 6-5-06

ORIGINAL

IN AND FOR THE UNITED
DISTRICT OF DELA

RICHARD MARK TURNER
(PLAINTIFF)

v.

CORRECTIONAL MEDICAL SERVICES INC.
(DEFENDANTS)

MOTION TO WITHDRAW O
SERVICE AND RESUBMIT ENCLOSE

UPON RECEIPT OF YOUR HONO
PLAINTIFF WAS ABLE TO UNDERSTAN
HINGING UPON THE FACT THAT ANY
OF 2004 COULD ONLY BE INCLUDED
03-048-SLR AND ALLEGATIONS AFT
ADDRESSED IN SUBSEQUENT SUIT 0
OF YOUR MEMORANDUM ORDER I DID
DEFENDANTS' TO BE DISMISSED WITHO

UPON CAREFUL THOUGHT PLAINTI
MUCH EASIER FOR THE PLAINTIFF AS W
WRITE THE ENTIRE COMPLAINT SAVING
COURT AND PLAINTIFF THAT ONE DEF
HAVE TO BE BROUGHT BACK IN. SO C
AND RESPECTFULLY ASKING YOUR HO
(AS I HAVE YET TO SERVICE ANY OF THE
GAVE ME PERMISSION TO SERVE) THE
ACCEPT THE NEWLY REDRAWN COMP

I UNDERSTAND FROM YOUR ME
WILL (IF YOU CHOOSE TO ALLOW ME T
THIS PURSUANT TO 28 U.S.C. §1915(e)

I APOLOGIZE TO YOUR HONOR FOR A
CAUSED BUT IT WILL UNDOUBTEDLY IN TH
AND CAUSE YOU TO MAKE LESS RULINGS.
THANK YOU GOD BLESS YOU AND HAVE

SIGNED: Richard Mark Turner
DATED: 6-5-06

-2-

PLAINTIFF WOULD HUMBLY AND RESPECTFULLY ASK YOUR HONOR TO PLEASE ACCEPT THE PREVIOUS 6 MONTH ACCOUNT STATEMENT FOR WHICH $21.88 HAS ALREADY BEEN WITHDRAWN TOWARD C.A. NO. 06-095-SLR WHICH DEFENDANT IS WITHDRAWING IN ORDER TO RESUBMIT THIS REDONE CIVIL SUIT WHICH WILL REDUCE THE AMOUNT OF PAPERWORK FOR PLAINTIFF AND THE COURT IN NOT HAVING TO BRING BACK DEFENDANTS DISMISSED WITHOUT PREJUDICE TO RENEW ONE BY ONE WHICH IS THE REASON THE PLAINTIFF CHOSE TO REDO THE ENTIRE SUIT.

THE PLAINTIFF HAS CERTAINLY RECEIVED NO SUBSTANTIAL MONETARY ASSETS THAT WOULD CAUSE HIS MONTHLY BALANCE TO INCREASE OVER THE LAST REPORT IN FACT JUST THE OPPOSITE AS DUE TO LEGAL POSTAGE CHARGES PLAINTIFF HAS NOT BEEN TO THE COMMISSARY IN WELL OVER A MONTH.

SEEING PLAINTIFFS' MONETARY STRUGGLES, PLAINTIFF WOULD ASK THAT SINCE THIS REDONE SUIT IS BEING SUBMITTED BEFORE SERVICE UPON ANY DEFENDANTS THAT THE COURT WOULD GRACIOUSLY USE THE $21.88 TOWARD INITIAL PAYMENT OF THIS NEWLY WORDED SUIT AND IF POSSIBLE ALLOW THE SAME HEADING AND C.A.# 06-095-SLR TO BE USED IF THIS IS ACCEPTABLE.

MOST RESPECTFULLY,

Richard 'Mark' Turner

## CERTIFICATE OF SERVICE

I, James E. Drnec, hereby certify that on August 17, 2007, I electronically filed and served on the parties below in the manner indicated, copies of the Defendant Correctional Medical Service's Motion for Relief from Judgment Pursuant to Rule 60(b).

Mr. Richard Mark Turner                    *VIA FIRST CLASS MAIL*
07-0108
Centre Co. Corr. Facility
700 Rishell Hill Road
Bellefonte, PA 16823


_____/s/ James E. Drnec_____
James E. Drnec