IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER ,                    :
                                         :
                 Plaintiff,              :        C.A. No. 06-095 SLR
                                         :
v.                                       :
                                         :        JURY TRIAL DEMANDED
CORRECTIONAL MEDICAL SERVICES, :
  et al.,                                :
                                         :
                 Defendants.             :

## DEFENDANT SITTA GOMBEH-ALIE, M.D.'S
## MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)

Pursuant to Fed.R.Civ.P. 60(b), Defendant Sitta Gombeh-Alie, M.D. ("Dr. Alie") hereby moves for relief from the judgment and orders of this Court entered July 27, 2007 granting default judgment against, *inter alia*, CMS. In support of her Motion, Dr. Alie states as follows:

1.      On February 10, 2006, while incarcerated, Plaintiff filed the above-captioned action. (D.I. 2). An Amended Complaint was filed February 17, 2006 (D.I. 9). Following review of the Plaintiff's filings to date, including review of the Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915,  this Court entered its Memorandum Order on May 3, 2006 denying Plaintiff's motions as premature, and terminating certain named individuals as defendants to the action, including Dr. Alie. (D.I. 16)  Plaintiff moved to amend his pleadings, and on July 20, 2006, this Court entered its Order granting amendments which included naming Dr. Alie as a party defendant. (D.I. 27)

2.      As of September 26, 2006, Plaintiff was no longer incarcerated. (D.I. 38).  Plaintiff cannot rely on his incarceration as an excuse for his failure to effect service during this time.

3.      On December 15, 2006 service was purportedly made upon Dr. Alie, although the return of service is unclear as to where she was served.  Although the return of service indicates that

she was served at the "same" address as indicated at the top of the page, one address is lined out, and it appears another may have been written in and crossed out as well. (D.I. 49)

4.     On April 23, 2007, the Court ordered Plaintiff to show cause why the action should not be dismissed based on Plaintiff's failure to serve process as of that date. (D.I. 51)  On June 20, 2007, this Court entered its Order to Show Cause requiring Plaintiff to either move for entry of default judgment against, *inter alia*, Dr. Alie, or face dismissal as to those defendants. (D.I. 57). On July 5, 2007, Plaintiff moved for entry of default as to Dr. Alie and other defendants based on failure timely to answer or otherwise appear.  (D.I. 58)  No Notice of the pendency of this motion was served on Dr. Alie, despite Plaintiff's apparent knowledge of her whereabouts (evidence by his service of process).  On July 19, 2007, the Court granted Plaintiff's motion (D.I. 61); default judgment was entered against Dr. Alie and other defendants on July 27, 2007. (D.I. 62).

*Argument*

5.     Fed.R.Civ.P. 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .(4) the judgment is void . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

*Id.*

6.     A decision to reopen a default judgment under Rule 60(b) rests in the sound discretion of the trial court. *Reynolds v. Reynolds,* 595 A.2d 385, 389 (Del.1991).  Public policy prefers that a matter be decided on its merits, and therefore, Rule 60(b) is to be liberally construed. *Keystone*

*Fuel Oil Co. v. Del-Way Petroleum, Inc.,* 364 A.2d 826, 828 (Del.Super.1976)( *citing Model Finance Model Finance Co. v. Barton,* 188 A.2d 233, 234-235 (Del.Super.1963)).

7.      Rule 60(b) (4) allows the Court to vacate a judgment where that judgment is "void". Here, the judgment at issue should not be deemed effective.  Plaintiff's Amended Complaint against Dr. Alie was deemed filed July 20, 2006. (D.I. 27).  The Return of Service for Dr. Alie appears to indicate service on December 15, 2006, or 150 days later. (D.I. 49).  Pursuant to Fed.R.Civ.P. 4(m):

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*Id.*

This section contemplates an extension of time for good cause shown, however, Plaintiff never made such a showing nor did he even petition the Court within the time (120 days) set forth by the Rule, and such an extension should not have been granted, even constructively.  Plaintiff took more than 120 days to effect service, thus the Complaint upon which the judgment was premised was barred.  The judgment should be vacated and Dr. Alie allowed to defend this case on the merits.

7.      Plaintiff will not be prejudiced.  Numerous other defendants still remain in the case and the same issues are still alive.  Plaintiff will be required to litigate those remaining claims, and conduct essentially the same discovery.  In addition, even in the event that the Court declines to grant this motion, prior to a determination of damages, extensive discovery will still have to be undertaken to provide the parties with a reasonable opportunity to prosecute or defend their claims. The Plaintiff will not be prejudiced by vacation of this judgment; he will merely be

required to support the same burden of proof that he signed on for when he initiated this action, and the same burden of proof he faces against the remaining defendants.

8.     In addition to the defenses stated above, the allegations of this Complaint comprise many of the same allegations and seem to continue from the same set of facts as set forth in Plaintiff's other civil action before this Court, C.A. No. 03-048 SLR. Most importantly, it appears that Plaintiff is requesting damages here that seem identical in many respects to elements of the damages sought in C.A. No. 03-048 SLR (*See* D.I. 2; C.A. No. 03-048 SLR D.I. 279).  Plaintiff cannot file two suits to recover for one set of damages, and so either this suit must be dismissed, or plaintiff's damages claimed in one suit or the other must be limited to avoid cross-over and double-dipping.

9.     Plaintiff alleges constitutional violations in the instant suit.  Dr. Alie can defend those allegations on the grounds that it provided adequate medical care for the Plaintiff.  Given the very brief amount of time that Dr. Alie has been aware of these specific allegations (less than ten days), it is difficult to be more specific regarding precise defenses.  Taking the time to further investigate would cause Dr. Alie to run the risk that the Court felt she was not pursuing the instant remedy in a timely fashion

10.    Dr. Alie has no recollection of being served with this suit. She became aware of it when counsel for CMS notified her on or about August 20, 2007.  An investigation ensued to try to determine what had transpired, but her office had no record of having been served.

WHEREFORE, for the foregoing reasons, defendant Dr. Alie respectfully requests entry of an order in the form attached hereto vacating the entry of default judgment against her and allowing the matter to proceed on the merits.

BALICK & BALICK, LLC


_____/s/ James E. Drnec_____
James E. Drnec, Esquire (#3789)
711 King Street
Wilmington, Delaware 19801
302.658.4265
Attorneys for Defendant Dr. Alie

Date:  August 29, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER ,                    :
                                         :
            Plaintiff,                   :      C.A. No. 06-095 SLR
                                         :
v.                                       :
                                         :      JURY TRIAL DEMANDED
CORRECTIONAL MEDICAL SERVICES, :
  et al.,                                :
                                         :
            Defendants.                  :


## ORDER

AND NOW, this _____ day of _____, 2007, the Court having reviewed and considered Defendant Sitta Gombeh-Alie, M.D.'s Motion for Relief from Judgment Pursuant to Rule 60(b), and all opposition thereto, it is hereby ordered that the Motion is GRANTED.  The entry of default judgment as to Defendant Sitta Gombeh-Alie, M.D. (D.I. 62) is hereby vacated and the matter will proceed on the merits. Sitta Gombeh-Alie, M.D. is to file a responsive pleading within 20 days of the entry of this Order.


_____
Chief Judge Sue L. Robinson

## <u>CERTIFICATE OF SERVICE</u>

I, James E. Drnec, hereby certify that on August 29, 2007, I electronically filed and served on the parties below copies of Defendant Sitta Gombeh-Alie, M.D.'s Motion for Relief from Judgment Pursuant to Rule 60(B) via First Class Mail.

Richard Mark Turner
07-0108
Richard Mark Turner, Pro se
Centre Co. Corr. Facility
700 Rishell Hill Road
Bellefonte, PA 16823

Patrick G. Rock, Esquire
Megan Trocki Mantzavios, Esquire
Marks, O'Neill, O'Brien & Courtney, P.C.
913 North Market Street
Suite 800
Wilmington, DE 19801

    /s/ James E. Drnec    
James E. Drnec
