IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD MARK TURNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-095 SLR |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | |
| DR. TAMMY KASTRE, FIRST CORRECTIONAL | : | TRIAL BY JURY OF |
| MEDICAL, DR. SITTA GOMBEH-ALIE, | : | TWELVE DEMANDED |
| DR. MOHAMMAD NIAZ, STANLEY TAYLOR, | : | |
| and PAUL HOWARD, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT DR. MOHAMMAD NIAZ, M.D.'S
MOTION FOR RELIEF FROM ENTRY OF DEFAULT PURSUANT TO RULE 55(c)
AND/OR
MOTION FOR RELIEF FROM DEFAULT JUDGMENT PURSUANT TO RULE 60(b)**

Defendant Dr. Mohammed Niaz, MD, hereby requests special appearance and does not waive the defense of lack of personal jurisdiction, insufficient process and insufficient service of process and moves pursuant to Fed.R.Civ.P. 55(c) and or 60(b) to have entry of default lifted or to request relief from default judgment entered by the Clerk of the Court on July 27, 2007. Co-defendants Correctional Medical Services and Dr. Sitta Gombeh-Alie, M.D. have also filed motions seeking relief from default judgment and insofar as the parties are in similar situations and circumstances, Dr. Niaz adopts those respective motions and offers the following:

1. Plaintiff filed suit against a number of defendants including Dr. Mohammad Niaz on or about February 10, 2006. He then filed an Amended Complaint on February 17, 2006 (D.I. 9), another Amended Complaint on June 5, 2006 (D.I. 17), then a "new complaint" on June 9, 2006. (D.I. 21).

2.  On July 20, 2006, this Court granted the Plaintiff's Motion to submit the new

    Complaint and withdraw the earlier Complaint.  (D.I. 27).

3.  It appears from co-defendants' Motions and the Court Docket that the Plaintiff may

    not have been incarcerated as of July 25, 2006.

4.  On October 18, 2006, Dr. Niaz's Administrative Assistant, Alice Pleasanton,

    ostensibly received service of process at Dr. Niaz's medical practice, 266 S. College

    Avenue, Newark, Delaware.  See Exhibit A.

5.  Fed.R.Civ.P. 4(e) "Service Upon Individuals…" indicates that service may be

    effected:

    1) pursuant to the law of the state in which the district court is located…or 2) by
       delivering a copy of the summons and of the complaint to the *individual
       personally* or by leaving copies thereof at the individual's dwelling house or usual
       place of abode with some person of suitable age and discretion then residing
       therein or by delivering a copy of the summons and of the complaint to an agent
       authorized by appointment or by law to receive service of process.  (Emphasis
       added)

6.  Dr. Niaz's medical office is not his residence or usual place of abode.

7.  Alice Pleasanton is not the registered agent of Dr. Niaz and is not an agent authorized

    to accept service of process on behalf of Dr. Niaz.  See ¶4 of Affidavit of Alice

    Pleasanton attached as Exhibit B.

8.  The Delaware Rules of Civil Procedure regarding Service of Process are very similar

    to the Federal Rules of Civil Procedure.  Del.R.Civ.P. 4(f)(I) states that service of

    process may be made:

        Upon an individual…by delivering a copy of the summons, complaint and
        affidavit, to that individual personally or by leaving copies thereof at that
        individual's dwelling house or usual place of abode with some person of suitable
        age and discretion then residing therein, or by delivering copies thereof to an
        agent authorized by appointment or by law to receive service of process…

9.      Delaware law also requires that service be effected upon an individual personally. 10 Del.C. §3103 indicates that "A writ of summons may be served on the defendant in the manner prescribed by any rule of court, or … or by leaving a copy of it at the defendant's usual place of abode, in the presence of some adult person…"

10.     Service of process upon the Defendant's administrative assistant is no more effective in Delaware Superior Court than it is in Federal District Court.

11.     Though Alice Pleasanton does have a recollection of a plain clothes individual delivering papers she does not recall what they were and did not read them.  Alice Pleasanton believes she either placed them on the desk of Dr. Niaz's office manager (Mohammad Azhar Akhlaq), or on Dr. Niaz's desk, because that is what she would do with mail and deliveries.  See ¶10 of Affidavit of Alice Pleasanton attached as Exhibit B.

12.     Mohammad Azhar Akhlaq does not recall ever having seen any paperwork delivered by a sheriff notifying Dr. Niaz that he had been sued.  See ¶6 of Affidavit of Mohammad Azhar Akhlaq attached as Exhibit C.

13.     Dr. Niaz also does not recall having seen any paperwork or notice indicating that he had been sued by Mr. Turner in 2006. See ¶7 of Affidavit of Dr. Mohammad Niaz attached as Exhibit D.

14.     Alice Pleasanton has not been authorized to accept service of process on behalf of Dr. Niaz and until July 2007, Dr. Niaz was not aware that he had been sued by Mr. Turner in 2006.  See ¶8 of Exhibit D.

15.     On the day of attempted service, October 18, 2006, Dr. Niaz's office was absorbing another medical practice into its operations.  See ¶4-5 of Exhibit B attached.

16.     On October 18, 2006, Dr. Niaz was not present at his medical office at 266 S. College

        Avenue, Newark, Delaware as he was attending to duties at the Delaware

        Correctional Center.  See ¶12 of Exhibit A.

17.     It appears that the most likely reason that Dr. Niaz was not aware he was required to

        respond to a lawsuit is that the notice provided to him was lost due to a significant

        disruption in his medical office at the time service was attempted.

18.     The Default should not have been entered against Dr. Niaz as service of process was

        not properly perfected and Dr. Niaz was not aware that he had to answer a lawsuit.

19.     Dr. Niaz also has meritorious defenses to the claims against him.

20.     According to the Plaintiff's Complaint, it appears the Plaintiff is claiming that Dr.

        Niaz was deliberately indifferent to a serious medical need.  The Complaint alleges

        that the Plaintiff was diagnosed with M.R.S.A. and that he developed sores and

        infections on his body.

21.     Defense counsel is aware that this same Plaintiff filed a lawsuit in 2003 alleging

        among other things that injections of Interferon caused sores and infections.  Defense

        counsel believes that this Court has ruled in favor of the Plaintiff against Correctional

        Medical Services in that case ostensibly for not monitoring how the Plaintiff self

        injected his Interferon treatment.

22.     Plaintiff is then going to have to prove that his damages were caused by Dr. Niaz's

        intentional indifference to a serious medical need for Dr. Niaz's treatment of

        M.R.S.A. at the same time he is claiming infections and sores from the intentional

        indifference to a serious medical need from his interferon injection.

23.    The Plaintiff will not be prejudiced by lifting the Default as the Plaintiff is still required to prove his case against other codefendants and prove his damages.

24.    This Court has sound discretion to remove a default. *See Reynolds v. Reynolds,* 595 A.2d 385, 89 (Del. 1991) and public policy prefers that a matter be decided on its merits. *Keystone Fuel Oil Co. v. Del-Way Petroleum, Inc.*, 364 A.2d 826,28 (Del. Super.1976)(citing *Model Finance Co. v. Barton*, 188 A.2d 233, 34-235 (Del.Super.1963)).

25.    As Dr. Niaz has good cause for not Answering the Complaint and meritorious defenses, Dr. Niaz requests an opportunity to respond to the Complaint by answer or other responsive pleading.

WHEREFORE, Defendant asks that this Court to find that good cause exists to remove entry of default or lift Default Judgment and allow Dr. Niaz leave to Answer Complaint or otherwise plead within 20 days.

Marks, O'Neill, O'Brien & Courtney, P.C.

BY:   ___/s/ Patrick G. Rock Esquire
          Megan T. Mantzavinos, Esquire (ID 3802)
          Patrick G. Rock, Esquire (ID 4632)
          913 Market Street, #800
          Wilmington, DE  19801
          (302) 658-6538
          Attorney for Dr. Niaz

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER,                          :
                                              :
            Plaintiff,                        :
                                              :
      v.                                      :        C.A. No. 06-095 SLR
                                              :
CORRECTIONAL MEDICAL SERVICES, INC.,          :
DR. TAMMY KASTRE, FIRST CORRECTIONAL          :        TRIAL BY JURY OF
MEDICAL, DR. SITTA GOMBEH-ALIE,               :        TWELVE DEMANDED
DR. MOHAMMAD NIAZ, STANLEY TAYLOR,            :
and PAUL HOWARD,                              :
                                              :
            Defendants.                       :

## NOTICE OF MOTION

TO:  Richard Mark Turner            James E. Drnec, Esquire
     07-0108                        Balick & Balick, LLC
     Richard Mark Turner, Pro se    711 King Street
     Centre Co. Corr. Facility      Wilmington, DE 19801
     700 Rishell Hill Road          (302) 658-4265
     Bellefonte, PA 16823           Attorneys for Defendant CMS and Dr. Alie

PLEASE TAKE NOTICE that the Attached Motion to Lift Default shall be heard at the

convenience of the Court before The Honorable Sue L. Robinson, the Judge assigned to this

case.

Marks, O'Neill, O'Brien & Courtney, P.C.

BY:  ___*s/ Patrick G. Rock Esquire*___
     Megan T. Mantzavinos, Esquire (ID 3802)
     Patrick G. Rock, Esquire (ID 4632)
     913 Market Street, #800
     Wilmington, DE  19801
     (302) 658-6538
     Attorney for Dr. Niaz

{DE090230.1}

# Ex. A

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| RICHARD MARK TURNER | 06-095-SLR |
| DEFENDANT | TYPE OF PROCESS |
| DR. MOHAMMAD NIAZ | CIVIL ACTION |

| SERVE ➡ AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | DR. MOHAMMAD NIAZ |
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| | 266 S. COLLEGE AVE, NEWARK, DE. |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

RICHARD MARK TURNER
441 N. WALNUT ST
RISING SUN, MD.
21911-1605

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 20 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                         Fold

THIS IS DR. NIAZ' WORK ADDRESS SO HE WOULD
PROBABLY BE BEST SERVED HERE DURING NORMAL
WORKING HOURS MONDAY THROUGH FRIDAY.
                                          THANK YOU.

| Signature of Attorney or other Originator requesting service on behalf of: | ☑ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER (443) 907-7690 (410) 658-5221 | DATE 9-29-06 |
|---|---|---|---|
| Richard Mark Turner | | | |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date 10-6-06 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| Alice Pleasanton Admin Asst. | | |
| Address (complete only if different than shown above) | | Date of Service 10/18/06 |  Time 700 ☐ am ☒ pm |
| | | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

Ex. B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER,                          :
                                              :
            Plaintiff,                        :
                                              :
      v.                                      :     C.A. No. 06-095 SLR
                                              :
CORRECTIONAL MEDICAL SERVICES, INC.,          :
DR. TAMMY KASTRE, FIRST CORRECTIONAL          :     TRIAL BY JURY OF
MEDICAL, DR. SITTA GOMBEH-ALIE,               :     TWELVE DEMANDED
DR. MUHAMMAD A. NIAZ, STANLEY TAYLOR,         :
and PAUL HOWARD,                              :
                                              :
            Defendants.                       :

## AFFIDAVIT

STATE OF DELAWARE          :
                           :
COUNTY OF                  :

BE IT REMEMBERED that on this 9th day of _Sept._, 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, Alice Pleasanton, personally known to me as such, and being duly sworn according to law, did depose and say as follows based on personal knowledge:

1.   I am over the age of eighteen and competent to make this Affidavit.

2.   I am an administrative assistant for Dr. Muhammed A. Niaz, MD, and have served in that position since about 2003.

3.   My duties include assisting Dr. Niaz and his office manager in clerical matters, scheduling, and sometimes as a receptionist.

4.   I am not an agent of Dr. Niaz authorized to accept service of process on his behalf.

5. In October 2006, Dr. Niaz absorbed another medical practice formerly run by Dr. Thomas Duggan, MD, which more than doubled the number of files in our office.

6. I have checked the calendar and on October 18, 2006, Mohammad Azhar Akhlaq and myself were transporting the files from Dr. Duggan's office to Dr. Niaz' office for organizing and incorporating into Dr. Niaz' practice.

7. On October 18, 2006, while on the way out the door to Dr. Duggan's office, I do recall a man dressed in plain clothes delivering papers to me and asking me my name and position.

8. I did not know what the papers were, but have since learned it was probably a copy of a lawsuit and summons.

9. I do not recall whether the man who delivered the papers said who he was or what was his title.

10. I am not positive what I did with the papers, but I probably put the papers either on Dr. Niaz's desk or on Azhar Akhlaq's desk, because that is what I would do with mail and deliveries. I do not know upon whose desk I put the papers.

11. I do recall that during October 2006 and into November 2006, we spent about two days moving files from Dr. Duggan's old office to Dr. Niaz' office and we spent about one month sorting the files and adding them to our office.

12. According to the office calendar, which I checked to make this affidavit, Dr. Niaz was not in the office on October 18, 2006 as he was scheduled to be at Correctional Medical Services that day.

13. I do not recall speaking Dr. Niaz or to Mohammad Azhar Akhlaq about the papers as we were in the middle of a significant office disruption with adding new patients and files to our office. I have recently spoke to Dr. Niaz and

{DE090211.1}

2

Mohammad Azhar Akhlaq since we received a letter from the Court indicating Dr. Niaz had a default against him.

14. I am not a lawyer and I have no legal training.

15. I have since spoken to Patrick G. Rock, Esquire, who is Dr. Niaz' lawyer. He has interviewed me and explained what a default is and assisted me in preparing this affidavit.

The above information is true and correct to the best of my knowledge and belief.

_Alice Pleasanton_

Alice Pleasanton

SWORN TO and SUBSCRIBED before me the day and year first above written.

_____, NOTARY PUBLIC

Ex. C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER,                          :
                                              :
       Plaintiff,                             :
                                              :
    v.                                      :    C.A. No. 06-095 SLR
                                              :
CORRECTIONAL MEDICAL SERVICES, INC.,          :
DR. TAMMY KASTRE, FIRST CORRECTIONAL          :    TRIAL BY JURY OF
MEDICAL, DR. SITTA GOMBEH-ALIE,               :    TWELVE DEMANDED
DR. MUHAMMEAD NIAZ, STANLEY TAYLOR,           :
and PAUL HOWARD,                              :
                                              :
       Defendants.                            :

**AFFIDAVIT**

STATE OF DELAWARE          :
                          :
COUNTY OF                 :

BE IT REMEMBERED that on this 9th day of _Sept._, 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, Mohammad Azhar Akhlaq, personally known to me as such, and being duly sworn according to law, did depose and say as follows based on personal knowledge:

1.    I am over the age of eighteen and competent to make this Affidavit.

2.    I am the Office Manager for Dr. Muhammad Niaz, MD, and have served in that position since about 2003.  I am also related to Dr. Niaz by marriage.

3.    My duties include reviewing mail and paperwork, organizing and managing office staff, and assisting Dr. Niaz in running his office.

4.    In October 2006, Dr. Niaz absorbed another medical practice formerly run by Dr. Thomas Duggan, MD, which doubled the number of files in our office.

5.  On October 18, 2006, Alice Pleasanton and myself were transporting the files from Dr. Duggan's office to Dr. Niaz' office for organizing and incorporating into Dr. Niaz' practice.

6.  I do not recall seeing any court paperwork, summons, or legal papers sent by a Sheriff in October 2006.

7.  I learned that Dr. Niaz has a default against him when I received a Notice from the Court dated July 27, 2007 at Dr. Niaz' office.

8.  I am not a lawyer and I have no legal training.

9.  I have since spoken to Patrick G. Rock, Esquire, who is Dr. Niaz' lawyer. He has interviewed me and explained what a default is and assisted me in preparing this affidavit.

The above information is true and correct to the best of my knowledge and belief.

_____
Mohammad Azhar Akhlaq

SWORN TO and SUBSCRIBED before me the day and year first above written.

_____, NOTARY PUBLIC

# Ex. D

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD MARK TURNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-095 SLR |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | |
| DR. TAMMY KASTRE, FIRST CORRECTIONAL | : | TRIAL BY JURY OF |
| MEDICAL, DR. SITTA GOMBEH-ALIE, | : | TWELVE DEMANDED |
| DR. MUHAMMED A. NIAZ, STANLEY TAYLOR, | : | |
| and PAUL HOWARD, | : | |
| | : | |
| Defendants. | : | |

**AFFIDAVIT**

| | |
|---|---|
| STATE OF DELAWARE | : |
| | : |
| COUNTY OF | : |

BE IT REMEMBERED that on this $9^{tt}$ day of _Sept_, 2007, personally appeared before me, the Subscribed, a Notary Public for the State and County aforesaid, Dr. Muhammed A. Niaz, personally known to me as such, and being duly sworn according to law, did depose and say as follows based on personal knowledge:

1.  I am over the age of eighteen and competent to make this Affidavit.

2.  I am an Internal Medical Doctor who treats infectious diseases. I am also certified to treat patients with H.I.V.

3.  I have worked as an independent contractor for Correctional Medical Services until about November 24, 2006.

4.  I do not recall seeing any paperwork or legal papers concerning a suit brought by Richard Mark Turner against me in October or November 2006.

5.  Either at the end of July 2007 or the beginning of August 2007, I received a letter from the Court advising that a default has been entered against me.

6.    I have since spoken to two of my staff members, Alice Pleasanton who is an administrative assistant and, Mohammad Azhar Akhlaq, who is my office manager, to determine what happened in October 2006.

7.    Alice Pleasanton recalls receiving papers from a plain clothed individual and she said she either placed them on my desk or on Mohammad Azhar Akhlaq's desk. I do not recall seeing any paperwork on my desk regarding a lawsuit filed by Mr. Turner.

8.    Alice Pleasanton has not been authorized to accept service on my behalf as she works as an administrative assistant.

9.    I have been made aware that I have been named in another lawsuit by Richard Turner in 2003, but I believe I have been dismissed from that case.

10.    From time to time I had received correspondence from the law firm of McKenty & McCullough regarding the 2003 case and I do not know if they represent me or First Correctional Medical.

11.    Until after July 27, 2007, I was not aware that I had been sued by Mr. Turner in 2006 and that I was required to hire a lawyer or respond to the lawsuit.

12.    In 2006, my medical practice absorbed another medical practice formerly run by Dr. Thomas Duggan, MD, which more than doubled the number of files in my office.

13.    According to my calendar, on October 18, 2006, I was not at my office in Newark, Delaware, as I was working at Correctional Medical Services at the Delaware Correctional Center.

14.    I did not learn from Mohammad Azhar Akhlaq or Alice Pleasanton that I had been sued by Mark Turner in 2006 or that my office received papers delivered by a sheriff until receiving the July 27, 2007 notice from the Court.

The above information is true and correct to the best of my knowledge and belief.

(DE090216.2)                                        2

_____
Dr. Muhammed A. Niaz, MD

SWORN TO and SUBSCRIBED before me the day and year first above written.

_____ NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD MARK TURNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-095 SLR |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, INC., | : | |
| DR. TAMMY KASTRE, FIRST CORRECTIONAL | : | TRIAL BY JURY OF |
| MEDICAL, DR. SITTA GOMBEH-ALIE, | : | TWELVE DEMANDED |
| DR. MOHAMMAD NIAZ, STANLEY TAYLOR, | : | |
| and PAUL HOWARD, | : | |
| | : | |
| Defendants. | : | |

## ORDER

HAVING REVIEWED AND CONSIDERED Defendant Dr. Mohammad Niaz's Motion

to Lift Default and any responses thereto,  IT IS ORDERED, that any entry of Default Judgment

against Dr. Niaz is vacated, any entry of Default of Dr. Niaz is vacated, and Dr. Niaz is given

leave to file an Answer to the Complaint or otherwise plead within 20 days pursuant to the

Federal Rules of Civil Procedure.

_____      _____

J.                                DATE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD MARK TURNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 06-96-SLR |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| INC., DR. TAMMY KASTRE, FIRST | : | |
| CORRECTIONAL MEDICAL, DR. SITTA | : | |
| GOMBEH-ALIE, DR. MOHAMMAD NIAZ, | : | |
| STANLEY TAYLOR and PAUL HOWARD, | : | |
| | : | |
| Defendants. | : | |

---

## CERTIFICATE OF SERVICE

---

I, **Patrick G. Rock** hereby certify that on **September 6, 2007,** I electronically filed a Motion

to Lift Default with the Clerk of Court using CM/ECF which will send notification of such filing(s)

to the following:

> James Edward Drnec, Esquire
> Balick & Balick, LLC
> 711 North King Street
> Wilmington, DE 19801

I have served via first class mail two copies of the Motion to Lift Default to the *Pro Se*

Plaintiff:

> Richard Mark Turner, *Pro Se*
> 07-0108
> Centre Co. Corr. Facility
> 700 Rishell Hill Road
> Bellefonte, PA 16823

-

> */s/ Patrick G. Rock*
> Patrick G. Rock, Esquire (I.D. No. 4632)
> Marks, O'Neill, O'Brien & Courtney, P.C.
> 913 North Market Street, #800
> Wilmington, DE 19801
> (302) 658-6538
> *Attorney for Defendants*