IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF DELAWARE

RICHARD "MARK" TURNER
(PLAINTIFF)

V.

CORRECTIONAL MEDICAL SERVICES et.al,
DR. SITTA GOMBEH-ALIE (DEFENDANTS

C.A. NO. 06-095-SLR

PLAINTIFF'S RESPONSE TO DEFENDANT SITTA GOMBEH-ALIE M.D.'s MOTION FOR RELIEF FROM JUDGEMENT PURSUANT TO RULE 60(b)

COMES NOW THE PLAINTIFF RICHARD "MARK" TURNER HUMBLY AND RESPECTFULLY BEFORE YOUR MOST HONORABLE CHIEF UNITED STATES DISTRICT COURT JUDGE SUE L. ROBINSON IN RESPONSE TO THE DEFENDANT'S MOTION FOR RELIEF, WHICH I WILL ANSWER PARAGRAPH BY ENUMERATED PARAGRAPH IF IT PLEASES YOUR HONOR

1) ON JULY 20th 2006 YOUR HONOR GRANTED MY AMMENDED COMPLAINT WHICH INCLUDED DR. SITTA GOMBEH-ALIE AS A PARTY DEFENDANT.

2) AS OF SEPTEMBER 26, 2006, PLAINTIFF DID NOT RELY ON HIS NON-INCARCERATED STATUS NOR HIS INCARCERATED STATUS AS YOUR HONOR KNOWS THAT THE PLAINTIFF DID ATTEMPT TO EFFECTUATE SERVICE IN A TIMELY FASHION, HOWEVER, THE PLAINTIFF HAVING NO ADDRESS FOR DR. ALIE AFTER SHE WAS FIRED BY C.M.S. (AFTER F.C.M. LEFT AS THE MEDICAL PROVIDER) SENT DR. ALIE'S U.S. MARSHALL FORMS TO COUNSEL FOR F.C.M. (AS DR. ALIE WAS FIRST EMPLOYED BY F.C.M.) ATTORNEY STEPHEN F. MONES OF BIGGS AND BATTAGLIA HOWEVER IT WAS RETURNED TO THE PLAIN-

TIFF UNSERVED DUE TO A WRONG ADDRESS. THE PLAINTIFF IMMEDIATELY CONTACTED THE COURT BY FILING A MOTION FOR AN EXTENSION OF TIME TO TRY TO OBTAIN DR. ALIE'S CORRECT ADDRESS AND YOUR HONOR FOUND MOOT THE PLAINTIFF'S MOTION FOR A 90 DAY EXTENSION AND WAS KIND ENOUGH TO FURNISH THE PLAINTIFF WITH (2) TWO MORE U.S. MARSHALL FORMS AS FIVE OF THE SEVEN U.S. MARSHALL FORMS CAME BACK SERVED (C.M.S., F.C.M., DR. KASTRE, DE. COMM. OF CORR.'S MR. STANLEY TAYLOR AND BUREAU CHIEF PAUL HOWARD) BUT DR. ALIE'S AND DOCTOR MOHAMMAD NIAZ'S CAME BACK UNSERVED. THE PLAINTIFF THEN FOUND THE ADDRESSES OF DR. ALIE AND DR. NIAZ WHO WERE BOTH SERVED COPIES OF THE AMMENDED COMPLAINT AS WELL AS THE NEW U.S. MARSHALL FORMS (285) WELL WITHIN THE PRESCRIBED 90 DAY EXTENSION WHICH YOUR HONOR WAS GRACIOUS ENOUGH TO FIND MOOT, (PLEASE SEE (D.I. 39) AND (D.I. 48)) AS AT RULING ON THE 90 DAY EXTENSION SERVICE HAD ALREADY BEEN EXECUTED ON DR. ALIE.

3) COUNSEL FOR THE DEFENDANT'S STATES THAT ON DECEMBER 15TH 2006 SERVICE WAS PURPORTEDLY MADE UPON DR. ALIE BUT IS UNCLEAR WHERE SHE WAS SERVED A QUICK CHECK OF THE SATISFIED U.S. MARSHALL 285 FORMS WILL SHOW WHERE DR. ALIE WAS SERVED AT, COUNSEL ALSO STATES THAT "SHE WAS SERVED AT THE SAME ADDRESS AS INDICATED AT THE TOP OF THE PAGE, ONE ADDRESS IS LINED OUT," AND HE ALLEGES THAT "IT APPEARS ANOTHER MAY HAVE BEEN WRITTEN IN AND CROSSED OUT AS WELL". OBVIOUSLY INFERRING THAT THE PLAINTIFF USED THE SAME U.S. MARSHALL FORM AFTER HAVING FOUND DR. ALIE'S PRESENT ADDRESS. HOWEVER THIS IS NOT TRUE AS THE PLAINTIFF USED THE NEW U.S. 285 FORMS PROVIDED BY THE COURT TO RE-SERVE DR. ALIE AND DR. NIAZ AND THEY BOTH CAME BACK SERVED AND THE COURT WILL HAVE RECORD OF HAVING FURNISHED THE (2) TWO NEW 285 FORMS TO THE PLAINTIFF AND THERE

WERE NO LINES THROUGH ADDRESSES OR CROSSED OUT MATERIAL ANYWHERE ON THE FORM (DR. NIAZ' AS WELL) WHEN I SENT THEM OUT AND THE PLAINTIFF WOULD HUMBLY AND RESPECTFULLY ASK YOUR HONOR TO PLEASE INVESTIGATE THIS BY LOOKING AT THE COURT'S COPIES OF THE 285 FORMS AND YOUR HONOR WILL FIND THAT THE DEFENDANTS ARE ONCE AGAIN FALSIFYING EVIDENCE (JUST LIKE THE U.S. 285 FORM WHICH WAS SENT TO ME BY C.M.S. DATED MAY 8th, 2007 AND SIGNED BY MR. SCOTT ALTMAN OF C.M.S. BUT AS I PROVIDED THE COURT A COPY OF THIS YOUR HONOR SAW THAT THERE WAS NO RETURN TO ADDRESS AND NOTHING SIGNED BY ME) AS I ALREADY HAD THE PROOF OF SERVICE FROM THE "REAL" (NOT THE FRAUDULENT MANUFACTURED AFTER THE FACT 285 FORM DATED MAY 8th, 2007) 285 FORM (D.I. 32) SHOWS DELIVERY OF THE 285 ON AUG. 22nd, 2006 AND ONCE AGAIN TRYING TO DECEIVE YOUR HONOR AND THE PLAINTIFF BY UNSCRUPULOUS AND UNETHICAL ACTS WHICH CAN BE EASILY ENOUGH FOUND TO BE LIES THROUGH COURT RECORDS AND THE PLAINTIFF'S COPIES OF THE SERVED U.S. MARSHALL 285 FORMS AT HIS FATHER'S OFFICE. SO ONE WOULD HAVE TO WONDER HOW DEFENSE COULD MAKE THESE EASILY PROVEN FALSE ALLEGATIONS. I WOULD HUMBLY ASK YOUR HONOR WHEN RULING ON THIS MOTION, TO RAISE UP A STANDARD BY DENYING BY DENYING DEFENSE COUNSEL'S MOTION AND MAKE A LOUD AND CLEAR MESSAGE TO ALL, THAT YOUR HONOR WILL NOT TOLERATE THIS KIND OF DECEITFUL BEHAVIOR WITHOUT A STERN PRICE TO BE PAID FOR IT, AS THE PLAINTIFF HAS DONE HIS VERY BEST TO BE TOTALLY HONEST AND FORTHRIGHT WITH THE (YOUR HONOR) COURT.

4) ON APRIL 23rd, 2007 YOUR HONOR ORDERED THE PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED OBVIOUSLY UNDER THE AUSPICIES THAT THE DEFENSE WAS BEING HONEST IN THEIR MOTION SEEKING DISMISSAL, HOWEVER, THE COURT IN INVESTIGATING THE

U.S. MARSHALL 285 FORMS FOUND THAT THE PLAINTIFF HAD EFFECTUATED SERVICE (ON THE SECOND ATTEMPT) WITHIN THE 90 DAY EXTENSION THE PLAINTIFF PETITIONED THE COURT FOR WHICH WAS FOUND MOOT (D.I. 48) BY YOUR HONOR. THE PLAINTIFF FOUND DR. ALIE'S ADDRESS ON THE INTERNET BY THE PROPERTY WHICH WAS DEEDED OVER TO DR. ALIE BY F.C.M. CO-FOUNDER DR. TAMMY KASTRE AND THE ALSO FOUND DR. ALIE'S WORK ADDRESS.

CONTRARY TO DEFENSE COUNSEL'S ALLEGATION THAT DR. ALIE RECEIVED NO NOTICE OF THE PENDENCY OF THIS (CIVIL SUIT COMPLAINT WHICH THE COURT ACKNOWLEDGES THAT THE PLAINTIFF SENT SUFFICIENT COPIES OF THE AMMENDED COMPLAINT FOR THE MARSHALL TO SERVE EACH DEFENDANT) AGAIN, THE COURT HAS OBVIOUSLY ALREADY RESEARCHED THIS POINT AT THE REQUEST OF THE PLAINTIFF BY MOTION AND THEN ORDERED THE PLAINTIFF TO FILE MOTIONS FOR JUDGEMENT BY DEFAULT, OR THE DEFENDANTS WOULD BE RELEASED WHICH THE PLAINTIFF DID PURSUANT TO Fed. R. Civ. P. 12(a) AND Fed. R. Civ. P. 55(a).

THE PLAINTIFF FILED FOR THE 90 DAY EXTENSION IN A TIMELY FASHION YOUR HONOR (D.I. 39) ON OCT 4th 2006. ON DEC. 18th 2006 (D.I. 49) THE U.S. MARSHALL 285 FORM WAS SERVED AS EXECUTED UPON DR. SITTA GOMBEH-ALIE AND YOUR HONOR SET HER ANSWER DUE DATE AS JAN. 4th 2007, WHICH COUNSEL FOR THE DEFENDANT DR. ALIE DID NOT MEET BY OVER (6) SIX MONTHS (D.I. 39) WAS DEEMED MOOT, EXTENSION NOT NECESSARY (D.I. 48)

COUNSEL FOR DEFENSE IN PARAGRAPH 3 INSINUATES THAT THERE WAS SOME KIND OF A MIX UP OF DR. ALIES ADDRESSES BUT THEN IN PARAGRAPH 4. SPEAKS TO MY KNOWLEDGE OF HER ADDRESSES ("EVIDENCE BY HIS SERVICE OF PROCESS"). YOUR HONOR COUNSEL CAN'T HAVE IT BOTH WAYS AND THE PLAINTIFF PRAYS THAT YOUR HONOR SENDS A RESOUNDING MESSAGE TO THESE DEFENDANTS WHO CONTINUALLY BELIEVE THAT THEY CAN MANIPULATE THE COURT THROUGH LIES AND UNTRUTHS BY LETTING THE "DEFAULT" STAND.

-5-

5.) Pursuant to Fed. R. Civ. P. 60(b) the court may receive a party from a final judgement for (i) mistake which there was none of in this case per docket sheet, inadvertance - none, surprise - none as I voiced to Dr. Alie personally of my intent to file suit against her as far back as 2004 and when I told her I would be writing to the U.S. Attorney General and she replied that she didn't give a good gee-jay if I wrote to the President of the United States, I was still not getting re-treated for Hepatitis-C by F.C.M., and I do not think that their (Dr. Alie and her counsel) neglect to be excusable based on the deceit they have exhibited in this motion which tells me that they have learned nothing from this complaint and still feel that they can mistreat people and deny them their basic constitutional rights and rather than being held responsible or admit to their atrocities, feel that they can manipulate and lie their way out of any situation after the fact.

Fed. R. Civ. P. Rule 12(a)(1) says that "unless a different time is prescribed in a statute of the U.S, a defendant shall serve an answer (A) within 20 days after being served with the summons and complaint" unless, (B) a timely waiver on request under Rule 4(d) within 60 days after the date which Dr. Alie and her counsel were delinquent.

Fed. R. Civ. P. 55(a) Entry, says "When a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affadavit or otherwise, the clerk shall enter the party's default" which the clerk of court lawfully did on 7/27/07, against Dr. Sitta Gombeh-Alie who is not an infant or an incompetent person whom I sued for $1,000,000.00 one-million dollars.

6) IF THE DECISION TO REOPEN A DEFAULT JUDGEMENT RELIES AND RESTS IN THE SOUND DISCRETION OF THE TRIAL COURT (IN THIS CASE YOUR MOST HONORABLE CHIEF UNITED STATES DISTRICT COURT JUDGE SUE L. ROBINSON) ONE WOULD THINK THAT THE HONORABLE AND RIGHT THING FOR COUNSEL FOR DR. SITTA GOMBEH-ALIE TO HAVE DONE WHEN FILING THIS MOTION IS COME TO THE COURT HONESTLY AND BEGGING THE COURT'S PARDON FOR DISOBEYING COURT PROCEDURE RATHER THAN COMING TO YOUR HONOR WITH LIES AND DECEPTION.

7) RULE 60(b)(4) DOES ALLOW THE COURT TO VACATE A JUDGEMENT WHERE THAT JUDGEMENT IS VOID AND AGAIN COUNSEL ATTEMPTS TO MISLEAD THE COURT BY CITING (D.I. 27) WHERE MY AMMENDED COMPLAINT AGAINST DR. ALIE WAS FILED ON JULY 20th 2006 AND NOW CONCEDES THAT DR. ALIE WAS SERVED ON DECEMBER 15th, 2006, 150 DAYS LATER HOWEVER MR. DRNEC MAKES NO MENTION OF (D.I. 39) WHERE THE PLAINTIFF MOTIONED THE COURT FOR A 90 DAY EXTENSION IN THE PRESCRIBED TIME OR (D.I. 48) SIGNED BY JUDGE SUE L. ROBINSON ON OCT. 30th, 2006 FINDING THE PLAINTIFF'S MOTION FOR THE EXTENSION OF TIME AS MOOT (D.I. 39), AGAIN, COUNSEL TRYING TO MISLEAD THE COURT, AS COUNSEL OUT AND OUT LIES SAYING THAT THE PLAINTIFF NEVER PETITIONED THE COURT FOR AN EXTENSION OF TIME WHICH HE HAD TO HAVE SEEN WHEN PERUSING THE DOCKET SHEET.

7) (SECOND PARAGRAPH ENUMERATED 7.)
YES THE PLAINTIFF WILL BE PREJUDICED BY GRANTING THE DEFENSE COUNSEL'S MOTION TO "VACATE" AS THE PLAINTIFF DESPITE HIS VERY CHALLENGING CIRCUMSTANCES HAS BEEN OBEDIENT TO YOUR HONOR'S MANDATED ORDERS AND TIMEFRAMES AND HAD THE PLAINTIFF BEEN LATE IN FILING HE WOULD HAVE UNDERSTOOD IT WAS HIS ACTIONS OR

INACTIONS WERE RESPONSIBLE AND ACCEPTED THAT RESPONSIBILITY AS THE DEFENDANTS SHOULD DO RATHER THAN TRYING DECEPTION.

AND I DO NOT BELIEVE THAT THE DEFENSE STATING THAT "IN ADDITION EVEN IN THE EVENT THE COURT DECLINES TO VACATE "DEFAULT JUDGEMENT" PRIOR TO DETERMINATION OF DAMAGES EXTENSIVE DISCOVERY WILL STILL HAVE TO BE UNDERTAKEN TO PROVIDE THE PARTIES WITH A REASONABLE OPPORTUNITY TO PROSECUTE OR DEFEND THEIR CLAIMS" AND COUNSEL FOR THE DEFENSE IS NOT CORRECT IN SAYING THAT THE PLAINTIFF WOULD NOT BE PREJUDICED BY VACATING THIS JUDGEMENT.

HOWEVER THE PLAINTIFF ALREADY HAVING THE DISCOVERY AGAINST DR. ALIE AND AN EX-MEDICAL ADMINISTRATER INTENDS TO (IF THIS WERE FOR SOME STRANGE REASON HAVE TO GO TO TRIAL) WILL TESTIFY THAT NOT ONLY DID DR. ALIE TREAT MY VERY "SERIOUS MEDICAL PROBLEMS" WITH "DELIBERATE INDIFFERENCE" BUT ALSO WITH "MALICE AND AFORETHOUGHT"

THE PLAINTIFF HOWEVER WOULD BE WILLING TO ENTERTAIN AN OUT OF COURT SETTLEMENT WITH THE COUNSEL FOR DR. ALIE IF THE OFFER WERE IN GOOD FAITH AND COMMENSURATE WITH WHAT WAS VISITED UPON THE PLAINTIFF AT THE HANDS OF DR. ALIE AS THE PLAINTIFF FIRMLY BELIEVES IF THIS WERE TO GO TO A JURY THAT THE TESTIMONY OF THE EX-ADMINISTRATER WOULD (IF POSSIBLE) BE AWARDED MORE THAN THE (1) ONE-MILLION DOLLARS THAT THE PLAINTIFF IS SEEKING BY JUDGE OR JURY TRIAL. THE OFFER IF COUNSEL FOR THE DEFENSE SHOULD BE INCLINED TO TRY TO COME TO AN AMICABLE AGREEMENT IT WOULD HAVE TO BE DONE IMMEDIATELY AND BEFORE THE MOST HONORABLE CHIEF JUDGE SUE L. ROBINSON RULES ON THE DEFENSES MOTION AND BEFORE I ACQUIRE COUNSEL IN 06-095-SLR.

8) COUNSEL FOR THE DEFENSE MR. DRNEC ALLEGES THAT THE ALLEGA-

TIONS MADE IN THIS COMPLAINT (06-095-SLR) ARE MANY OF THE SAME ALLEGATIONS SET FORTH IN THE PLAINTIFF'S CIVIL ACTION 03-048-SLR. DR. ALIE IS NOT INCLUDED IN C.A. NO. 03-048-SLR. FURTHERMORE, AS THE COURT REVIEWED THE PLAINTIFF'S ORIGINAL COMPLAINT IN WHICH THERE WERE PROBLEMS WITH CROSSOVER ELEMENTS THE PLAINTIFF AMMENDED HIS COMPLAINT SO THAT THERE ARE NOW NO CROSSOVER ISSUES NOR IS THE PLAINTIFF IN ANY WAY TRYING TO ("DOUBLE DIP") AS YOUR MOST HONORABLE CHIEF U.S. DISTRICT COURT JUDGE ROBINSON CERTAINLY WOULD NOT HAVE ALLOWED ANY ACTION AGAINST ANY OF THE ENUMERATED DEFENDANTS WERE THERE PROBLEMS WITH CROSSOVER ISSUES AND THOROUGHLY REVIEWED THE PLAINTIFF'S AMMENDED COMPLAINT TO BE SURE THAT THERE WERE NONE BEFORE ALLOWING THE PLAINTIFF TO PROCEED WITH SAID COMPLAINT C.A. NO. 06-095-SLR.

9) DEFENSE COUNSEL AVERS THAT DR. ALIE CAN DEFEND THE PLAINTIFF'S ALLEGATIONS ON THE GROUNDS THAT SHE PROVIDED ADEQUATE MEDICAL CARE FOR THE PLAINTIFF WHICH NOTHING COULD BE FURTHER FROM THE TRUTH AS NOT ONLY WAS THE PLAINTIFF RELEASED EARLY BY HIS SENTENCING JUDGE DUE TO EXTRAORDINARY CIRCUMSTANCES UNDER RULE 35(a) THE INADEQUATE MEDICAL CARE OFFERED THE PLAINTIFF, FURTHERMORE THERE IS NOW A U.S. DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION, SPECIAL LITIGATIONS SECTION INVESTIGATION THROUGHOUT THE DELAWARE PENAL SYSTEM FOCUSING ON THE LACK OF ADEQUATE MEDICAL CARE WHICH THE PLAINTIFF MAY HAVE BEEN THE CATALYST TO AS HE BEGAN WRITING TO THE U.S.A.G.'S OFFICE AS FAR BACK AS 2000, ALERTING THE FEDERAL GOVERNMENT TO THE ATROCITIES BEING COMITTED BY THE MEDICAL VENDORS. HOW CAN THE DEFENSE COUNSEL CONTINUE TO LIE ABOUT DR. ALIE BEING

-9-

SERVED BACK ON DEC. 15th 2006 (D.I. 49). HOW COULD SHE FORGET THIS? COUNSEL CLAIMS THAT DR. ALIE HAS ONLY KNOWN ABOUT THIS CIVIL ACTION FOR TEN DAYS WHICH IS SIMPLY NOT TRUE.

ALSO DR. ALIE ENDED UP BEING FIRED BY C.M.S. DUE TO HER LACK OF DESIRE TO OFFER PROPER MEDICAL CARE WHEN THE FEDERAL GOVERNMENT GOT INVOLVED AND C.M.S. REALIZED THAT THEY NEEDED TO CLEAN UP THEIR ACT IMMEDIATELY, AND KNEW FIRING DR. ALIE WOULD BE STEP(1) ONE AS THERE WERE NOT ONLY COMPLAINTS BY PATIENTS BUT BY STAFF AS WELL AGAINST HER.

10) POSSIBLY SHOWING DOCTOR ALIE THE U.S. MARSHALL 285 FORM WHICH SHE SIGNED ON DEC. 18th, 2006 WOULD JOG HER MEMORY AND HER OFFICE MAY NOT HAVE HAD RECORD BUT (D.I. 49) CLEARLY STATES THAT "REMARK: U.S.M. 285 FORM RETURNED EXECUTED FOR DR. SITTA GOMBEH-ALIE HAS BEEN SERVED ON DEC. 15th, 2006, ANSWER DUE JAN. 4th, 2007. (fmt) (ENTERED: DEC. 18th 2006).

IN CONCLUSION YOUR HONOR THE PLAINTIFF WOULD HUMBLY AND RESPECTFULLY ASK YOUR MOST HONORABLE CHIEF UNITED STATES DISTRICT COURT JUDGE SUE L. ROBINSON TO DENY MR. DRNEC'S MOTION ON BEHALF OF DR. SITTA GOMBEH-ALIE TO VACATE THE ALREADY LEVIED "JUDGEMENT BY DEFAULT" AGAINST DR. SITTA GOMBEH-ALIE AND PURSUANT To Fed.R.Civ.P. 12(a) AND 55(a) ALLOW THE "JUDGEMENT BY DEFAULT" TO STAND AGAINST DR. ALIE AND (IF APPROPRIATE) ORDER COUNSEL FOR DR. ALIE (IN 06-095-SLR ONLY AND NOT IN C.A. NO. 03-048-SLR IN ANY WAY AS THE PLAINTIFF STRONGLY OPPOSES MR. DRNEC OR ANYONE FROM BALICK AND BALICK REPRESENTING ANY DEFENDANT IN C.A. NO. 03-048-SLR DUE TO A CONFLICT OF INTEREST) TO TRY TO REACH AN OUT OF COURT SETTLEMENT.

THANK YOU VERY MUCH YOUR HONOR AND MAY GOD CONTINUE TO BLESS YOU.

MOST RESPECTFULLY,
RICHARD "MARK" TURNER

SIGNED: *Richard "Mark" Turner*
DATED: *September 1st, 2007*

## CERTIFICATE OF SERVICE

I RICHARD MARK TURNER HEREBY CERTIFY THAT ON SEPTEMBER 1st, 2007 I SENT COPIES OF THE ENCLOSED DOCUMENTS TO THE FOLLOWING PARTIES VIA U.S.P.S.:

PATRICK G. ROCK, ESQUIRE
MEGAN, TROCKI, MANTZAVIOS, ESQUIRE
MARKS, O'NEILL, O'BRIEN, & COURTNEY, P.C.
913 N. MARKET ST, SUITE 800
WILMINGTON, DE.
   19801

OPHELIA MICHELLE WATERS
DEPT. OF JUSTICE
820 N. FRENCH ST. 8th FLOOR
CARVEL OFFICE BUILDING
WILMINGTON, DE.
   19801

JAMES DRNEC ESQUIRE
BALICK AND BALICK LAWFIRM (LLC)
711 KING ST.
WILMINGTON, DE.
   19801

MOST RESPECTFULLY,
RICHARD "MARK" TURNER
SIGNED: Richard Mark Turner
DATED: September 1st 2007







US District Court
Chief Judge Sue L Robinson
US District Court house
844 N. King St Lockbox 18
Wilmington, Delaware 19801

Richard "mook" Turner
2703 Hunting Ridge CT
Baldwin md 21013