IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER

(PLAINTIFF)

V.

C.M.S. INC., DR. TAMMY KASTRE, F.C.M., DR. SITTA GOMBEH-ALIE, DR. MOHAMMAD NIAZ, STANLEY TAYLOR, AND PAUL HOWARD

C.A. NO. 06-095-SLR

06-95   PO scanned



FILED
SEP 24 2007
SUE L. ROBINSON
U.S. DISTRICT JUDGE

PLAINTIFF'S RESPONSE TO DEFENDANT DR. MOHAMMAD NIAZ M.D.'S MOTION FOR RELIEF FROM ENTRY OF DEFAULT JUDGMENT PURSUANT TO RULE 55(c) AND OR 60(b).

COMES NOW THE PLAINTIFF AND DAMAGED PARTY RICHARD "MARK" TURNER MOST HUMBLY AND RESPECTFULLY BEFORE YOUR MOST HONORABLE CHIEF UNITED STATES DISTRICT COURT JUDGE THE HONORABLE JUDGE SUE L. ROBINSON TO DEFENSE COUNSEL PATRICK G. ROCK'S MOTION FOR RELIEF FROM ENTRY OF JUDGMENT BY DEFAULT ON BEHALF OF DR. MOHAMMAD NIAZ M.D..

THE DEFENSE ARGUES THAT PURSUANT TO Fed. R. Civ. P. 4(e) "SERVICE UPON INDIVIDUALS"... INDICATES THAT SERVICE MAY BE EFFECTED: 1) PURSUANT TO THE LAW OF THE STATE IN WHICH THE DISTRICT COURT IS LOCATED..., OR 2) BY DELIVERING A COPY OF THE SUMMONS AND OF THE COMPLAINT TO THE INDIVIDUAL PERSONALLY OR BY LEAVING COPIES THEREOF AT THE INDIVIDUAL'S DWELLING HOUSE OR USUAL PLACE OF ABODE WITH SOME PERSON OF SUITABLE AGE AND DISCRETION THEN RESIDING THEREIN OR BY DELIVERING A COPY OF THE SUMMONS AND OF THE COMPLAINT TO AN AGENT AUTHORIZED BY APPOINTMENT OR BY LAW TO RECEIVE SERVICE OF PROCESS.

ON OCTOBER 18th 2006 A MARSHALL FROM THE U.S. MARSHALL'S OFFICE DID

-2-

IN FACT EFFECTUATE SERVICE UPON DR. NIAZ AT HIS DOCTOR'S OFFICE BY LEAVING A COPY OF THE COMPLAINT AS WELL AS A U.S. MARSHALL 285 FORM. DEFENSE ARGUES THAT DR. NIAZ' ADMINISTRATIVE ASSISTANT ALICE PLEASONTON SIGNED FOR AND RECEIVED THESE DOCUMENTS AND THEN MISPLACED THEM.

THEY FIRST ARGUE THAT MS. PLEASONTON WAS NOT AN AUTHORIZED AGENT OF DR. NIAZ TO RECEIVE AND SIGN FOR IN ABSENTIUM FOR DR. NIAZ, THE QUESTION THEN WOULD BE WHY DID SHE SIGN FOR THEM? SECONDLY, IF A U.P.S. PARCEL OR A FED-EX PARCEL WERE DELIVERED TO THE OFFICE WOULD MS. PLEASONTON GO AND PULL DR. NIAZ FROM A PATIENT IN ORDER TO SIGN FOR A PACKAGE DELIVERED WITH HIS NAME ON IT? I'M SURE THAT A QUICK INSPECTION OF PACKAGE RECEIPTS WOULD SHOW OFTEN MS. PLEASONTON'S SIGNATURE, AND OBVIOUSLY MS. PLEASONTON IS A PERSON OF SUITABLE AGE WHO RESIDES DAILY DURING WORK HOURS AT "THE OFFICE OF DR. NIAZ", AND ALTHOUGH DEFENSE ARGUES THAT THIS IS NOT DR. NIAZ' ABODE IT MOST CERTAINLY IS AS DURING WORK HOURS THROUGH THE WEEK THE DOCTOR'S OFFICE IS DR. NIAZ' ABODE, AND THAT IS WHEN SERVICE WAS EFFECTUATED, THE PLAINTIFF TRIED TO OBTAIN DR. NIAZ' RESIDENT ADDRESS TO NO AVAIL.

THEY THEN TRY TO ARGUE THAT MS. PLEASONTON WAS SERVED BY A PLAIN-CLOTHED INDIVIDUAL BUT IT'S MY UNDERSTANDING THAT WHEN U.S. MARSHALL'S EFFECTUATE SERVICE THEY INTRODUCE THEMSELVES AS MARSHALL'S AND SHOW THEIR BADGE. (IF QUESTIONED I'M SURE THIS PARTICULAR MARSHALL WOULD TESTIFY THAT HE FOLLOWED THIS PROTOCOL). SINCE IT IS NOT EVERYDAY THAT SOMETHING AS SIGNIFICANT AS A CIVIL SUIT AGAINST SOMEONE IS DELIVERED BY THE U.S. MARSHALL SERVICE, THAT BRINGS US TO THE NEXT ALLEGATION BY THE DEFENSE; THAT MS. PLEASONTON FORGOT ABOUT OR MISPLACED A CIVIL SUIT AGAINST DR. NIAZ THAT WAS FILED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE. IF MS. PLEASONTON CAN REMEMBER WHAT THE U.S. MARSHALL WAS WEARING THAT DAY I FIND IT UNBELIEVABLE SHE LOST OR MISPLACED THE CIVIL SUIT.

IN OBTAINING DR. NIAZ' OFFICE ADDRESS THE WEEK BEFORE THE PLAINTIFF CALLED DR. NIAZ' OFFICE AND SPOKE TO A WOMAN AND WHEN THE PLAINTIFF ASKED IF

THIS WAS THE OFFICE OF DR. NIAZ WHO ALSO WORKS AT D.C.C. THE PARTY (QUITE POSSIBLY MS. PLEASONTON) ASKED WHY AND I EXPLAINED THAT I WAS FILING A CIVIL SUIT ON DR. NIAZ AND I WAS HUNG UP ON. SO I KNOW THEY KNEW THIS WAS COMING AND MORE LIKELY THAN NOT DECIDED TO RECEIVE THIS IN THIS MANNER HOPING IN TIME IT WOULD JUST GO AWAY.

THEN THEY ARGUE THAT A NEW DOCTOR JOINED DR. NIAZ' OFFICE AND THE DISARRAY IN MOVING CAUSED THE LOSS OF THE CIVIL SUIT, WHICH IS GRASPING AT STRAWS. IF THE DEFENSE WANTS TO HEAR ABOUT DISARRAY THEY COULD LOOK AT THE PLAINTIFF'S SITUATION DURING THIS PERIOD OF TIME IN WHICH HE HAD JUST UNDERGONE A TOTAL LEFT HIP REPLACEMENT AND AN ARTHROSCOPIC KNEE SURGERY, AND UNABLE TO WORK HAD TO LIVE OUT OF HIS TRUCK WHILE IN SERIOUS PAIN AT TIMES UNABLE TO SHOWER, AT TIMES UNABLE TO EAT. DESPITE THESE HORRENDOUS CIRCUMSTANCES THE PLAINTIFF MANAGED TO FIND ADDRESSES WHERE WHICH HE COULD RECEIVE MAIL AND DID HIS VERY BEST TO UPDATE YOUR HONOR OF THE MANY ADDRESS CHANGES.

DEFENSE ALSO STATES THAT DR. NIAZ HAS MERITORIOUS DEFENSES TO THE CLAIMS BROUGHT AGAINST HIM WHEN NOTHING COULD BE FURTHER FROM THE TRUTH. DEFENSE SPEAKS TO THE M.R.S.A. INFECTION DR. NIAZ REFUSED TO TREAT WITH ANTIBIOTICS I MENTION IN MY ORIGINAL COMPLAINT IN WHICH I ENDED "BUT TO BE BRIEF..." DR. NIAZ WAS THE INFECTIOUS DISEASE SPECIALIST IN CHARGE OF MY PEGINTRON TREATMENT WHEN SIX SHOTS WERE NOT ORDERED (CAUSING ME TO GO THROUGH 61 WEEKS INSTEAD OF THE 48 IF GIVEN ON TIME) AND I RAN OUT OF THE ACCOMPANYING RIBAVIRIN 4 TIMES UNDER HIS CARE. DESPITE DANGEROUSLY LOW RED AND WHITE BLOOD CELL COUNTS DR. NIAZ REFUSED R.B.C. AND W.B.C. ENHANCERS AND ALTHOUGH I HAD LOST $43\frac{1}{2}$ POUNDS IN 6-8 WEEKS ALSO REFUSED NUTRITIONAL SUPPLEMENTS. HE ALSO MISDIAGNOSE THE "SCALDED SKIN SYNDROME" ON MY NECK AND LEFT EYE (WHEN M.R.S.A. GETS VERY BAD) AND NOT ONLY WAS THE TREATMENTS SUCCESS COMPROMISED BUT THE LEFT EYE INFECTION CAUSED CATARACTS WHICH I DID NOT HAVE BEFORE THE TREATMENT BEGAN.

I'M SURE THAT DEFENSE WILL ALSO TRY TO BLAME THIS ON SOMEONE ELSE AS WELL.

YOUR HONOR, I BELIEVE THE DEFENSE FINALLY GETS HONEST IN NO. 25, OF HIS MOTION WHEREIN MR. ROCK CLAIMS THAT "DR. NIAZ HAS GOOD CAUSE FOR NOT ANSWERING THE COMPLAINT" WHICH SHOWS A BLATANT DISREGARD BY THE DEFENSE TO HONOR AND ABIDE BY U.S. DISTRICT COURT LAW AND PROTOCOL, OBVIOUSLY BELIEVING THEMSELVES TO BE ABOVE THE LAW AND I BELIEVE ADMITTING WHY DR. NIAZ DID NOT ANSWER SERVICE BY THE NOVEMBER 7th, 2006 DUE DATE AS HE FELT HE HAD "GOOD CAUSE" IGNORE U.S. DISTRICT COURT PROCEDURE. THEY KNEW THIS CIVIL SUIT WAS COMING WHEN I CALLED DR. NIAZ' OFFICE.

YOUR HONOR INSTRUCTED THE PLAINTIFF THAT IF JUDGMENT DEFAULTS WERE NOT FILED AGAINST THE DEFENDANTS BY A CERTAIN DATE THAT THE DEFENDANTS WOULD BE DROPPED FROM THE CIVIL SUIT. HAD THE PLAINTIFF DISREGARDED YOUR HONOR'S ORDER HE WOULD HAVE NOONE BUT HIMSELF TO BLAME FOR HIS NON-COMMITALITY AND REFUSAL TO FOLLOW YOUR HONOR'S INSTRUCTION. HOWEVER THE PLAINTIFF RESPONDED TO YOUR HONORS ORDER IN A TIMELY FASHION AND WAS GRANTED DEFAULT JUDGEMENT ON JULY 27th, 2007 BY THE U.S. DISTRICT COURT CLERK. AS NO ATTEMPT HAD BEEN MADE BY DR. NIAZ OR COUNSEL FOR HIM TO ANSWER THE COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(a)(1)(A) AND (B) AND PURSUANT TO Fed. R. Civ. P. 55(a)(b)(1) AND (2).

YOUR HONOR, HAD THE PLAINTIFF FAILED TO TIMELY RESPOND HE WOULD HAVE UNDERSTOOD COMPLETELY YOUR HAVING DROPPED THE DEFENDANTS FROM THIS CIVIL ACTION. THUS THE PLAINTIFF HAS SUBSCRIBED TO AND OBEYED THE U.S. LAW OF WHICH HE WOULD NOW ASK THE COURT (HUMBLY AND RESPECTFULLY) TO PLEASE HOLD THE DEFENDANT TO ALSO BE OBEDIENT TO THE LAW OF WHICH HE HAS SHOWN NO RESPECT FOR BY NOT ANSWERING THE COMPLAINT.

SINCE THE PLAINTIFF HAS BEEN HELD RESPONSIBLE TO FILE THE DEFAULT BY A CERTAIN DATE OR DEFENDANTS WOULD BE DROPPED THAT IT WOULD BE

BIASED OF THE COURT TO NOT HOLD THE DEFENDANTS RESPONSIBLE TO OBEY THE SAME STANDARD OF UNITED STATES DISTRICT COURT RULES AND REGULATIONS, (NO DISRESPECT MEANT TOWARD YOUR HONOR OF COURSE) AND UPHOLD THE DEFAULT JUDGMENT LEVIED BY THE UNITED STATES DISTRICT COURT CLERK FOR THE DISTRICT OF DELAWARE BACK ON JULY 27th, 2007.

IN CONCLUSION YOUR HONOR ALTHOUGH THE DEFENSE WOULD HAVE YOU TO BELIEVE THAT THEIR NON-RESPONSE WAS DUE TO EXCUSABLE NEGLECT THIS IS JUST ANOTHER INDICATOR OF THE "DELIBERATELY INDIFFERENT" BEHAVIOR SHOWN WHEN MY SHOTS WERE NOT ORDERED ON TIME COMPROMISING THE PEGINTRON'S SUCCESS FOR (AND NOW THE TREATMENT IS NO LONGER AN OPTION FOR ME LEAVING ME WITH THE CERTAINTY OF A LIVER TRANSPLANT SOMEDAY) ME SPILLING OVER EVEN TO HIS PERSONAL WORK ENVIRONMENT.

AND ONE WOULD HAVE TO BE QUITE NAIVE TO BELIEVE THAT SOMETHING AS SIGNIFICANT AS A U.S. DISTRICT COURT CIVIL SUIT COULD BE LOST OR MISPLACED. IN NO. 25 OF DEFENSE COUNSEL'S MOTION TO VACATE I BELIEVE TOLD US EXACTLY WHY DR. NIAZ REFUSED TO ANSWER THE CIVIL SUIT PROPERLY SERVED BY THE U.S. MARSHALL SERVICE, (QUOTING MR. ROCK) "DR. NIAZ FELT HE HAD "GOOD CAUSE TO NOT ANSWER THE COMPLAINT", THUS SHOWING A TOTAL DISREGARD AND DISRESPECT FOR UNITED STATES DISTRICT COURT RULES OF PROCEDURE.

THE PLAINTIFF WOULD HOWEVER ENTERTAIN THE IDEA OF AN OUT OF COURT SETTLEMENT FOR LESS THAN ASKED FOR IN THE ORIGINAL COMPLAINT BUT THIS WOULD HAVE TO BE DONE BEFORE THE MOST HONORABLE JUDGE ROBINSON RULES ON THIS MOTION, BEFORE THE PLAINTIFF RETAINS COUNSEL IN THIS ACTION, AND COMMENSURATE WITH THE "DELIBERATELY INDIFFERENT" CARE BY DR. NIAZ (OR LACK THEREOF) WITH REGARD TO THE PLAINTIFF'S "VERY SERIOUS MEDICAL PROBLEMS" WHICH EXACERBATED THESE PROBLEMS LEADING TO WANTON AND UNNECESSARY PAIN AND SUFFERING AND MAY HAVE TAKEN YEARS FROM THE PLAINTIFF'S LIFE.

THANK YOU VERY MUCH YOUR HONOR MAY GOD CONTINUE TO BLESS YOU AND HAVE A FINE DAY.

SIGNED: Richard 'Mark' Turner
DATED: September 15th, 2007

MOST RESPECTFULLY,
RICHARD 'MARK' TURNER

## CERTIFICATE OF SERVICE

THIS IS TO HEREBY CERTIFY THAT I HAVE SERVED COP(IES) OF THE ENCLOSED DOCUMENTS TO THE FOLLOWING PERSONS VIA THE UNITED STATES POSTAL SERVICE;

OPHELIA M. WATERS
DEPT. OF JUSTICE
820 N. FRENCH ST. 8th FLOOR
CARVEL OFFICE BLDG.
WILMINGTON, DE,
19801

MARKS, O'NEILL, O'BRIEN, AND COURTNEY, P.C.
PATRICK G. ROCK (ESQUIRE),
MEGAN T. MATZAVINOS (ESQUIRE)
913 MARKET ST. #800
WILMINGTON, DE.
19801

JAMES E. DRNEC (ESQUIRE)
BALICK AND BALICK, LLC
711 NORTH KING ST.
WILMINGTON, DE.
19801

THANK YOU VERY MUCH GOD BLESS YOU AND HAVE A GOOD DAY.

SIGNED: Richard Mark Turner
DATED: September 15th, 2007

MOST RESPECTFULLY,
RICHARD MARK TURNER



Richard Mark Turner 07-0108
Centre Co. Corr. Facility A2 #7
700 Rishel Hill Rd.
Bellefonte, Pa. 16823

The Honorable Chief Judge Sue L. Robinson
United States District Court
For the District of Delaware
c/o United States District Court Clerk
844 N. King St., Lockbox 18
Washington, De. 19801