IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD MARK TURNER
(PLAINTIFF)

V.

C.M.S. INC. et, al.
(DEFENDANTS)

C.A. NO. 06-095-SLR

FILED
OCT 22 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PLAINTIFF'S RESPONSE TO DEFENDANT SITTA GOMBEH-ALIE, M.D.'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM JUDGEMENT IN FAVOR OF PLAINTIFF PURSUANT TO Fed.R.Civ.P. 12(a) AND RULE 55(a)(b)

COMES NOW THE PLAINTIFF RICHARD MARK TURNER MOST HUMBLY AND RESPECTFULLY BEFORE YOUR MOST HONORABLE CHIEF UNITED STATES DISTRICT COURT JUDGE SUE L. ROBINSON TO REPLY TO COUNSEL FOR THE DEFENDANTS, MR. JAMES DRNEC'S MOTION IN RESPONSE TO THE PLAINTIFFS MOTION TO UPHOLD JUDGEMENT BY DEFAULT LEVIED BY THE UNITED STATES DISTRICT COURT CLERK ON JULY 27th, 2007 AGAINST THE DEFENDANT SITTA GOMBEH-ALIE AND IN FAVOR OF THE PLAINTIFF.

MR. DRNEC DOES NOT REALLY TOUCH ON ANY NEW GROUND THAT WAS NOT INCLUDED IN HIS PREVIOUS MOTION EXCEPT TO APOLOGIZE TO THE COURT AND PLAINTIFF "INCORRECTLY ASSERTED THAT PLAINTIFF HAD FAILED TO MOVE FOR AN EXTENSION OF TIME TO EFFECT SERVICE ON DR. SITTA GOMBEH-ALIE", WHICH THE PLAINTIFF DID IN FACT DO AND APPRISED THE COURT THAT HE HAD FINALLY OBTAINED DR. ALIE'S WORK ADDRESS BETWEEN THE HOURS OF 4:00 AND 8:00 P.M. VERIFIED BY CALLING AND TALKING TO HER SECRETARY AND PROMPTLY RETURNED THE

U.S. MARSHALL 285 FORM TO THE UNITED STATES DISTRICT COURT CLERK IN A TIMELY FASHION WITH REGARD TO THE PLAINTIFF'S MOTION FOR AN EXTENSION WHICH THEN BECAME (AS YOUR HONOR RULED) "MOOT" AS SHE HAD BEEN SERVED, OR WAS IN THE PROCESS OF BEING SERVED.

MR. DRNEC ALSO ALLUDES THAT THE RETURN OF SERVICE OBTAINED FROM THE DOCKET SHOWS ONE ADDRESS LINED OUT AND WHAT MAY BE A SECOND ADDRESS MORE EFFECTIVELY COVERED UP AND DOES NOT REFLECT CLEARLY WHERE DR. ALIE PURPORTEDLY WAS SERVED.

I WOULD HUMBLY AND RESPECTFULLY ASK YOUR HONOR TO PLEASE GARNER THE COPY FROM THE U.S. MARSHALL WHO SERVED DR. ALIE AS WHEN THE U.S. MARSHALL FORM LEFT THE PLAINTIFF'S HAND THERE WAS ONE COMPLETE ADDRESS AND THE HOURS WHICH DR. ALIE'S SCHEDULING SECRETARY TOLD THE PLAINTIFF THAT DR. ALIE WOULD BE THERE AND THERE WAS NOTHING LINED OUT. THE PLAINTIFF WOULD ALSO GREATLY APPRECIATE IF THE U.S. MARSHALL WHO EFFECTUATED SERVICE UPON DR. ALIE WERE QUESTIONED AS TO THE NUANCES OF THAT SERVICE AND IF IN FACT DR. ALIE DID SIGN THE 285 FORM (WHICH COUNSEL FOR DEFENSE DOES NOT ARGUE THAT SHE DIDN'T) THEN SERVICE WAS EFFECTUATED PROPERLY AND THIS COULD BE THE REASON THAT DEFENSE COUNSEL FAILED TO INCLUDE AS AN EXHIBIT IN EITHER OF HIS MOTIONS.

DEFENSE COUNSEL ARGUES THAT IF DR. ALIE WAS SERVED AT THE WRONG "PLACE" IF THE ADDRESS AT WHICH DR. ALIE WAS SERVED IS IN QUESTION, SO MUST THE REMAINDER OF THE FORM. BUT IF DR. ALIE WERE SERVED PERSONALLY AND SIGNED FOR IT WHAT DOES IT MATTER WHERE SHE WAS SERVED AT. FURTHERMORE, EVEN IF A SCHEDULING SECRETARY FOR DR. ALIE AT HER OFFICE HAD SIGNED FOR THE SUMMONS AND COMPLAINT IT WOULD STILL BE A PROPER SERVICE AS THE PLAINTIFF HAD PREVIOUSLY ESTABLISHED THROUGH A CONVERSATION WITH DR. ALIE'S SCHEDULING SECRETARY THE HOURS WHICH DR. ALIE "ABIDED" IN THE OFFICE THUS MAKING IT HER "ABODE" DURING

THESE PARTICULAR HOURS WAS WHERE SHE WAS ABIDING AT THIS TIME AS COUNSEL DOES NOT ARGUE THAT SERVICE WAS NOT EFFECTUATED ON DR. ALIE AS IT WAS AS INDICATED IN D.I. 49 DATED 12/18/06 SHOWING THAT SERVICE WAS EFFECTUATED "USM 285 RETURNED EXECUTED SITTA GOMBEH-ALIE SERVED ON 12/15/06, ANSWER DUE DATE 1/4/2007."

DR. GOMBEH-ALIE (AND ANYONE ELSE WORKING IN HER OFFICE) IS CERTAINLY NOT AN INFANT OR AN INCOMPETENT PERSON WHOM UPON RECEIVING SERVICE BY THE U.S. MARSHALL WHO EXECUTED THE SERVICE AND I'M SURE WHOM EXPLAINED TO DR. ALIE THAT SHE WAS REQUIRED BY FEDERALLY MANDATED UNITED STATES DISTRICT COURT LAW TO RESPOND (ANSWER) TO THE U.S. MARSHALL 285 FORM AND COPY OF THE COMPLAINT BY 1/4/2007 WHICH LAW SHE REFUSED TO ADHERE TO THEREFORE THE U.S. DISTRICT COURT CLERK FOR THE DISTRICT OF DELAWARE WAS ACTING WELL WITHIN FEDERAL LAW IN GRANTING THE PLAINTIFF JUDGMENT BY DEFAULT AGAINST DR. ALIE.

THEREFORE, ONCE AGAIN THE PLAINTIFF FEELS THAT THE COURT WOULD BE ACTING BIASEDLY IF IT WERE TO REVERSE ITS DECISION, (NO DISRESPECT INTENDED TOWARD YOUR MOST HONORABLE CHIEF UNITED STATES DISTRICT COURT JUDGE SUE L. ROBINSON OR ANY OF THE U.S. DISTRICT COURT CLERKS) AS HAD THE PLAINTIFF NOT FILED FOR AN EXTENTION OF TIME TO FIND DR. ALIE'S ADDRESS IN A TIMELY FASHION OR HAD THE PLAINTIFF NOT FILED THE MOTION FOR DEFAULT JUDGMENT ACCORDINGLY TO YOUR HONOR'S ORDER YOUR HONOR STATED THAT THE DEFENDANTS WOULD BE DROPPED FOR MY FAILURE TO RESPOND TO YOUR HONORS ORDER, AND THE PLAINTIFF WOULD HAVE HAD NOONE TO BLAME BUT HIMSELF. HOWEVER, THE PLAINTIFF DID OBEY YOUR HONOR'S ORDER AND THE PLAINTIFF WOULD HUMBLY AND RESPECTFULLY ASK YOUR HONOR TO HOLD DR. ALIE TO THE SAME STANDARD OF THE LAW BY DENYING THE DEFENSE'S MOTION TO VACATE THE DEFAULT JUDGMENT LEVIED AGAINST

DR. SITTA GOMBEH-ALIE IN THE AMOUNT THAT THE PLAINTIFF SOUGHT IN HIS ORIGINAL COMPLAINT OF #1,000,000.00 (ONE-MILLION DOLLARS) IN FAVOR OF THE PLAINTIFF THEREFORE UPHOLDING THE CLERK OF COURT'S DECISION TO GRANT PLAINTIFF "DEFAULT JUDGEMENT" AND AGAINST DR. SITTA GOMBEH-ALIE.

I WOULD ALSO POINT OUT YOUR HONOR THAT IN THE MERRIAM-WEBSTERS COLLEGIATE DICTIONARY THE WORD ABODE IS DEFINED AS; 1. Obs: WAIT, DELAY 2. A TEMPORARY STAY: SOJOURN 3. THE PLACE WHERE ONE ABIDES: HOME; HENCE I WOULD CALL ATTENTION TO DEFINITION NUMBER TWO (2) AS THE WORKPLACE IS MOST ASSUREDLY A PLACE OF TEMPORARY STAY DURING WORK HOURS AS ONE SPENDS ONE-FOURTH TO ONE-THIRD OF THEIR LIFE AT THE WORKPLACE AND I'M CERTAIN THAT DR. NIAZ' NAME IS ON THE OFFICE DOOR.

FURTHERMORE DEFENSE COUNSEL'S FORMULA FOR SERVICE TO BE EFFECTUATED WOULD BE A CERTAIN WAY TO AVOID EVER HAVING TO BE SERVED AND DENY THOSE EFFECTUATING SERVICE THEIR DUE PROCESS MAKING A MOCKERY OF THE JUDICIAL SYSTEM AND PUTTING THE U.S. MARSHALL'S OUT OF WORK.

AS YOUR HONOR IS AWARE IN MY LAST MOTION TO UPHOLD DEFAULT JUDGMENT AGAINST DR. ALIE I EXPLAINED TO DEFENSE COUNSEL THAT I WOULD ENTERTAIN AN OUT OF COURT SETTLEMENT FOR WHICH MR. DRNEC IMMEDIATELY CORRESPONED INQUIRING ABOUT WHAT I WOULD BE WILLING TO SETTLE FOR OUT OF COURT AND I EXPLAINED THAT IF HE WOULD MAKE THE FIRST OFFER AND IT WAS EVEN CLOSE TO WHAT I HAD IN MIND THAT I WOULD BE FLEXBLE BUT INSTEAD MR. DRNEC FILED THIS MOTION INSTEAD OF MAKING AN OFFER SO I WOULD STRONGLY OPPOSE VACATING THE DEFAULT JUDGMENT AWARDED TO THE PLAINTIFF BY THE U.S. DISTRICT CLERK OF COURTS ON JULY 27th, 2007.

THANK YOU VERY MUCH AND MAY GOD CONTINUE TO BLESS YOU.

SIGNED: Richard "Mark" Turner
DATED: October 5th, 2007

MOST RESPECTFULLY,
RICHARD MARK TURNER

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT I HAVE SENT COPIES OF THE ENCLOSED DOCUMENTS TO THE FOLLOWING PERSONS VIA THE U.S.P.S.;

OPHELIA M. WATERS         DEFENSE FOR MR. STANLEY TAYLOR
DEPT. OF JUSTICE          AND MR. PAUL HOWARD
820 N. FRENCH ST. 8th FLOOR
CARVEL OFFICE BUILDING
WILMINGTON, DE. 19801


JAMES E. DRNEC (ESQUIRE)   DEFENSE FOR C.M.S. AND DR. SITTA
BALICK AND BALICK LLC      GOMBEH-ALIE
711 KING ST.
WILMINGTON, DE. 19801


MEGAN T. MANTZAVINOS (ESQUIRE)   DEFENSE FOR DR. NIAZ
PATRICK G. ROCK (ESQUIRE)
MARKS, O'NEILL, O'BRIEN, AND COURTNEY P.A.
913 MARKET ST. #800
WILMINGTON, DE. 19801


GERALD J. HAGER            DEFENSE FOR DR. TAMMY KASTRE
HECKLER AND FRABIZZIO, P.A.
800 DELAWARE AVENUE, SUITE 200
P.O. BOX 128
WILMINGTON, DE. 19899


SIGNED: *Richard "Mark" Turner*        MOST RESPECTFULLY,
DATED: October 5th, 2007               RICHARD MARK TURNER



First Class Mail

JUDGE SUE L. ROBINSON
J. CALEB BOGGS FEDERAL BUILDING
844 N. KING ST
ROOM 6124
LOCK BOX 31
WILMINGTON, DE 19801

RICHARD MARK TURNER
INMATE # 07-108
CENTRE COUNTY CORRECTIONAL FACILITY
BELLEFONTE, PA 16823