IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
FILED
OCT 22 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

RICHARD MARK TURNER

(PLAINTIFF)

V.

CORRECTIONAL MEDICAL SERVICES, INC.,
DR. TAMMY KASTRE, FIRST CORRECTIONAL
MEDICAL, DR. SITTA GOMBEH-ALIE,
DR. MOHAMMAD NIAZ, STANLEY TAYLOR,
AND PAUL HOWARD

C.A. NO. 06-095-SLR

PLAINTIFF'S REPLY TO DEFENDANT DR. MOHAMMAD NIAZ, M.D.'s REPLY TO PLAINTIFF'S RESPONSE TO DR. NIAZ' MOTION TO LIFT DEFAULT/MOTION FOR LEAVE.

COMES NOW THE PLAINTIFF AND DAMAGED PARTY RICHARD MARK TURNER HUMBLY AND RESPECTFULLY BEFORE YOUR MOST HONORABLE CHIEF UNITED STATES DISTRICT COURT JUDGE THE HONORABLE JUDGE SUE L. ROBINSON TO ANSWER DR. MOHAMMAD NIAZ' DEFENSE COUNSEL'S (PATRICK G. ROCK'S) MOTION FOR LEAVE TO LIFT "DEFAULT JUDGMENT."

DEFENSE AVERS THAT ON PAGE 4 OF THE PLAINTIFF'S MOTION TO UPHOLD THE DEFAULT JUDGMENT LEVIED AGAINST DR. NIAZ BY THE U.S. DISTRICT COURT CLERK ON JULY 27th, 2007 THAT THE PLAINTIFF AVERS "IT IS COMMON KNOWLEDGE THAT MANY OF THESE TYPE DOCUMENTS ARE SERVED ON PROFESSIONAL PEOPLE AT THEIR WORKPLACE"... AND THEN AVERS THAT THE PLAINTIFF IS TRYING TO MAKE A SWEEPING MODIFICATION OF Fed. R. Civ. P., IN REFERRING TO DR. NIAZ' PHYSICIAN'S OFFICE AS ONE OF HIS ABODES.

ACCORDING TO THE MERRIAM-WEBSTERS COLLEGIATE DICTIONARY THE WORD ABODE MEANS (HAS MULTIPLE MEANINGS) 1. Obs: WAIT, DELAY 2. A TEMPORARY STAY: SOJOURN 3. THE PLACE WHERE ONE ABIDES: HOME.

IT IS DEFINITION NUMBER 2. TEMPORARY STAY THAT I WOULD CALL

-2-

YOUR ATTENTION TO AS A PLACE OF WORK IS ALSO A PLACE OF TEMPORARY STAY DURING WORKING HOURS.

THE DEFENSE IS GRASPING AT STRAWS OF AMBIGUITY IN SUGGESTING THAT ONE'S WORKPLACE COULD NOT ALSO BE CONSIDERED AN ABODE WHEN ONE SPENDS ONE-FOURTH TO ONE-THIRD OF THEIR LIVES AT WORK.

FURTHERMORE MOST PROFESSIONALS TRY TO GUARD THEIR PRIVATE LIVES AND SELDOM REVEAL THEIR RESIDENTIAL ADDRESSES. THUS LEAVING ONLY THEIR PLACE OF WORK TO ESTABLISH CONTACT WITH THEM OR SOMEONE WHO IS CLOSELY RELATED TO IN WORK WITH THEM TO EFFECTUATE SERVICE. THE PLAINTIFF TRIED TO ASCERTAIN DR. NIAZ RESIDENTIAL ADDRESS TO NO AVAIL, AND EVEN UPON FINDING DR. NIAZ' WORKPLACE ADDRESS AT HIS DOCTOR'S OFFICE ON COLLEGE AVE. IN NEWARK WHEN THE PLAINTIFF CALLED DR NIAZ' OFFICE AND ASKED IF THIS WAS THE DR. NIAZ WHO ALSO WORKED AT D.C.C. IN SMYRNA THE RECEPTIONIST ASKED WHY AND WHEN I BEGAN TO EXPLAIN THAT I WAS FILING SUIT AGAINST DR. NIAZ I WAS HUNG UP ON ABRUPTLY. SO DR. NIAZ KNEW THIS WAS COMING AND THE PLAINTIFF FIRMLY BELIEVES THAT AS COUNSELOR ROCK EXPLAINED IN HIS PREVIOUS MOTION AND QUOTING MR. ROCK "DR. NIAZ HAS GOOD CAUSE FOR NOT ANSWERING THE COMPLAINT." WHAT GOOD CAUSE COULD SUPERCEDE FEDERAL RULES OF CIVIL PROCEDURE?

IF AS THE DEFENSE SUGGESTS CONCERNING SERVICE THEIR FORMULA WOULD ALLOW FOR ANYONE TO AVOID BEING SERVED BY SIMPLY NOT ANSWERING THE DOOR FOR ANYONE WHOM THEY WERE NOT FAMILIAR WITH OR (I BELIEVE AND ONE COULD EASILY CONCURR) AT THE WORKPLACE IF ALERTED AS DR. NIAZ WAS BY MY TELEPHONE CALL COULD INSTRUCT SOMEONE WHOM THEY COULD LATER CLAIM WAS NOT AUTHORIZED TO HAVE SIGNED FOR OR RECEIVE ON BEHALF OF THAT PERSON SERVICE WAS EFFECTUATED ON (AS MS. PLEASONTON DID IN THIS CASE) RELEGATING IT INEFFECTUAL.

THUS DENYING THE ENTITY WHO WAS SERVING THE COMPLAINT ANY POSSIBILITY FOR DUE PROCESS.

THE PLAINTIFF STRONGLY OPPOSES A REVERSAL OF THE U.S. DISTRICT COURT CLERKS DEFAULT JUDGMENT ENTERED IN FAVOR OF THE PLAINTIFF AND AGAINST THE DEFENDANT DR. MOHAMMAD NIAZ ON JULY 27TH, 2007, ESPECIALLY IN LIGHT OF THE FACT THAT THE PLAINTIFF OFFERED THE DEFENSE THE OPPORTUNITY TO TRY TO SETTLE THIS OUTSIDE OF THE COURTROOM THUS LIGHTENING THE LOAD ON YOUR HONOR, BUT INSTEAD CHOSE TO CONTINUE TO TRY TO CONTINUE TO ARGUE A CASE THAT BASED ON THE EVIDENCE THEY COULD NOT POSSIBLY WIN BUT I GRACIOUSLY MADE THE OFFER IN MY LAST MOTION TO UPHOLD "DEFAULT JUDGMENT."

AGAIN YOUR HONOR THE PLAINTIFF WOULD MOST HUMBLY AND RESPECTFULLY ASK YOUR HONOR TO PLEASE HOLD THE DEFENDANTS RESPONSIBLE FOR THE SAME STANDARD OF THE LAW THAT THE PLAINTIFF HAS BEEN HELD TO AS TO GRANT LEAVE OF COURT TO OR TO VACATE THE DEFAULT JUDGMENT LEVIED BY THE U.S. DISTRICT CLERK OF COURTS ON JULY 27TH, 2007 WOULD BE (AGAIN, CERTAINLY NO DISRESPECT INTENDED TOWARD YOUR HONOR OR ANY OF THE COURT CLERKS WHO MAY HAVE BEEN INVOLVED IN GRANTING THE PLAINTIFF DEFAULT JUDGMENT) BIASED OF THE COURT IN THAT YOUR HONOR GAVE THE PLAINTIFF A SET DATE ON WHICH TO EITHER FILE DEFAULT JUDGMENTS OR THE DEFENDANT'S WOULD HAVE BEEN RELEASED FROM THE COMPLAINT AND THE PLAINTIFF WOULD NOT HAVE HAD ANYONE TO BLAME AT ALL BUT HIMSELF FOR NOT FOLLOWING COURT ORDERS.

THE PLAINTIFF HAS FOLLOWED YOUR HONORS DIRECTION, THE DEFENDANT DR. NIAZ HAS NOT THEREFORE THE PLAINTIFF WOULD HUMBLY AND RESPECTFULLY ASK YOU TO UPHOLD DEFAULT JUDGMENT, FOR $1,000,000.00 (ONE MILLION DOLLARS). THANK YOU VERY MUCH, GOD BLESS YOU AND HAVE A FINE DAY.

SIGNED: Richard Mark Turner
DATED: October 5th, 2007

MOST RESPECTFULLY,
RICHARD MARK TURNER

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT I HAVE SENT COPIES OF THE ENCLOSED DOCUMENTS TO THE FOLLOWING PERSONS VIA THE U.S.P.S.;

OPHELIA M. WATERS  
DEPT. OF JUSTICE  
820 N. FRENCH ST. 8th FLOOR  
CARVEL OFFICE BUILDING  
WILMINGTON, DE. 19801

DEFENSE FOR MR. STANLEY TAYLOR AND MR. PAUL HOWARD

JAMES E. DRNEC (ESQUIRE)  
BALICK AND BALICK LLC  
711 KING ST.  
WILMINGTON, DE. 19801

DEFENSE FOR C.M.S. AND DR. SITTA GOMBEH-ALIE

MEGAN T. MANTZAVINOS (ESQUIRE)  
PATRICK G. ROCK (ESQUIRE)  
MARKS, O'NEILL, O'BRIEN, AND COURTNEY P.A.  
913 MARKET ST. #800  
WILMINGTON, DE. 19801

DEFENSE FOR DR. NIAZ

GERALD J. HAGER  
HECKLER AND FRABIZZIO, P.A.  
800 DELAWARE AVENUE, SUITE 200  
P.O. BOX 128  
WILMINGTON, DE. 19899

DEFENSE FOR DR. TAMMY KASTRE

SIGNED: Richard "Mark" Turner  
DATED: October 5th, 2007

MOST RESPECTFULLY,  
RICHARD MARK TURNER

**First Class Mail**

RICHARD MARK TURNER
INMATE # 07-108
CENTRE COUNTY CORRECTIONAL FACILITY
BELLEFONTE, PA 16823

JUDGE SUE L. ROBINSON
J. CALEB BOGGS FEDERAL BUILDING
844 N. KING ST
ROOM 6124
LOCK BOX 31
WILMINGTON, DE 19801