IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD MARK TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-095-SLR |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, INC., DR. TAMMY | ) |
| KASTRE, FIRST CORRECTIONAL | ) |
| MEDICAL, DR. SITTA GOMBEH-ALIE, | ) |
| DR. MOHAMMAD NIAZ, STANLEY | ) |
| TAYLOR, and PAUL HOWARD, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

At Wilmington this ⁀day of November, 2007, having considered the pending motions;

IT IS ORDERED that:

1. **Entry of Default**. At the time plaintiff filed his pending motions he was proceeding pro se. He has recently retained counsel. (D.I. 85) Plaintiff's requests for entry of default as to defendants Correctional Medical Services, Inc., ("CMS"), First Correctional Medical ("FCM"), Dr. Sitta Gombeh-Alie, ("Dr. Alie"), and Dr. Mohammad Niaz ("Dr. Niaz") are **denied** as moot. (D.I. 58, 60) On July 27, 2007, an entry of default in appearance was entered against defendants CMS, FCM, Dr. Alie, and Dr. Niaz. (See D.I. 62) Plaintiff's request for entry of default as to defendant Dr. Tammy Kastre ("Dr. Kastre") is **denied**. (D.I. 63) Dr. Kastre recently appeared in this case and has filed a motion to dismiss. (See D.I. 78)

2. **Motions to Set Aside Defaults**. Defendants CMS, Dr. Alie, and Dr. Niaz's motions to set aside entry of default are **granted**. (D.I. 66, 73, 74) Defendants CMS, Dr. Alie, and Dr. Niaz **shall file** responsive pleadings within **twenty (20)** days from the date of this order.

3. Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). "A decision to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) 'is left primarily to the discretion of the district court.'" Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)). "[I]t is well established that a district court ruling on a motion to set aside a default under Rule 55(c) . . . must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted). The court finds that defendants have satisfied all three factors.

4. **Motion to Dismiss**. Dr. Kastre's motion to dismiss for ineffective service of process is **denied** without prejudice with leave to renew. (D.I. 78) On August 22, 2006, all pertinent documents were submitted to the U.S. Marshal Service to effect service upon Dr. Kastre. The service documents were mailed to Dr. Kastre on August 23, 2006, and a return of waiver for Dr. Kastre was returned to the U.S. Marshal Service, signed by Aliceson Elmer and dated August 25, 2006. Due to an oversight by the U.S.

Case 1:06-cv-00095-SLR   Document 88   Filed 11/27/2007   Page 3 of 3

-3-

Marshal's office, the documents were only recently submitted to the clerk's office for filing. (See D.I. 86)

                                                                                        _____
                                                                                        UNITED STATES DISTRICT JUDGE