IN UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

RICHARD MARK TURNER        )
                           )
                           )
                           )
                           )
       Plaintiff,          )   C.A. No. 1:06-cv-00095-SLR
                           )
    v.                     )
                           )
                           )   JURY OF 12 DEMANDED
CORRECTIONAL MEDICAL SERVICES )
INC.                       )
       Defendant.          )

## DEFENDANTS FIRST CORRECTIONAL MEDICAL AND DR. TAMMY KASTRE'S ANSWER TO THE COMPLAINT

I.  **PREVIOUS LAWSUITS**

   A.  Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

   A.  Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

   B.  Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

   C.  Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

       1.  Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

1

D.   Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

## III.   DEFENDANTS

1.   Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

2.   Admitted.

3.   Admitted except that Daniel L. McKenty at Heckler & Frabizzio, 800 Delaware Avenue, Suite 200, P.O. Box 128, Wilmington, DE 19899, represents F.C.M.

4.   Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

5.   Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

6.   Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

7.   Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

8.   Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

9.   Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

10.   Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

11. Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

12 Answering defendants are without sufficient information or knowledge to affirm or deny the allegations of this paragraph.

IV. **STATEMENT OF CLAIM**

1. Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

2. Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

3. Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

4. Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

1. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

2. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

3. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

4. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

5. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

6. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

7. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

8. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

9. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

10. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

11. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

IV. **RELIEF**

1. Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

1. (continued) Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

2. Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

3. Wrongful conduct by answering defendants is denied, and it is denied that any conduct by answering defendants proximately caused any illnesses, injuries, or damages of any nature to plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has failed to exhaust all administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has failed to obtain and expert to verify his claims.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has failed to plead negligence with specificity.

**WHEREFORE**, defendants First Correctional Medical and Dr. Tammy Kastre request that the Complaint against them be dismissed, with prejudice.

HECKLER & FRABIZZIO

_____
Daniel L. McKenty
Attorney for Defendant
The Corporate Plaza
800 Delaware Avenue, Suite 200
P. O. Box 128
Wilmington, DE  19899-0128
Attorney for Defendants, First Correctional
Medical and Dr. Tammy Kastre

DATE:   December 10, 2007

## CERTIFICATE OF SERVICE

I, **DANIEL L. MCKENTY**, hereby certify that on this 12th day of December 2007, copies of the Defendant Dr. Tammy Kastre's & Defendant First Correctional Medical's Answer to the Complaint was filed electronically to:

James Edward Drnec
Balick & Balick, LLC
711 King Street
Wilmington, DE 19801

Ophelia Michelle Waters
Department of Justice
820 N. French Street, 8th Floor
Carvel Office Building
Wilmington, DE 19801

Jeffrey K. Martin, Esquire
Martin & Wilson, PA
1508 Pennsylvania Avenue
Wilmington, DE 19806

And two (2) copies were mailed:

**VIA U.S. MAIL TO:**
Richard Mark Turner
2709 Hunting Ridge Crt
Baldwin, MD 21013

/s/Daniel L. McKenty

373859/File No. 17889