IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD MARK TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 06-095-SLR ) |
| CORRECTIONAL MEDICAL SERVICES, INC., et al., | ) ) ) |
| Defendants. | ) ) |

Jeffrey K. Martin, Esquire, of Martin & Associates, P.A., Wilmington, Delaware. Counsel for Plaintiff.

Michael I. Silverman, Esquire, of Silverman McDonald & Friedman, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: July 30, 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff initiated this civil rights suit pursuant to 42 U.S.C § 1983 on February 10, 2006, alleging that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1] (D.I. 2) After filing several amended complaints, plaintiff filed the final amended complaint on July 20, 2006. (D.I. 21) Plaintiff named as defendants, among others, Dr. Tammy Kastre ("Kastre") and First Correctional Medical ("FCM").[2] (Id.) After a voluminous procedural history, defendants Kastre and FCM filed an answer, claiming that they lacked sufficient information to affirm or to deny certain allegations, denying most of plaintiff's other allegations, and asserting affirmative defenses. (D.I. 92) After counsel for Kastre and FCM withdrew, the court ordered both defendants to retain new counsel or to otherwise contact the court by June 9, 2008, warning that a failure to comply with this order would be considered a failure to defend. (D.I. 96; D.I. 97) Both defendants failed to respond. On October 23, 2008, plaintiff filed separate motions for default judgment as to each defendant. (D.I. 99; D.I. 100) On November 12, 2008, the court explained that, although it was prepared the grant the motions, the presence of two other defendants in the case precluded the court from granting plaintiff's motions with respect to Kastre and FCM. (D.I. 102) Plaintiff voluntarily dismissed the two other defendants from the case on April 14, 2009, leaving only Kastre and FCM as the remaining defendants. (D.I. 103) Plaintiff then, on April 15, 2009, filed a motion for default judgment as to defendants Kastre and FCM. (D.I.

---

[1] The court has jurisdiction over this suit pursuant to 28 U.S.C. § 1331.

[2] Although the amended complaint (D.I. 21) named seven defendants, all defendants except for Kastre and FCM have since been dismissed.

104) Counsel entered an appearance on behalf of defendant Kastre on June 3, 2009 (D.I. 108) and, on June 5, 2009, filed a brief in opposition to plaintiff's motion for default judgment. (D.I. 111) For the reasons detailed below, the court will grant plaintiff's motion as to defendant FCM[3] and deny said motion as to defendant Kastre.

## II. BACKGROUND

At the time of the alleged incidents between 2004 and 2006, plaintiff was an inmate at the James T. Vaughn Correctional Center, formerly known as the Delaware Correctional Center ("DCC"), Smyrna, Delaware. (D.I. 21) Plaintiff alleges that, while incarcerated, he "developed a staph infection and was denied reasonable and customary medical care by [FCM]." (D.I. 104 at ¶ 2) Plaintiff alleges that FCM's denial of medical care delayed his diagnosis and treatment of Hepatitis C. (Id. at ¶ 3) This delay, plaintiff alleges, caused him "severe liver fibrosis." (Id. at ¶ 4) Plaintiff alleges that Kastre, the owner of FCM, knew of FCM's denial of treatment to plaintiff and refused to intervene. (D.I. 21 at § IV, ¶ 4) Plaintiff sues defendants Kastre and FCM for a total of $2 million.

## III. STANDARD OF REVIEW

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party who has not answered the pleading or "otherwise defend[ed]" within the time required by the rules or as extended by court order. Fed. R.

---

[3]Because FCM has neither retained counsel nor otherwise responded to these proceedings, the court will only address defendant Kastre's opposition to the pending motion.

Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Three factors control whether a default judgment should be granted: (1) prejudice to plaintiff if default is denied; (2) whether defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)); *see also Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (finding that the three factors "apply only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default").

## IV. DISCUSSION

As stated above, in the spring of 2008, the court ordered defendant Kastre to retain counsel or to inform the court of her intention to proceed pro se. (D.I. 97) The court warned Kastre that her failure to comply with this order would be considered a failure to defend and that the court would thereafter determine whether judgment, and in what amount, should be entered against her. (*Id.*) Kastre failed to respond to the order. Upon plaintiff's motion, the court must determine whether judgment should be entered against defendant Kastre by employing the three-factored analysis detailed above.

### A. Prejudice to Plaintiff if Default is Denied

The Third Circuit has found that "[d]elay in realizing satisfaction on a claim rarely

3

serves to establish the degree of prejudice sufficient to prevent opening a default judgment entered at an early stage of the proceeding."[4] *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982). Prejudice is established instead when a plaintiff's "ability to pursue the claim has been hindered . . . [by, for instance,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *See id.* at 657. Plaintiff does not claim that any such situation exists in the case at bar.

However, plaintiff asserts that his physician apprised him that he has only a "short time to live" and, in order to survive his medical condition, he must be placed on an organ transplant list. (D.I. 104 at ¶ 8) To be placed on an organ transplant list, plaintiff asserts that he must have sufficient funds to cover the costs of the liver replacement surgery. (*Id.* at ¶ 9) Plaintiff argues that he will be prejudiced if default judgment against defendants is denied, as that is tantamount to denying him the needed funds. The Third Circuit has found that "prejudice is not merely the loss of an advantageous position, but must be something more closely tied to the merits of the issue."[5] *See In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999). Plaintiff's medical needs, although severe on a personal level, do not affect his ability to litigate the **merits** of this case. Therefore, the first factor of the default judgment

---

[4]The court notes that the Third Circuit's reasoning implicates a case where judgment has been entered. Although default judgment has not been entered in the case at bar, the court finds that the Third Circuit's reasoning is nonetheless applicable in this case. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51-52 (3d Cir. 2003).

[5]Although the cited case involved a bankruptcy dispute, the quoted passage comes from the Third Circuit's discussion, within that case, of prejudice in a "non-bankruptcy context," namely, in the context of default judgment.

analysis weighs in favor of defendant.

### B. Whether Defendant Appears to Have a Litigable Defense

Defendant Kastre advances five affirmative defenses in her answer.[6] (D.I. 92 at 5-6) She denies any personal involvement in the alleged wrongs.[7] (D.I. 111 at ¶ 18; *Id.*, ex. A at ¶ 16) Kastre also disputes plaintiff's allegation that she was "deliberately indifferent" to plaintiff's medical needs. (D.I. 21 at § IV, ¶ 4; D.I. 92 at 3) Based on the litigable defenses[8] advanced by defendant Kastre, this second factor of the default judgment analysis weighs in favor of Kastre.

### C. Whether Defendant's Delay is Due to Culpable Conduct

"[C]ulpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983) (citing *Feliciano*, 691 F.2d at 657). The Third Circuit explains that:

> Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated.

---

[6] The affirmative defenses that Kastre raises in her answer are failure to state a claim upon which relief can be granted, a statute of limitations argument, failure to exhaust administrative remedies, failure to obtain an expert to verify the claims, and failure to plead negligence with specificity. (D.I. 21 at 5-6)

[7] The Third Circuit has found that a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981); and *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976)).

[8] The Third Circuit has explicated that a litigable defense does not need to be established "beyond doubt in [defendant's] pleading; a meritorious defense is presumptively established when 'the allegations of defendant's answer, if established on trial would constitute a complete defense to the action.'" *Hritz*, 732 F.2d at 1181. Because defendant Kastre's asserted defenses would constitute complete defenses to plaintiff's action if established at trial, the asserted defenses appear to be "litigable."

5

> Certainly "willfulness" and "bad faith" include acts intentionally designed to avoid compliance with court notices. The case law, however, is bereft of precedent limiting the availability of default judgment to this narrow band of "knowing" disregard for court-mandated procedures. Reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard.

Hritz, 732 F.2d at 1183.

In Hritz, the record showed that the defendant company failed to respond to at least five communications, including a letter from plaintiff and various notices regarding the lawsuit mailed by the court, over a period of approximately two years. Id. at 1179-80. The Third Circuit found that there was sufficient evidence on the face of the record from which the trial court could have found the culpable conduct standard satisfied. Id. at 1183. Based on the Third Circuit's reasoning, the defendant company's repeated failure to respond to communications from both plaintiff and the court breached at least the negligence threshold of the culpable conduct standard.

Plaintiff initiated this suit on February 10, 2006. (D.I. 2) After plaintiff amended his complaint several times, the court docketed a waiver of service form for defendant FCM on September 5, 2006. (D.I. 36) On April 23, 2007, after it appeared that defendant Kastre had not been served, the court ordered plaintiff to show cause why the suit should not be dismissed for failure to serve process on Kastre. (D.I. 51) Plaintiff filed a timely response, claiming that he believed that Kastre had been served properly. (D.I. 52) A default in appearance was entered against FCM on July 27, 2007. (D.I. 62) Plaintiff filed a motion for default judgment as to Kastre on August 1, 2007. (D.I. 63) On August 9, 2007, the notice of default entered against FCM was returned as

undeliverable.[9] (D.I. 65) On August 22, 2007, plaintiff requested that the court deliver the notice of FCM's default in appearance to Kastre at an address on Giaconda Way in Tucson, Arizona. (D.I. 67) Approximately one month later, on September 19, 2007, defendant Kastre filed a motion to dismiss for insufficiency of service of process, claiming that the court could not grant plaintiff's August 1 motion for default judgment (D.I. 63) against Kastre because Kastre had never been served. (D.I. 78) However, on November 19, 2007, the court docketed a waiver of service form for Kastre that was dated August 25, 2006. (D.I. 86; D.I. 88) Due to an oversight by the United States Marshal Service, the waiver form was not received and docketed by the court until November 19, 2007. (D.I. 88 at ¶ 4) As such, the court denied without prejudice defendant Kastre's motion to dismiss for insufficiency of service of process on November 27, 2007. (D.I. 88)

Kastre filed an answer to plaintiff's complaint on December 12, 2007. (D.I. 92) The attorney for defendants Kastre and FCM filed a motion to withdraw on February 25, 2008 (D.I. 93) and the court granted that motion with respect to both defendants in April 2008. (D.I. 96; D.I. 97) While granting this motion, the court warned both defendant Kastre and defendant FCM that, by June 9, 2008, defendants were either to retain new counsel or, with respect only to Kastre, inform the court of her intention to proceed pro se. (D.I. 96; D.I. 97) These notices were mailed on April 4 and April 8, 2008 to the Giaconda Way address. After defendants failed to respond, plaintiff filed separate

---

[9]The notice was mailed to FCM at a Wildlife Avenue address in Tucson, Arizona. (D.I. 65)

motions for default judgment with respect to each defendant on October 23, 2008.[10] (D.I. 99; D.I. 100) The court responded on November 12, 2008, explaining that, although the court was prepared to grant the motions with respect to defendants Kastre and FCM, the court could not grant the motions until two other remaining defendants were terminated from the case. (D.I. 102) Plaintiff voluntarily dismissed these two remaining defendants on April 14, 2009. (D.I. 103) On the following day, April 15, 2009, plaintiff filed a motion for default judgment as to defendants Kastre and FCM. (D.I. 104) This motion was served on defendants at a Lindbergh Road address in Tucson, Arizona. (*Id.*) Subsequent notices concerning hearings in this matter were mailed in late April and early May to defendants at the Giaconda Way address and the notice mailed in early May was returned as undeliverable. (D.I. 107) On June 3, 2009, a notice of appearance was filed by Kastre's present attorney (D.I. 108), who filed a responsive brief to plaintiff's motion for default judgment on June 5, 2009. (D.I. 111)

In her responsive brief, defendant Kastre claims that she "has no recollection of being served with this suit and/or any other papers relating to [this suit], prior to receiving [plaintiff's motion for default judgment (D.I. 104)] . . . on or about April 16, 2009." (D.I. 111 at ¶ 11) Kastre's assertion stands in contrast to the docket record which shows that Kastre waived service on August 25, 2006, filed a motion for insufficiency of service of process on September 19, 2007, and filed an answer to plaintiff's complaint on December 12, 2007.

Kastre asserts that FCM ceased operations at the Giaconda Way address in

---

[10]These motions were mailed to defendants' Giaconda Way address. (D.I. 99; D.I. 100)

8

early May 2008. (*Id.* at ¶ 12) While this assertion may be true, it does not necessarily bear on Kastre's failure to respond to the court's order, because the order was mailed to the Giaconda Way address in early April 2008, approximately one month before operations at that address ceased. Notices mailed to the Giaconda Way address as late as April 2009 were **not** returned as undeliverable.

In resolving the question of whether defendant Kastre's failure to respond to the court's order of April 8, 2008 constitutes culpable conduct, the court notes that this defendant must be characterized as a sophisticated litigant.[11] With this context and the docket evidence in mind, there can be no dispute that defendant Kastre was aware of the instant lawsuit and chose to ignore her obligations to the court, as demonstrated by her failure to collaborate with her counsel on the defense of the case and her subsequent failure to respond to the court's April 2008 order. Although this case was procedurally complicated due, in part, to the pro se status of plaintiff until November 2007, nonetheless, the court finds that defendant Kastre's failure to defend rises to the level of reckless disregard and was not merely negligent.

### D. Result of the Default Judgment Analysis

The default judgment analysis conducted above shows that two prongs weigh in favor of defendant Kastre and one prong weighs in favor of plaintiff. Despite defendant's culpable conduct, the court exercises its discretion and finds that an entry of default judgment against defendant Kastre is not appropriate in this situation.

---

[11]The court understands that Kastre was the owner of FCM. Both Kastre and FCM were the subject of a plethora of lawsuits during the time FCM was the contract medical services provider for the Delaware Department of Correction.

9

However, the court will require defendant Kastre to (1) pay the costs of the default judgment motion practice, (2) forfeit any preliminary motion practice (i.e., motions to dismiss), and (3) submit to discovery.

## V. CONCLUSION

Based on the foregoing analysis, the court grants plaintiff's motion for default judgment as to defendant FCM and denies said motion as to defendant Kastre. An appropriate order shall issue.