IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD MARK TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 06-95-SLR |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 5th day of February, 2010, having considered plaintiff's motion for reconsideration and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 117) is denied for the reasons that follow:

1. **Background.** Plaintiff initiated this civil rights suit pursuant to 42 U.S.C § 1983 on February 10, 2006, alleging that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1] (D.I. 2) After filing several amended complaints, plaintiff filed the final amended complaint on July 20, 2006. (D.I. 21) Plaintiff named as defendants, among others, Dr. Tammy Kastre ("Kastre") and First Correctional Medical ("FCM").[2] (*Id.*) After a voluminous procedural history, defendants Kastre and FCM filed an answer, claiming that they lacked sufficient

---

[1]The court has jurisdiction over this suit pursuant to 28 U.S.C. § 1331.

[2]Although the amended complaint (D.I. 21) named seven defendants, all defendants except for Kastre and FCM have since been dismissed.

information to affirm or to deny certain allegations, denying most of plaintiff's other allegations, and asserting affirmative defenses. (D.I. 92) After counsel for Kastre and FCM withdrew, the court ordered both defendants to retain new counsel or to otherwise contact the court by June 9, 2008, warning that a failure to comply with this order would be considered a failure to defend. (D.I. 96; D.I. 97) Both defendants failed to respond. On October 23, 2008, plaintiff filed separate motions for default judgment as to each defendant. (D.I. 99; D.I. 100) On November 12, 2008, the court explained that, although it was prepared the grant the motions, the presence of two other defendants in the case precluded the court from granting plaintiff's motions with respect to Kastre and FCM. (D.I. 102) Plaintiff voluntarily dismissed the two other defendants from the case on April 14, 2009, leaving only Kastre and FCM as the remaining defendants. (D.I. 103) Plaintiff then, on April 15, 2009, filed a motion for default judgment as to defendants Kastre and FCM. (D.I. 104) Counsel entered an appearance on behalf of defendant Kastre[3] on June 3, 2009 (D.I. 108) and, on June 5, 2009, filed a brief in opposition to plaintiff's motion for default judgment. (D.I. 111)

2. In considering plaintiff's motion for default judgment, the court conducted a lengthy default judgment analysis and, ultimately concluded that "an entry of default judgment against defendant [was] not appropriate in this situation" and ordered, among other things, Kastre to pay the costs of the default motion practice.[4] (D.I. 115, 116)

---

[3]Because FCM has neither retained counsel nor otherwise responded to these proceedings, the court addressed only Kastre's opposition to the pending motion.

[4]Defendant was also ordered to forfeit any preliminary motion practice and submit to discovery.

2

3. Plaintiff has moved for reconsideration arguing that he can "prove Kastre's personal involvement in the denial of his care." (D.I. 117) Kastre has filed opposition to the motion. (D.I. 119)

4. **Standard of Review**. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See id.*

5. A motion for reconsideration is not properly premised on a request that a court rethink a decision already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reconsideration may not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc., v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reconsideration, however, may be appropriate where "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241.

6. Considering this authority in light of plaintiff's arguments, the court finds that

plaintiff has failed to implicate any of the aforementioned grounds to warrant a reconsideration of the court's July 30, 2009 decision. (D.I. 115, 116)

United States District Judge