IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD MARK TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-095-SLR |
| | ) | |
| DR. TAMMY KASTRE, et al. | ) | |
| | ) | |
| Defendant. | ) | |

---

Jeffrey K. Martin, Esquire, of Martin & Associates, P.A., Wilmington, Delaware. Counsel for Plaintiff.

Michael I. Silverman, Esquire, of Silverman McDonald & Friedman, Wilmington, Delaware.  Counsel for Defendants.

---

**MEMORANDUM OPINION**

Dated: September *29* , 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Richard Mark Turner ("plaintiff"), a former inmate of the James T.

Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C.

§ 1983 on February 10, 2006. (D.I. 2) Plaintiff alleges that defendant Dr. Tammy

Kastre ("defendant"), among others, was deliberately indifferent to his serious medical

needs while he was incarcerated, in violation of the Eighth Amendment. (D.I. 21)

Presently before the court is defendant's motion for summary judgment. (D.I. 146) The

court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons discussed, the

court will grant defendant's motion.

## II. BACKGROUND

Plaintiff is a former inmate of the James T. Vaughn Correctional Center in

Smyrna, Delaware. (D.I. 2) Plaintiff filed the original complaint in this action on

February 10, 2006 and a final amended complaint on July 20, 2006, bringing a medical

needs claim against defendant, in her capacity as owner and chief executive officer of

First Correctional Medical, Inc. ("FCM"), and against FCM.[1] (D.I. 2, 21) Plaintiff alleges

that, while incarcerated, he "developed a staph infection and was denied reasonable

and customary medical care by [FCM]." (D.I. 104 at ¶ 2) This denial of medical care,

plaintiff argues, delayed his diagnosis and treatment of Hepatitis C, leading to severe

liver fibrosis and the loss of forty five percent of his liver function, as well as, eventually,

the need for a liver transplant. (Id. at ¶ 3-4) Against defendant, plaintiff first argued that

she was aware of FCM's denial of treatment and refused to intervene. (D.I. 21 at § IV,

---

[1]Plaintiff also asserted claims against ten other defendants, but all have been
terminated. (D.I. 9, 16, 94, 95, 103)

¶ 4)  Now plaintiff asserts that defendant actually denied him further treatment in an

April 8, 2003 document, directly causing the delay.  (D.I. 159 at ¶ 2)  This court entered

default judgment against FCM on July 30, 2009, but denied default judgment against

defendant.  (D.I. 116)

Defendant is a resident of Tuscon, Arizona and is licensed to practice medicine

in Arizona.  (D.I. 111, ex 1 at ¶ 3-4)  She is the former owner and chief executive officer

of FCM, which ceased operations in Delaware on June 30, 2005.  (*Id.* at ¶ 7)  On March

19, 2010, defendant moved for summary judgment on plaintiff's claim.  (D.I. 146)  In her

motion, defendant asserts she had no involvement in plaintiff's medical care from 2004

to 2006.  She further contends that any claim arising from conduct occurring before

February 10, 2004, including the alleged denial of treatment on April 8, 2003, is barred

by the applicable statute of limitations.  (D.I. 147 at 6)  Defendant also argues that if

plaintiff's claim is construed as a medical malpractice claim, not a medical needs claim,

it fails under Delaware law since plaintiff presents no supporting affidavit of merit.  (D.I.

147 at 10)  In response, plaintiff merely reasserts the alleged denial of treatment by

defendant in April 2003.  (D.I. 159 at 1-2)

## III. STANDARD OF REVIEW

The court shall grant summary judgment only if "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears

the burden of proving that no genuine issue of material fact exists.  *See Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Moreover, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584,594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

### A. Medical Needs

Defendant contends that summary judgment is appropriate because plaintiff cannot establish a medical needs constitutional violation. (D.I. 157 at 6) The Eighth

Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *see also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official manifests deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132,138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 when the inmate receives continuing care, but believes that more should be done and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Plaintiff brings a claim against defendant in her capacity as owner and chief executive officer of FCM, the entity that allegedly denied him reasonable medical care. (D.I. 21, ex. 1 at § IV, ¶ 4) As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988)). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.*; *see also Monell v. Dep't of Soc. Servs.* 436 U.S. at 694-95. Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks*, 885 F.2d 1099, 1117-18 (3d Cir.1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir.2005) (not reported).

The basis of plaintiff's claim against defendant is an April 8, 2003 document in which defendant allegedly denied treatment to plaintiff until further liver biopsies were completed. (D.I. 159 at ¶ 2) But the applicable statute of limitations for this action, 10 Del. C. § 8119, is two years, precluding any claim arising more than two years before the filing of the complaint on February 10, 2006. (D.I. 2) Plainly, plaintiff's claim arising in April 2003 is barred by the statue of limitations. Plaintiff concedes this point by asserting in his complaint that the action is based solely on conduct occurring between 2004 and 2006. (D.I. 21 at § IV, ¶ 1) In addition, the court has been unable to locate the April 2003 document in the record.

To avoid being barred by the statute of limitation, plaintiff's action must be based only on conduct occurring after February 10, 2004. Plaintiff has presented no evidence of personal involvement by defendant in this time period. Indeed, the only evidence of record is defendant's affidavit in which she asserts maintaining no physician-patient relationship with plaintiff, having no involvement in plaintiff's care, diagnosis, or treatment, and having never personally examined plaintiff. (D.I. 147, ex 1 at ¶ 16) Though these assertions are not corroborated by other evidence in the record, plaintiff has not contested them. The record provides nothing from which a fact finder can base a finding of personal involvement or deliberate indifference by defendant, or that defendant was the moving force behind any delay in plaintiff's treatment. There is, therefore, no genuine dispute on plaintiff's medical needs claim and the court will grant defendant summary judgment.

## B. Medical Negligence

Defendant argues that plaintiff's claim is more properly construed as a medical negligence claim. (D.I. 147 at 6) The court, however, finds plaintiff's complaint clearly asserts a § 1983 civil rights claim. A medical negligence claim, if present at all, must be separate and distinct from a medical needs claim. Allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

Still, the court finds to the extent that a medical malpractice claim can be discerned from the complaint, it must fail. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18

Del. C. §§ 6801-6865.  When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing:  (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (citing *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)); 18 Del. C. § 6853.  If plaintiff alleges medical negligence, he is required to submit an affidavit of merit as to each defendant signed by an expert witness at the time he filed the complaint.  18 Del. C. § 6853(a)(1). The court has reviewed the record and finds that plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1), precluding any medical negligence claim.

## V. CONCLUSION

Based on the foregoing analysis, the court grants defendant's motion for summary judgment.  An appropriate order shall issue.