IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD MARK TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 06-095-SLR ) |
| FIRST CORRECTIONAL MEDICAL and DR. TAMMY KASTRE, | ) ) ) ) |

**MEMORANDUM ORDER**

At Wilmington this 1st day of June, 2012, having considered the pending motions;

IT IS HEREBY ORDERED that: (1) plaintiff's motion to recuse counsel (D.I. 176) is **granted**; (2) plaintiff's motion for reconsideration to reopen judgment/motion for leave of court to amend (D.I. 177) is **denied**; (3) plaintiff's motion for leave of court to show fraud by Kastre (D.I. 178) is **denied**; (4) Jeffrey K. Martin's motion to withdraw as plaintiff's attorney (D.I. 183) is **granted**; and (6) plaintiff's motion for the court to grant his previously filed motion for recusal of counsel (D.I.184) is **granted**, for the following reasons:

1. **Background.** While plaintiff was incarcerated, he filed this lawsuit on January 26, 2006 seeking recovery for alleged constitutional violations regarding his medical care and treatment. Plaintiff proceeded pro se when he filed the complaint, but is currently represented by counsel. (D.I. 2, 85) By June 11, 2009, only two defendants remained - Dr. Tammy Kastre ("Kastre") and First Correctional Medical ("FCM"). On July 30, 2009, the court granted plaintiff's motion for default judgment as to FCM, and a

damages hearing was held on April 9, 2010. (D.I. 116, 155) On September 20, 2011, the court entered judgment in favor of plaintiff and against FCM in the amount of $75,000. (D.I. 175) Approximately one year earlier, on September 30, 2010, summary judgment was granted in favor of Kastre and against plaintiff. (D.I. 169, 170, 171)

2. No activity occurred in the case until March 19, 2012 when plaintiff filed a flurry of motions, including a motion to recuse counsel, a motion for reconsideration to reopen judgment/motion for leave of court to amend, and a motion for leave of court to show fraud by Kastre. (D.I. 176, 177, 178) In turn, plaintiff's attorney, Jeffrey K. Martin ("Martin"), moved to withdraw as plaintiff's attorney and plaintiff filed a motion for the court to grant his previously filed motion for recusal of counsel. (D.I. 183, 184)

3. **Counsel.** Plaintiff is not satisfied with Martin's legal representation and Martin has moved to withdraw as plaintiff's counsel. (D.I. 176, 183, 184) Plaintiff and Martin seemingly agree that their attorney/client relationship is irretrievably broken. Therefore, the court will grant their motions and will allow Martin to withdraw his representation of plaintiff. (D.I. 176, 183, 184)

4. **Motion for Reconsideration to Reopen Judgment and to Amend.** Plaintiff moves for reconsideration to reopen the September 20, 2011 judgment entered against FCM pursuant to Fed. R. Civ. P. 60 "in the interests of justice being served," to reinstate Kastre as a defendant, and to add new defendants. (D.I. 177, 178) Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been

discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) not more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c).

5. Plaintiff contends that when he and Martin appeared for the April 9, 2010 damages hearing, Martin was "totally unprepared" and failed to provide evidence adequate for an award of proper damages to which he was entitled. Plaintiff intended to call his infectious disease specialist, Dr. Ramesh Vemulapalli ("Dr. Vemulapalli"), but, on the day in question, Dr. Vemulapalli was taken ill and could not attend the hearing. Plaintiff was given two weeks to produce evidence to support his damage claim. Plaintiff explains that Martin refused to pay for the expense of an expert witness and, instead, used an office paralegal to file a sworn affidavit based upon information received from an employee of the University of Pennsylvania liver transplant unit.[1]

---

[1]The affidavit was not presented at the damages hearing, and was later filed on May 4, 2010. (D.I. 160, Collins aff.)

The court adopted the recommendation of the magistrate judge and awarded plaintiff $75,000.[2] (D.I. 174)

6. Plaintiff contends "there has been a huge 'miscarriage of justice' committed against him'" and, regardless of responsibility, the court should have promptly addressed the matter. Plaintiff seeks leave to reopen the case and amend damages, requests the court to consider the Collins affidavit as timely, and seeks an increase in the damages award taking into consideration the cost of a liver transplant and medications. He also moves to reinstate Kastre as a defendant and add as defendants FCM's and Kastre's insurer. In addition, plaintiff seeks leave of court, pursuant to Fed. R. Civ. P. 60(b)(3) to show that Kastre defrauded the court regarding her involvement in his care or the lack thereof.

7. **Discussion**. Plaintiff relies upon Rule 60(b)(3) - "fraud" and, presumably, Rule 60(b)(6)" - "any other reason justifying relief." With regard to relief pursuant to Rule 60(b)(3) and the alleged fraud by Kastre, the motion is untimely inasmuch as it was not filed within one year of entry of the judgment. The judgment in favor of Kastre and against plaintiff was entered on September 30, 2010 (D.I. 171), yet plaintiff did not file his Rule 60(b) motions for relief until March 19, 2012, well past the one year period.

---

[2]Plaintiff mistakenly indicates that Martin filed a motion for an extension of time to file objections to the report and recommendation and that the court never ruled on the motion. The motion he refers to, however, was for an extension of time to respond to Kastre's motion for summary judgment, and the court docket reflects that plaintiff's response was filed and considered by the court. (*See* D. I. 157, 159, 168) The docket further reflects that, with regard to damages, Martin moved to reopen the case to allow plaintiff to fully and properly document the costs of his continuing case and the costs to obtain a liver transplant. (D.I. 172) The court granted the motion to reopen, but declined to modify the judgment. (*See* D.I. 174)

Therefore, the motions for relief pursuant to Rule 60(b)(3) will be denied.

8. Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." *United States v. Witco Corp.*, 76 F. Supp. 2d 519, 527 (D. Del. 1999). It is within the sound discretion of the trial court to grant or deny relief under this section. *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986). The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Finally, Rule 60(b)(6) generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935 n.1 (3d Cir. 2005) (not published).

9. It is apparent that plaintiff is unhappy with his legal representation. While gross neglect and abandonment of a client by an attorney creates an exception to the rule that a client is bound by the acts of an attorney and constitutes extraordinary circumstances permitting relief from a judgment under Rule 60(b)(6)), *Boughner v. Secretary of Health, Educ. and Welfare*, 572 F.2d 976, 978 (3d Cir. 1978), in viewing Martin's actions during the pendency of the case, it cannot be said that he did either. *See also Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (Because the client is

presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel.); *Community Dental Services v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002) (Where the client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6).); *United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977) (an attorney's misconduct only rises to the level contemplated by Rule 60(b)(6) in cases of "constructive disappearance" or a similar inability to provide adequate representation.).

10. Here, the court considered the evidence presented during the April 9, 2010 hearing, and adopted the recommendation of the magistrate judge. Thereafter, plaintiff moved to reopen the case to submit additional evidence on the issue of damages, the court granted the motion, but declined to modify the judgment based upon untimely, hearsay evidence. In considering the actions of Martin, the court cannot conclude that his performance, or his alleged deficient performance, constitutes "extraordinary circumstances" justifying Rule 60(b)(6) relief. Therefore, the court will deny the motion.

11. **Reconsideration**. Plaintiff also seeks reconsideration of the court's September 20, 2011 judgment awarding damages. The standard for obtaining relief under Rule 59(e) is also difficult for plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new

evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

12. A litigant has twenty-eight days from the entry of the order being challenged in which to file a motion for reconsideration. *See* Fed. R. Civ. P. 59(e); *Thomas v. Chase Bank and Affiliates*, 402 F. App'x 677, 678 (3d Cir. 2010) (not published). The court issued its judgment awarding damages on September 20, 2011. Plaintiff did not file his motion for reconsideration until March 19, 2012, some six months later and, therefore, the motion for reconsideration is untimely. In addition, after considering plaintiff's arguments, the court finds that he has not demonstrated any of the grounds necessary to warrant reconsideration. Therefore, the court will deny the motion for reconsideration.

_____
UNITED STATES DISTRICT JUDGE